**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **DONALD A. KING and THE** ) <br> **DUSTIN INMAN SOCIETY, INC.,** ) <br> ) <br>     **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> **THE SOUTHERN POVERTY** ) <br> **LAW CENTER, INC.,** ) <br> ) <br>     **Defendant.** ) | **CIVIL ACTION NO.** <br><br> **2:22-cv-207-WKW-JTA** |

**REPORT OF THE PARTIES' PLANNING MEETING**

1. The following persons participated in the Rule 26(f) conference on May 10-12 and 15, 2023 via email correspondence and further telephone conversations between some of the attorneys below:

   James R. McKoon, Jr. representing Plaintiffs The Dustin Inman Society, Inc., and Donald A. King.

   Chad Bowman, Shannon Holliday, Maxwell Mishkin, and Robert D. Segall representing Defendant Southern Poverty Law Center, Inc.

2. Initial Disclosures.  The parties will complete the initial disclosures required by Rule 26(a)(1) within **thirty (30) days after entry of the Scheduling Order**.  The parties agree to provide copies of documents identified and/or disclosed pursuant to Rule 26(a)(1) contemporaneously with the disclosures, subject to Section 3(c) to the extent such materials include documents subject to a protective order.  The parties agree the disclosures may be exchanged electronically via e-mail or file-sharing system.

3. Discovery Plan.  The parties propose this discovery plan:

   (a) Discovery will be needed on any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within the scope of discovery need not be admissible in evidence to be discoverable.

1

(b) Discovery shall be completed no later than **February 7, 2024**.  Given the nature of this litigation, it is impossible for counsel to fully anticipate the scope of discovery necessary to prepare this case for trial.  To the extent that a party requires additional discovery beyond the limits contemplated in this report, the parties propose that they be allowed, as the need arises and for good cause shown, to come before the Court to request modification of the proposed discovery limits.

(c) The parties contemplate that discovery may call for production of documents containing confidential business information, financial data, or unpublished journalistic work product, and anticipate jointly submitting to the court a proposed protective order regarding same.

(d) Disclosure or discovery of electronically stored information will be handled as follows:

When ESI is responsive to a discovery request or appropriately the subject of mandatory disclosure, the parties agree that reasonably accessible ESI may be produced in hard copy, .tif, .pdf, or other electronic format, at the option of the producing party.  If, however, a party identifies a specific concern about whether a particular item of ESI is authentic or has been altered, then the producing party, if possible, should produce that item of ESI in a form with related metadata, if any, unless the producing party obtains a protective order from the Court in which the Court relieves the producing party of this obligation.  Any such production in that manner would be at the cost of the requesting party.

For situations not covered by the language above, if any issue arises, the parties agree to convene a conference to discuss ways to cooperate regarding the request so that the request will not create an undue burden on the party to which the request is directed.

In making requests, the parties agree that such requests will be specifically tailored with respect to search terms, date ranges, and custodians.

(e) The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation of material asserted after production, as follows:

If information is produced in discovery that is subject to a claim of privilege or protection as trial-preparation material, then the party making the claim should notify any party that received the information of the claim and the basis for it.  After being notified, unless there has been an undue delay in the assertion of the claim, the receiving party will promptly return, sequester, or destroy the specified information and any copies thereof and is prohibited from using or disclosing the information.  If there has been an undue delay in the assertion of the claim, then the receiving party may promptly present the information to the Court under seal for a determination of the claim.  In such situation, the receiving party is prohibited from using or disclosing

the information unless determination of waiver is made by the Court.  If a receiving party disclosed the information before being notified of the claim, it must take reasonable steps to retrieve the information and any copies thereof from anyone to whom the information was disclosed.

The parties agree that documents or other discovery materials that are produced and contain privileged information or attorney work product shall be immediately returned to the original sender if the documents or materials appear on their face to have been inadvertently produced.  Furthermore, the production of any document or other discovery material by a party shall be without prejudice to any claim that the material is privileged or protected from discovery as work product under the Federal Rules of Civil Procedure and the Federal Rules of Evidence, and no party shall be held to have waived any rights or privilege or work product by such production.

(f) Each party may serve on any other party no more than forty (40) written interrogatories.  The parties acknowledge that the limit on interrogatories provides for counting discrete subparts as separate interrogatories as provided by Federal Rule of Civil Procedure 33(a)(1).  Answers are due thirty (30) days after service.  The parties consent to electronic service of requests and responses.

(g) Each party may serve a maximum of forty (40) requests for admission upon any other party.  Answers are due thirty (30) days after service. The parties consent to electronic service of requests and responses.

(h) Each party may take a maximum of ten (10) depositions.  Additionally, the parties agree that either may seek permission of Court if additional depositions are deemed necessary. Should any party wish to use a deposition in this case that was taken in connection with another case, the party must identify the pertinent section of the deposition in a timely way in connection with Rule 26(a)(1) disclosures and make a copy of the full deposition transcript and exhibits thereto available to the other parties upon request.

(i) Absent agreement of the parties or leave of Court, each deposition shall be limited to a maximum of one day of seven (7) hours, excluding break time.

(j) Reports from retained experts under Rule 26(a)(2) are due:

   a. From Plaintiff: **December 8, 2023.**
   b. From Defendant: **January 8, 2024.**

(k) Each party shall provide the supplementation required by Rule 26(e) fifteen (15) days after notice, but **not later than forty (40) days before the close of discovery**, or as soon as reasonably possible after the information and documents are discovered.

(l) The parties agree to service by email for pleadings and discovery in this matter. In addition, the Parties agree to delivery through file-sharing systems of documents produced in discovery.

(m) Any party wishing to serve a subpoena for documents or things on a third party shall give notice of the subpoena to the opposing party **seven (7) days** before the subpoena is to issue to allow the opposing party an opportunity to raise any applicable objections. In the event any objections are raised, the subpoena shall not be issued and the parties agree to confer in good faith to reach a resolution of the objection. If no resolution on the objection can be reached by the parties, the party objecting to the subpoena may file a motion for protective order relating to the subpoena, and the party wishing to issue the subpoena agrees not to serve the subpoena unless the motion for protective order is denied.

(n) The parties agree that with respect to responding to requests for production, they will produce copies of responsive and unprivileged documents contemporaneous with the responses or at a date certain as soon thereafter as practicable.

4. Other items:

   (a) The parties do not request a meeting with the court before the issuance of a scheduling order unless the court is inclined to set the matter on an earlier trial term than the one proposed.

   (b) The parties suggest a pretrial conference approximately **forty-two (42) days prior to trial**.

   (c) The parties suggest that the deadline for plaintiff to amend pleadings or join parties be on or before **seventy-five (75) days after entry of the Scheduling Order**.

   (d) The parties suggest that the deadline for the defendant to amend pleadings or join parties be on or before **one hundred and five (105) days after entry of the Scheduling Order**.

   (e) The parties suggest a deadline for the filing of dispositive motions of **March 8, 2024.**

   (f) The parties believe that at least some discovery may be needed before the possibility of settlement or utility of mediation may be considered.

   (g) Final dates for submitting Rule 26(a)(3) witness lists, designation of witnesses whose testimony will be presented by deposition, and exhibits lists will be **forty-two (42) days prior to trial.**

(h) Parties should have **fourteen (14) days** after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

**(i)** The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions, together with citations of law thereon, on or before **twenty-one (21) days before trial.** Objections to motions in limine, fully briefed, must be filed on or before **fourteen (14) days before trial**.

(j) The parties suggest a trial setting in the term of court beginning in Montgomery, Alabama on **October 21, 2024**. The parties estimate that the trial will take five days.

Respectfully submitted this the 15th day of May, 2023.

| | |
|---|---|
| /s/ James R. McKoon, Jr.  (*CRB w/ permission*)<br>James R. McKoon, Jr.<br>State Bar No. MCK020<br>MCKOON & GAMBLE<br>Post Office Box 3220<br>Phenix City, Alabama 36868<br>Telephone: 334-297-2300<br>Facsimile: 334-297-2777<br>Email: jrmckoon@aol.com<br><br>**Attorneys for Plaintiffs Donald A. King and The Dustin Inman Society, Inc.** | Shannon L. Holliday [ASB-5440-Y77S]<br>Robert D. Segall [ASB-7354-E68R]<br>COPELAND, FRANCO, SCREWS & GILL, P.A.<br>Post Office Box 347<br>Montgomery, AL  36101-0347<br>Telephone:  334-834-1180<br>Facsimile:  334-834-3172<br>Email:  holliday@copelandfranco.com<br>Email:  segall@copelandfranco.com<br><br> /s/ Chad R. Bowman<br>Chad R. Bowman (*pro hac vice*)<br>Maxwell S. Mishkin (*pro hac vice*)<br>BALLARD SPAHR LLP<br>1909 K Street NW, 12th Floor<br>Washington, DC 20006<br>Telephone:  202-661-2200<br>Facsimile:  202-661-2299<br>Email:  bowmanchad@ballardspahr.com<br>Email:  mishkinm@ballardspahr.com<br><br>**Attorneys for Defendant**<br>**The Southern Poverty Law Center, Inc.** |