UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
Northern Division

| | |
|---|---|
| DONALD KING, *et al*., <br><br> Plaintiffs; <br><br> v. <br><br> SOUTHERN POVERTY LAW CENTER, INC., <br><br> Defendant. | 2:22-cv-00207-CLM-JTA |

**JOINT NOTICE REGARDING DISCOVERY CONFERENCES**

Pursuant to the Court's Order on Plaintiffs' Motion to Compel Discovery (Dkt. 76), counsel for the Parties met through two telephone conferences to discuss the matters addressed in the Order. Between and after the conferences, the Parties further discussed their positions and compromise offers through multiple emails and drafts of this Joint Notice.

| Overview of Discovery Conferences | |
|---|---|
| Parties / Attorneys Present at Conference | **For Plaintiffs**: <br><br> Horatio G. Mihet <br> Todd V. McMurtry <br><br> **For Defendant**: <br><br> Chad R. Bowman <br> Lauren P. Russell |

| Dates of Conferences: | September 4 and 19, 2024 |
| Type of Conferences: | Telephone |
| Combined Length of Conferences: | 1 hour and 20 minutes |

During the conferences, the Parties discussed each discovery request at issue and discussed Defendant's specific objections to that discovery request. Counsel also discussed ways to compromise on the disputes, including potential stipulations, potential safeguards under the protective order (Dkt. No. 50), and parameters that would narrow the scope of the requests.

The parties were able to resolve only some of their disputes as to some of Plaintiffs' pending discovery requests and Defendant's objections thereto. Pursuant to the Court's instructions, the parties have jointly prepared the following Discovery Chart, summarizing only the disputes that still remain and that necessitate the Court's guidance and resolution.

At a general and fundamental level, despite exchanging various alternative proposals, the parties were not able to agree as to the Relevant Period that should govern Defendant's document collection and production, nor the proper scope of discovery—specifically whether Defendant's assertion of the Reporter's Privilege and overbreadth, undue burden and proportionality objections are appropriate. The Discovery Chart summarizes how these unresolved objections impact the various pending discovery requests.

If the Court requires or desires additional information, clarification, or argument, the parties stand ready to provide it, either through further submissions or perhaps through a status conference or oral argument, should the Court find that helpful.

## DISCOVERY CHART

| Discovery request at issue (list separately for each item in any request) | Movant's description of why item is discoverable | Respondent's specific objection | Respondent's last offered resolution of the discovery issue | Movant's last offered resolution of the discovery issue |
|---|---|---|---|---|
| **SPLC's Responses to Plaintiffs' First Request to Produce Documents (Dkt. No. 69-5)** | | | | |
| General Objection 2 (Dkt. 69-5 at 2) – Reporter's Privilege. | General objection is improper because it creates ambiguity as to what documents or information are being withheld. If the general objection is merely redundant of SPLC's specific objections, it should be withdrawn or overruled. If documents or information were withheld based on the general objection, the objection is improper for failure to identify the withheld material with specificity. *See, e.g., Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2014 WL 6473232, at *2 (S.D. Fla. Nov. 18, 2014) ("This Court, as well as many others, disfavors 'general objections' that fail to discuss deficiencies in specific discovery requests.") | SPLC does not believe that Plaintiffs' inclusion of General Objections in this chart is in compliance with the Court's Order stating that "Plaintiffs' counsel should name each <u>discovery request</u> at issue and discuss with Defendant's counsel their specific objections to that <u>discovery request</u>." | Plaintiffs do not provide a description of why any particular item is discoverable, and therefore SPLC cannot offer a resolution of this discovery issue. SPLC has offered to withdraw this general objection if plaintiffs agree that doing so does not waive their objections—such as to the relevant time period—as stated in the chart below in response to specific requests. | Requested withdrawal of general objection. SPLC's offer to withdraw this general objection is not sufficient, because SPLC is attempting now to include new specific objections in this chart that it did not include in its written discovery responses, served many months ago. For the reasons explained below wherever these new objections are lodged, they are waived. |

| Discovery request at issue (list separately for each item in any request) | Movant's description of why item is discoverable | Respondent's specific objection | Respondent's last offered resolution of the discovery issue | Movant's last offered resolution of the discovery issue |
|---|---|---|---|---|
| General Objection 5 (Dkt. 69-5 at 2) – overbreadth, burden, relevance, proportionality. | General objection is improper because it creates ambiguity as to what documents or information are being withheld. If the general objection is merely redundant of SPLC's specific objections, it should be withdrawn or overruled. If documents or information were withheld based on the general objection, the objection is improper for failure to identify the withheld material with specificity. *See, e.g., Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2014 WL 6473232, at *2 (S.D. Fla. Nov. 18, 2014) ("This Court, as well as many others, disfavors 'general objections' that fail to discuss deficiencies in specific discovery requests.") | SPLC does not believe that Plaintiffs' inclusion of General Objections in this chart is in compliance with the Court's Order stating that "Plaintiffs' counsel should name each <u>discovery request</u> at issue and discuss with Defendant's counsel their specific objections to that <u>discovery request</u>." Plaintiffs also do not provide a description of why any particular item is discoverable. | Plaintiffs do not provide a description of why any particular item is discoverable, and therefore SPLC cannot offer a resolution of this discovery issue. SPLC has offered to withdraw this general objection if plaintiffs agree that doing so does not waive their objections—such as to the relevant time period—as stated in the chart below in response to specific requests. | Requested withdrawal of general objection. SPLC's offer to withdraw this general objection is not sufficient, because SPLC is attempting now to include new specific objections in this chart that it did not include in its written discovery responses, served many months ago. For the reasons explained below wherever these new objections are lodged, they are waived. |

| Discovery request at issue (list separately for each item in any request) | Movant's description of why item is discoverable | Respondent's specific objection | Respondent's last offered resolution of the discovery issue | Movant's last offered resolution of the discovery issue |
|---|---|---|---|---|
| Definitional Objection 10 (Dkt. 69-5 at 3) – Relevant Period. | General objection is improper because it creates ambiguity as to what documents or information are being withheld. If the general objection is merely redundant of SPLC's specific objections, it should be withdrawn or overruled. If documents or information were withheld based on the general objection, the objection is improper for failure to identify the withheld material with specificity. *See, e.g., Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2014 WL 6473232, at *2 (S.D. Fla. Nov. 18, 2014) ("This Court, as well as many others, disfavors 'general objections' that fail to discuss deficiencies in specific discovery requests.") | SPLC does not believe that Plaintiffs' inclusion of General Objections in this chart is in compliance with the Court's Order stating that "Plaintiffs' counsel should name each <u>discovery request</u> at issue and discuss with Defendant's counsel their specific objections to that <u>discovery request</u>." Plaintiffs also do not provide a description of why any particular item is discoverable. | Plaintiffs do not provide a description of why any particular item is discoverable, and therefore SPLC cannot offer a resolution of this discovery issue. SPLC has offered to withdraw this general objection if plaintiffs agree that doing so does not waive their objections—such as to the relevant time period—as stated in the chart below in response to specific requests. | Requested withdrawal of general objection. SPLC's offer to withdraw this general objection is not sufficient, because SPLC is attempting now to include new specific objections in this chart that it did not include in its written discovery responses, served many months ago. For the reasons explained below wherever these new objections are lodged, they are waived. |

| | | | | |
|---|---|---|---|---|
| RFP 1 (Dkt. 69-5 at 9) – documents concerning the establishment, modification, and execution of Hatewatch program. | The information is **relevant** to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3).<br><br>SPLC's continued **overbreadth, burden and proportionality** objections regarding "hundreds of thousands of groups" do not engage with Plaintiffs' offer to substantially narrow the request to cover only **immigration** groups tracked by SPLC since 2011. SPLC does not even state how many immigration groups it tracked in this time period, let alone establish with evidence why the narrowed request still imposes undue burden.<br><br>These objections are also insufficient because they are not "substantiate[d] … with detailed affidavits or other evidence establishing undue burden;" they lack "a particular and specific demonstration of fact"; and they "rely on simple conclusory assertions about the difficulty of complying," | **Relevance**: The "establishment, modification, and execution of the Hatewatch program," and SPLC's investigation of other extremist groups within the Hatewatch program, is not relevant to whether SPLC published the challenged statements about Plaintiffs with actual malice fault, which considers whether the individuals responsible for the challenged statements acted with knowledge that they were false or with reckless disregard of whether they were false or not.<br><br>**Overbreadth, burden and proportionality**: The Hatewatch program has monitored the activities of hundreds of thousands of groups affiliated with the Radical Right since its foundation in 1981, originally as "Klanwatch," and this RFP encompasses potentially millions of records that are irrelevant to any of the publications challenged in this lawsuit.<br><br>**Reporter's Privilege**: Any unpublished newsgathering information gathered for | For documents concerning "establishment and modification of the Hatewatch program generally," SPLC directs Plaintiffs to its publicly available content online, including at the following links:<br><br>• https://www.splcenter.org/issues/hate-and-extremism;<br>• https://www.splcenter.org/20220216/frequently-asked-questions-about-hate-and-antigovernment-groups;<br>• https://www.splcenter.org/about-us/our-history/splc-history-1980s.<br><br>SPLC maintains its objections that the request for unpublished materials concerning the "establishment and modification" of the Hatewatch program, *established 45 years ago*, is overly broad, unduly burdensome, not proportionate to the needs of the case, would not produce materials relevant to this disputes, and the materials are protected by the Reporter's Privilege.<br><br>During the September 19 meet and confer, counsel for | Proposed narrowing of request to cover only establishment and modification of the Hatewatch program and, as to execution of the program, to cover only **immigration** groups tracked by SPLC between January 1, 2011 and the present.<br><br>SPLC's offered resolution to simply point Plaintiffs to "publicly available content online" is not sufficient because discovery cannot be limited to publicly available materials. Rule 26(b)(1) allows for discovery of internal and non-public materials relevant to claims or defenses.<br><br>SPLC's offered resolution to provide "general" 30(b)(6) deposition testimony is not sufficient because it deprives Plaintiffs of the opportunity to prepare with documentary evidence in advance of |

| | | | |
|---|---|---|---|
| | even though "[a] mere showing of burden and expense is not enough." *Coker v. Duke & Co.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998).<br><br>SPLC's belated promise to "submit additional evidence" in the future to substantiate its conclusory objections is insufficient and improper, because SPLC had the burden to fully substantiate each of its objections when it first lodged them, many months ago. *See, e.g., Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 591 (N.D. Tex. 2017) ("And, even where the responding party has timely served some objections, this waiver extends to any grounds not stated in a timely objection.")<br><br>SPLC' **Reporter Privilege** objection does not apply for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 18-28), and in Plaintiffs' Reply brief (dkt. 75 at 9-14). | Hatewatch investigations or publications that are not challenged in this lawsuit is protected by the First Amendment Reporter's Privilege.<br><br>SPLC provided the specific bases for each objection in its initial response to this RFP, and Plaintiffs' Motion to Compel only broadly challenges SPLC's Reporter's Privilege objections. SPLC's Opposition, in turn, argues Plaintiffs seek irrelevant and privileged information. SPLC will submit additional evidence in support of its overbreadth, burden and proportionality objections to this specific RFP if that will assist the Court in deciding Plaintiffs' Motion. | Plaintiffs clarified that through their proposed resolution, they seek all unpublished materials about any immigration group SPLC has monitored as part of the Hatewatch program since 2011. This resolution still seeks discovery that is irrelevant information to the disputes, is overly broad, unduly burdensome, not proportionate to the needs of the case, and protected by the Reporter's Privilege.<br><br>As an offered resolution, Respondent states its 30(b)(6) deponent will be prepared to testify generally on SPLC's institutional knowledge regarding the establishment and modification of the Hatewatch program. | the deposition; to fully cross-examine the witness; and to impeach self-serving testimony with contradictory documents. *See, e.g., Pouliot v. Paul Arpin Van Lines, Inc.*, 2004 WL 1368869, at *2 (D. Conn. June 14, 2004) ("numerous courts have held that party may not incorporate deposition testimony or otherwise rely on future testimony" in lieu of responding completely to written discovery) (collecting cases). |

| | | | | |
|---|---|---|---|---|
| RFP 2 (Dkt. 69-5 at 10) – documents concerning the establishment, modification, and execution of Intelligence Project. | The information is relevant to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3).<br><br>SPLC's continued **overbreadth, burden and proportionality** objections regarding "hundreds of thousands of groups" do not engage with Plaintiffs' offer to substantially narrow the request to cover only **immigration** groups tracked by SPLC since 2011. SPLC does not even state how many immigration groups it tracked in this time period, let alone establish with evidence why the narrowed request still imposes undue burden.<br><br>These objections are also insufficient because they are not "substantiate[d] … with detailed affidavits or other evidence establishing undue burden;" they lack "a particular and specific demonstration of fact"; and they "rely on simple conclusory assertions about the difficulty of complying," | **Relevance**: The "establishment, modification, and execution of the Intelligence Project," and the Intelligence Project's investigation of other extremist groups for its publications, is not relevant to whether SPLC published the challenged statements about Plaintiffs with actual malice, which considers whether the individuals responsible for the challenged statements acted with knowledge that they were false or with reckless disregard of whether they were false or not.<br><br>**Overbreadth, burden and proportionality**: The Intelligence Project has monitored the activities of hundreds of thousands of groups affiliated with the Radical Right since its foundation in 1981, originally as "Klanwatch," and this RFP encompasses potentially millions of records that are irrelevant to any of the publications challenged in this lawsuit.<br><br>**Reporter's Privilege**: Any unpublished newsgathering information gathered for | For documents concerning "establishment and modification of the Intelligence Project generally," SPLC directs Plaintiffs to its publicly available content online, including at the following links:<br><br>• https://www.splcenter.org/issues/hate-and-extremism;<br>• https://www.splcenter.org/20220216/frequently-asked-questions-about-hate-and-antigovernment-groups;<br>• https://www.splcenter.org/about-us/our-history/splc-history-1980s.<br><br>SPLC maintains its objections that the request for unpublished materials concerning the "establishment and modification" of the Intelligence Project, established 45 years ago, is overly broad, unduly burdensome, not proportionate to the needs of the case, would not produce materials relevant to this disputes, and the materials are protected by the Reporter's Privilege. | Proposed narrowing of request to cover only establishment and modification of the Intelligence Project generally; and, as to execution of the project, to cover only **immigration** groups tracked by SPLC between January 1, 2011 and the present.<br><br>SPLC's offered resolution to simply point Plaintiffs to "publicly available content online" is not sufficient because discovery cannot be limited to publicly available materials. Rule 26(b)(1) allows for discovery of internal and non-public materials relevant to claims or defenses.<br><br>SPLC's offered resolution to provide "general" 30(b)(6) deposition testimony is not sufficient because it deprives Plaintiffs of the opportunity to prepare with documentary evidence in advance of |

| | | | |
|---|---|---|---|
| | even though "[a] mere showing of burden and expense is not enough." *Coker v. Duke & Co.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998).<br><br>SPLC's belated promise to "submit additional evidence" in the future to substantiate its conclusory objections is insufficient and improper, because SPLC had the burden to fully substantiate each of its objections when it first lodged them, many months ago. *See, e.g., Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 591 (N.D. Tex. 2017) ("And, even where the responding party has timely served some objections, this waiver extends to any grounds not stated in a timely objection.")<br><br>SPLC' **Reporter Privilege** objection does not apply for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 18-28), and in Plaintiffs' Reply brief (dkt. 75 at 9-14). | Intelligence Project investigations or publications that are not challenged in this lawsuit is protected by the First Amendment Reporter's Privilege.<br><br>SPLC provided the specific bases for each objection in its initial response to this RFP, and Plaintiffs' Motion to Compel only broadly challenges SPLC's Reporter's Privilege objections. SPLC's Opposition, in turn, argues Plaintiffs seek irrelevant and privileged information. SPLC will submit additional evidence in support of its overbreadth, burden and proportionality objections to this specific RFP if that will assist the Court in deciding Plaintiffs' Motion. | During the September 19 meet and confer, counsel for Plaintiffs clarified that through their proposed resolution, they seek all unpublished materials about any immigration group the Intelligence Project has monitored since 2011. This resolution still seeks discovery that is irrelevant information to the disputes, is overly broad, unduly burdensome, not proportionate to the needs of the case, and protected by the Reporter's Privilege.<br><br>As an offered resolution, Respondent states its 30(b)(6) deponent will be prepared to testify generally on SPLC's institutional knowledge regarding the establishment and modification of the Intelligence Project. | the deposition; to fully cross-examine the witness; and to impeach self-serving testimony with contradictory documents. *See, e.g., Pouliot v. Paul Arpin Van Lines, Inc.*, 2004 WL 1368869, at *2 (D. Conn. June 14, 2004) ("numerous courts have held that party may not incorporate deposition testimony or otherwise rely on future testimony" in lieu of responding completely to written discovery) (collecting cases). |

| RFP 3 (Dkt. 69-5 at 11) – documents concerning the establishment, modification, and execution of the Hate Map. | The information is relevant to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3).<br><br>SPLC's continued **overbreadth, burden and proportionality** objections regarding "thousands of organizations" do not engage with Plaintiffs' offer to substantially narrow the request to cover only **immigration** groups tracked by SPLC since 2011. SPLC does not even state how many immigration groups it tracked in this time period, let alone establish with evidence why the narrowed request still imposes undue burden.<br><br>These objections are also insufficient because they are not "substantiate[d] … with detailed affidavits or other evidence establishing undue burden;" they lack "a particular and specific demonstration of fact"; and they "rely on simple conclusory assertions about the difficulty of complying," | **Relevance**: The "establishment, modification, and execution of the Hate Map," and the designation of thousands of organizations as hate groups on the Hate Map, is not relevant to whether SPLC published the challenged DIS Designation or Redesignations with actual malice, which considers whether the individuals responsible for the challenged statements acted with knowledge that they were false or with reckless disregard of whether they were false or not.<br><br>**Overbreadth, burden and proportionality**: SPLC's Hate Map lists thousands of organizations as hate groups annually, and this Request encompasses millions of records that are irrelevant to the Challenged Publications.<br><br>**Reporter's Privilege**: Any unpublished newsgathering information gathered for the purpose of considering Hate Group designations that are not party to this lawsuit is protected by the First Amendment Reporter's Privilege. | Plaintiff's proposal would not narrow this RFP, as SPLC first published the Hate Map more than 20 years ago and updates the Hate Map annually. SPLC's annual map updates are accessible at the following link:<br><br>- https://www.splcenter.org/hate-map<br><br>During the September 19 meet and confer, counsel for Plaintiffs clarified that through their proposed resolution, they seek all unpublished materials about any immigration group SPLC has monitored as part of the Hate Map publication since 2011. This resolution still seeks discovery that is irrelevant information to the disputes, is overly broad, unduly burdensome, not proportionate to the needs of the case, and protected by the Reporter's Privilege.<br><br>As an offered resolution, Respondent states its 30(b)(6) deponent will be prepared to testify generally on SPLC's institutional knowledge regarding the establishment and modification of the Hate Map. | Proposed narrowing of request to cover only establishment and modification of the Hate Map generally; and, as to execution of the project, to cover only **immigration** groups tracked by SPLC between January 1, 2011 and the present.<br><br>SPLC's offered resolution to simply point Plaintiffs to its online Hate Map is not sufficient because discovery cannot be limited to publicly available materials. Rule 26(b)(1) allows for discovery of internal and non-public materials relevant to claims or defenses.<br><br>SPLC's offered resolution to provide "general" 30(b)(6) deposition testimony is not sufficient because it deprives Plaintiffs of the opportunity to prepare with documentary evidence in advance of the deposition; to fully cross-examine the |

| | even though "[a] mere showing of burden and expense is not enough." *Coker v. Duke & Co.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998).<br><br>SPLC's belated promise to "submit additional evidence" in the future to substantiate its conclusory objections is insufficient and improper, because SPLC had the burden to fully substantiate each of its objections when it first lodged them, many months ago. *See, e.g.*, *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 591 (N.D. Tex. 2017) ("And, even where the responding party has timely served some objections, this waiver extends to any grounds not stated in a timely objection.")<br><br>SPLC' **Reporter Privilege** objection does not apply for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 18-28), and in Plaintiffs' Reply brief (dkt. 75 at 9-14). | SPLC provided the specific bases for each objection in its initial response to this RFP, and Plaintiffs' Motion to Compel only broadly challenges SPLC's Reporter's Privilege objections. SPLC's Opposition, in turn, argues Plaintiffs seek irrelevant and privileged information. SPLC will submit additional evidence in support of its overbreadth, burden and proportionality objections to this specific RFP if that will assist the Court in deciding Plaintiffs' Motion. | | witness; and to impeach self-serving testimony with contradictory documents. *See, e.g.*, *Pouliot v. Paul Arpin Van Lines, Inc.*, 2004 WL 1368869, at *2 (D. Conn. June 14, 2004) ("numerous courts have held that party may not incorporate deposition testimony or otherwise rely on future testimony" in lieu of responding completely to written discovery) (collecting cases). |

| RFP 4 (Dkt. 69-5 at 12) – documents concerning Plaintiff Dustin Inman Society. | The information is relevant to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3).<br><br>SPLC's admission that it has tracked Plaintiff "for more than 15 years" directly raises the issue of what SPLC knew about Plaintiff in the multiple years in which it tracked Plaintiff but chose not to defame Plaintiff; what, if anything, changed so abruptly; and what doubts the SPLC harbored in light of its earlier monitoring of Plaintiff.<br><br>SPLC has waived the **proportionality** objection by not stating it in its written response to RFP 4. *See, e.g., Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 591 (N.D. Tex. 2017) ("And, even where the responding party has timely served some objections, this waiver extends to any grounds not stated in a timely objection.") | SPLC has only maintained objections to and withheld electronic communications prior to January 1, 2017 about Dustin Inman Society, which it does on grounds of **relevance** (these communications are not relevant to the investigation or publication of the DIS Hate Group Designation or Redesignations or the Extremist Profile, and is not relevant to whether the individuals responsible for the challenged statements published with knowledge that the statements were false or with reckless disregard of whether they were false or not);<br><br>**overbreadth, burden and proportionality** (the communications sought are 7-13 years old, and search and production would be unduly burdensome and not proportionate to the needs of the case).<br><br>SPLC provided the specific bases for each objection in its initial response to this RFP, and Plaintiffs' Motion to Compel only broadly challenges SPLC's Reporter's | SPLC believes it has fulfilled this RFP within its Federal Rules obligations. SPLC has produced all electronic communications from the designated custodians about DIS from January 1, 2017 to March 31, 2021, which encompasses all communications related to the SPLC Designation and Redesignations, as well as the challenged Extremist Profile about DIS; all unpublished documents compiled in its files on DIS regardless of the document date, including in the Beholder database, which SPLC archived in 2017, and Dossier database, which it used to store information about extremist groups from 2017 to 2023; and all online SPLC publications about DIS, regardless of the publication date. | Requested production of all documents (published and unpublished) concerning Plaintiffs between January 1, 2011 and the present, because SPLC admits that it "has monitored Plaintiffs and written about their extremist language and work for more than 15 years." Dkt. 72 at 7.<br><br>SPLC's contention that "it has fulfilled this RFP" is refuted by its concurrent admission that it has limited its production to 2017-present, notwithstanding its tracking of Plaintiffs "for more than 15 years," and by its admission that it has "withheld electronic communications prior to January 1, 2017." |

| Discovery request at issue (list separately for each item in any request) | Movant's description of why item is discoverable | Respondent's specific objection | Respondent's last offered resolution of the discovery issue | Movant's last offered resolution of the discovery issue |
|---|---|---|---|---|
| | SPLC's conclusory **overbreadth, burden and proportionality** objections are insufficient because SPLC has not "substantiate[d] … with detailed affidavits or other evidence" how going back an additional six years (to 2011) makes compliance burdensome. *Coker*, 177 F.R.D. at 686.<br><br>SPLC's belated promise to "submit additional evidence" in the future to substantiate its conclusory objections is insufficient and improper, because SPLC had the burden to fully substantiate each of its objections when it first lodged them, many months ago. *See, e.g., Samsung Elecs. Am. Inc.*, 325 F.R.D. at 591. | Privilege objections. SPLC's Opposition, in turn, argues Plaintiffs seek irrelevant and privileged information. SPLC will submit additional evidence in support of its overbreadth, burden and proportionality objections to this specific RFP if that will assist the Court in deciding Plaintiffs' Motion. | | |

| RFP 5 (Dkt. 69-5 at 12) – documents concerning Plaintiff Donald King. | The information is relevant to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3).<br><br>SPLC's admission that it has tracked Plaintiff "for more than 15 years" directly raises the issue of what SPLC knew about Plaintiff in the multiple years in which it tracked Plaintiff but chose not to defame Plaintiff; what, if anything, changed so abruptly; and what doubts the SPLC harbored in light of its earlier monitoring of Plaintiff.<br><br>SPLC has waived the **proportionality** objection by not stating it in its written response to RFP 5. *See, e.g., Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 591 (N.D. Tex. 2017) ("And, even where the responding party has timely served some objections, this waiver extends to any grounds not stated in a timely objection.") | SPLC has only maintained objections to and withheld electronic communications prior to January 1, 2017 about King, which it does on grounds of **relevance** (these communications are not relevant to the investigation or publication of the DIS Hate Group Designation or Redesignations or the Extremist Profile, and is not relevant to whether the individuals responsible for the challenged statements published with knowledge that the statements were false or with reckless disregard of whether they were false or not);<br><br>**overbreadth, burden and proportionality** (the communications sought are 7-13 years old, and search and production would be unduly burdensome and not proportionate to the needs of the case).<br><br>SPLC provided the specific bases for each objection in its initial response to this RFP, and Plaintiffs' Motion to Compel only broadly challenges SPLC's Reporter's Privilege objections. SPLC's | SPLC believes it has fulfilled this RFP within its Federal Rules obligations. SPLC has produced all electronic communications about King from January 1, 2017 to March 31, 2021, which encompasses all communications related to SPLC's decision to initially designate DIS as a Hate Group in early 2018 through the final challenged designation in 2021; all unpublished documents compiled in its files on King regardless of the document date, including in the Beholder database, which SPLC archived in 2017, and Dossier database, which it used to store information about extremist groups from 2017 to 2023; and all online SPLC publications about King, regardless of the publication date. | Requested production of all documents (published and unpublished) concerning Plaintiffs between January 1, 2011 and the present, because SPLC admits that it "has monitored Plaintiffs and written about their extremist language and work for more than 15 years." Dkt. 72 at 7.<br><br>SPLC's contention that "it has fulfilled this RFP" is refuted by its concurrent admission that it has limited its production to 2017-present, notwithstanding its tracking of Plaintiffs "for more than 15 years," and by its admission that it has "withheld electronic communications prior to January 1, 2017." |

| Discovery request at issue (list separately for each item in any request) | Movant's description of why item is discoverable | Respondent's specific objection | Respondent's last offered resolution of the discovery issue | Movant's last offered resolution of the discovery issue |
|---|---|---|---|---|
| | SPLC's conclusory **overbreadth, burden and proportionality** objections are insufficient because SPLC has not "substantiate[d] … with detailed affidavits or other evidence" how going back an additional six years (to 2011) makes compliance burdensome. *Coker*, 177 F.R.D. at 686.<br><br>SPLC's belated promise to "submit additional evidence" in the future to substantiate its conclusory objections is insufficient and improper, because SPLC had the burden to fully substantiate each of its objections when it first lodged them, many months ago. *See, e.g., Samsung Elecs. Am. Inc.*, 325 F.R.D. at 591 . | Opposition, in turn, argues Plaintiffs seek irrelevant and privileged information. SPLC will submit additional evidence in support of its overbreadth, burden and proportionality objections to this specific RFP if that will assist the Court in deciding Plaintiffs' Motion. | | |

| | | | | |
|---|---|---|---|---|
| RFP 9 (Dkt. 69-5 at 14) – documents concerning whether any fact SPLC published about Plaintiffs is true or false. | The information is relevant to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3).<br><br>SPLC's admission that it has tracked Plaintiff "for more than 15 years" directly raises the issue of what SPLC knew about Plaintiff in the multiple years in which it tracked Plaintiff but chose not to defame Plaintiff; what, if anything, changed so abruptly; and what doubts the SPLC harbored in light of its earlier monitoring of Plaintiff.<br><br>SPLC has waived the **proportionality** objection by not stating it in its written response to RFP 9. *See, e.g., Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 591 (N.D. Tex. 2017) ("And, even where the responding party has timely served some objections, this waiver extends to any grounds not stated in a timely objection.") | RFP 9 is subsumed by and duplicative of RFPs 4 and 5, and SPLC incorporates its objections to producing electronic communications about Plaintiffs dated prior to January 1, 2017 on the grounds of **relevance, overbreadth, burden and proportionality, and Reporter's Privilege** stated above.<br><br>SPLC provided the specific bases for each objection in its initial response to this RFP, and Plaintiffs' Motion to Compel only broadly challenges SPLC's Reporter's Privilege objections. SPLC's Opposition, in turn, argues Plaintiffs seek irrelevant and privileged information. SPLC will submit additional evidence in support of its overbreadth, burden and proportionality objections to this specific RFP if that will assist the Court in deciding Plaintiffs' Motion. | SPLC believes it has fulfilled this RFP within its Federal Rules obligations. SPLC has produced all electronic communications about Plaintiffs from January 1, 2017 to March 31, 2021, which encompasses all communications related to SPLC's decision to initially designate DIS as a Hate Group in early 2018 through the final challenged designation in 2021; all unpublished documents compiled in its files on Plaintiffs regardless of the document date, including in the Beholder database, which SPLC archived in 2017, and Dossier database, which it used to store information about extremist groups from 2017 to 2023; and all online SPLC publications about Plaintiffs, regardless of the publication date. | Requested production of all documents (published and unpublished) concerning Plaintiffs between January 1, 2011 and the present, because SPLC admits that it "has monitored Plaintiffs and written about their extremist language and work for more than 15 years." Dkt. 72 at 7.<br><br>SPLC's contention that "it has fulfilled this RFP" is refuted by its concurrent admission that it has limited its production to 2017-present, notwithstanding its tracking of Plaintiffs "for more than 15 years," and by its admission that it has "withheld electronic communications prior to January 1, 2017." |

| Discovery request at issue (list separately for each item in any request) | Movant's description of why item is discoverable | Respondent's specific objection | Respondent's last offered resolution of the discovery issue | Movant's last offered resolution of the discovery issue |
|---|---|---|---|---|
| | SPLC's conclusory **overbreadth, burden and proportionality** objections are insufficient because SPLC has not "substantiate[d] … with detailed affidavits or other evidence" how going back an additional six years (to 2011) makes compliance burdensome. *Coker*, 177 F.R.D. at 686.<br><br>SPLC's belated promise to "submit additional evidence" in the future to substantiate its conclusory objections is insufficient and improper, because SPLC had the burden to fully substantiate each of its objections when it first lodged them, many months ago. *See, e.g., Samsung Elecs. Am. Inc.*, 325 F.R.D. at 591. | | | |

| RFP 10 (Dkt. 69-5 at 15) – documents concerning SPLC's basis for any opinions it published about Plaintiffs | The information is relevant to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3).<br><br>SPLC's admission that it has tracked Plaintiff "for more than 15 years" directly raises the issue of what SPLC knew about Plaintiff in the multiple years in which it tracked Plaintiff but chose not to defame Plaintiff; what, if anything, changed so abruptly; and what doubts the SPLC harbored in light of its earlier monitoring of Plaintiff.<br><br>SPLC has waived the **proportionality** objection by not stating it in its written response to RFP 10. *See, e.g., Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 591 (N.D. Tex. 2017) ("And, even where the responding party has timely served some objections, this waiver extends to any grounds not stated in a timely objection.") | RFP 10 is subsumed by and duplicative of RFPs 4 and 5, and SPLC incorporates its objections to producing electronic communications about Plaintiffs dated prior to January 1, 2017 on the grounds of **relevance, overbreadth, burden and proportionality, and Reporter's Privilege** stated above.<br><br>SPLC also objects on the grounds of **attorney-client privilege and work product** (communications about Plaintiffs with counsel for the purpose of obtaining or providing legal advice are privileged); **vague and ambiguous** (Plaintiffs don't identify "any opinions [SPLC] published about Plaintiffs").<br><br>SPLC provided the specific bases for each objection in its initial response to this RFP, and Plaintiffs' Motion to Compel only broadly challenges SPLC's Reporter's Privilege objections. SPLC's Opposition, in turn, argues Plaintiffs seek irrelevant and privileged information. SPLC | SPLC believes it has fulfilled this RFP within its Federal Rules obligations. SPLC has produced all electronic communications about Plaintiffs from January 1, 2017 to March 31, 2021, which encompasses all communications related to SPLC's decision to initially designate DIS as a Hate Group in early 2018 through the final challenged designation in 2021; all unpublished documents compiled in its files on Plaintiffs regardless of the document date, including in the Beholder database, which SPLC archived in 2017, and Dossier database, which it used to store information about extremist groups from 2017 to 2023; and all online SPLC publications about Plaintiffs, regardless of the publication date. Any electronic communications prior to January 1, 2017 pertaining to "any opinions [SPLC] published about Plaintiffs" is not relevant to this legal dispute. | Requested production of all documents (published and unpublished) concerning Plaintiffs between January 1, 2011 and the present, because SPLC admits that it "has monitored Plaintiffs and written about their extremist language and work for more than 15 years." Dkt. 72 at 7.<br><br>Plaintiffs also clarified they are only seeking non-privileged materials, and are not (at this time) seeking production of any privileged document properly logged on SPLC's privilege log. SPLC has **not** certified that it has produced all non-privileged responsive documents.<br><br>SPLC's contention that "it has fulfilled this RFP" is refuted by its concurrent admission that it has limited its production to 2017-present, notwithstanding its tracking of Plaintiffs |

| | | | |
|---|---|---|---|
| | SPLC's conclusory **overbreadth, burden and proportionality** objections are insufficient because SPLC has not "substantiate[d] … with detailed affidavits or other evidence" how going back an additional six years (to 2011) makes compliance burdensome. *Coker*, 177 F.R.D. at 686.<br><br>SPLC's belated promise to "submit additional evidence" in the future to substantiate its conclusory objections is insufficient and improper, because SPLC had the burden to fully substantiate each of its objections when it first lodged them, many months ago. *See, e.g.*, *Samsung Elecs. Am. Inc.*, 325 F.R.D. at 591.<br><br>SPLC' **Reporter Privilege** objection does not apply for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 18-28), and in Plaintiffs' Reply brief (dkt. 75 at 9-14).<br><br>SPLC's **vague and ambiguous** objection is without merit because SPLC knows, or should know, or can reasonably ascertain, | will submit additional evidence in support of its overbreadth, burden and proportionality objections to this specific RFP if that will assist the Court in deciding Plaintiffs' Motion. | | "for more than 15 years," and by its admission that it has "withheld electronic communications prior to January 1, 2017." |

| Discovery request at issue (list separately for each item in any request) | Movant's description of why item is discoverable | Respondent's specific objection | Respondent's last offered resolution of the discovery issue | Movant's last offered resolution of the discovery issue |
|---|---|---|---|---|
| | what opinions SPLC itself published about Plaintiffs. | | | |

| | | | | |
|---|---|---|---|---|
| RFP 11 (Dkt. 69-5 at 15-16) – documents concerning SPLC's policies, guidelines, criteria, analyses, opinions, deliberations, decisions, meetings, and other official or unofficial actions in locating, classifying, and designating an organization as a "hate group." | The information is relevant to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3).<br><br>Policies, guidelines, criteria, and deliberations are fundamental to understanding whether the application of those standards to Plaintiffs was done with actual malice. Evidence that SPLC has applied these criteria inconsistently (to Plaintiffs versus other groups) would be directly relevant.<br><br>SPLC's continued **overbreadth, burden and proportionality** objections regarding "thousands of organizations" do not engage with Plaintiffs' offer to substantially narrow the request to cover only **immigration** groups tracked by SPLC since 2011. These conclusory objections are likewise not properly "substantiate[d] … with detailed affidavits or other evidence establishing undue | **Relevance**: The Request for documents concerning "actions in locating, classifying, and designating an organization as a 'hate group,'" which encompasses documents pertaining to thousands of groups SPLC considers annually, is not relevant to whether SPLC published the challenged DIS Designation or Redesignations with actual malice, which considers whether the individuals responsible for the challenged statements acted with knowledge that they were false or with reckless disregard of whether they were false or not.<br><br>**Overbreadth, burden and proportionality**: SPLC designates thousands of organizations as hate groups annually, and this Request encompasses millions of records that are irrelevant to the Challenged Publications.<br><br>**Reporter's Privilege**: Any unpublished newsgathering information gathered for the purpose of considering Hate Group designations that are not party to this lawsuit is | SPLC has searched for and produced the only written guidance it has for identifying and categorizing hate groups for the relevant time period of January 1, 2017 to present: SPLC0009424- SPLC0009429, which is publicly available online at<br><br>• https://www.splcenter.org/news/2020/03/18/methodology-how-hate-groups-are-identified-and-categorized.<br><br>Any written policies or guidelines outside the time period are not relevant to this lawsuit.<br><br>In response to Plaintiffs' last offer to narrow this RFP to "deliberations and other actions, to cover only **immigration** groups," SPLC directs Plaintiffs to its published articles on Anti-Immigrant Hate Groups, including at the following links:<br><br>• https://www.splcenter.org/fighting-hate/extremist-files/ideology/anti-immigrant;<br><br>• https://www.splcenter.o | Proposed narrowing of request to cover only general policies, guidelines and criteria; and, as to specific analyses, opinions, deliberations and other actions, to cover only **immigration** groups the SPLC located, classified, and designated as "hate groups" between January 1, 2011 and the present.<br><br>SPLC's offered resolution to simply point Plaintiffs to its "published articles" is not sufficient because discovery cannot be limited to publicly available materials. Rule 26(b)(1) allows for discovery of internal and non-public materials relevant to claims or defenses.<br><br>SPLC's offered resolution to provide "general" 30(b)(6) deposition testimony is not sufficient because it deprives Plaintiffs of the opportunity to prepare |

| | | | |
|---|---|---|---|
| | burden." *Coker*, 177 F.R.D. at 686.<br><br>SPLC's belated promise to "submit additional evidence" in the future to substantiate its conclusory objections is insufficient and improper, because SPLC had the burden to fully substantiate each of its objections when it first lodged them, many months ago. *See, e.g.*, *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 591 (N.D. Tex. 2017) ("And, even where the responding party has timely served some objections, this waiver extends to any grounds not stated in a timely objection.")<br><br>SPLC' **Reporter Privilege** objection does not apply for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 18-28), and in Plaintiffs' Reply brief (dkt. 75 at 9-14). | protected by the First Amendment Reporter's Privilege.<br><br>SPLC provided the specific bases for each objection in its initial response to this RFP, and Plaintiffs' Motion to Compel only broadly challenges SPLC's Reporter's Privilege objections. SPLC's Opposition, in turn, argues Plaintiffs seek irrelevant and privileged information. SPLC will submit additional evidence in support of its overbreadth, burden and proportionality objections to this specific RFP if that will assist the Court in deciding Plaintiffs' Motion. | [rg/hate-map?ideology=anti-immigrant](rg/hate-map?ideology=anti-immigrant); [https://www.splcenter.org/fighting-hate/extremist-files/group/remembrance-project](https://www.splcenter.org/fighting-hate/extremist-files/group/remembrance-project);<br><br>• [https://www.splcenter.org/fighting-hate/extremist-files/group/american-border-patrolamerican-patrol](https://www.splcenter.org/fighting-hate/extremist-files/group/american-border-patrolamerican-patrol)<br><br>SPLC otherwise maintains its objections that a request for unpublished materials concerning any organizations it has designated as Anti-Immigrant is overly broad, unduly burdensome, not proportionate to the needs of the case, would not produce materials relevant to this disputes, and the materials are protected by the Reporter's Privilege.<br><br>As an offered resolution, Respondent states its 30(b)(6) deponent will be prepared to testify generally on SPLC's institutional knowledge regarding the designation of | with documentary evidence in advance of the deposition; to fully cross-examine the witness; and to impeach self-serving testimony with contradictory documents. *See, e.g.*, *Pouliot v. Paul Arpin Van Lines, Inc.*, 2004 WL 1368869, at *2 (D. Conn. June 14, 2004) ("numerous courts have held that party may not incorporate deposition testimony or otherwise rely on future testimony" in lieu of responding completely to written discovery) (collecting cases). |

| Discovery request at issue (list separately for each item in any request) | Movant's description of why item is discoverable | Respondent's specific objection | Respondent's last offered resolution of the discovery issue | Movant's last offered resolution of the discovery issue |
|---|---|---|---|---|
| | | | Hate Groups, and specifically Anti-Immigrant Hate Groups. | |

| | | | |
|---|---|---|---|
| RFP 12 (Dkt. 69-5 at 17) – documents concerning SPLC's policies, guidelines, criteria, analyses, opinions, deliberations, decisions, meetings, and other official or unofficial actions in locating, classifying, and placing an organization on the Hate Map. | The information is relevant to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3).<br><br>Policies, guidelines, criteria, and deliberations are fundamental to understanding whether the application of those standards to Plaintiffs was done with actual malice. Evidence that SPLC has applied these criteria inconsistently (to Plaintiffs versus other groups) would be directly relevant.<br><br>SPLC's continued **overbreadth, burden and proportionality** objections regarding "thousands of organizations" do not engage with Plaintiffs' offer to substantially narrow the request to cover only **immigration** groups tracked by SPLC since 2011. These conclusory objections are likewise not properly "substantiate[d] … with detailed affidavits or other evidence establishing undue | **Relevance**: The Request for documents concerning "actions in locating, classifying, and placing an organization on the Hate Map,'" which encompasses documents pertaining to thousands of groups SPLC considers annually, is not relevant to whether SPLC published the challenged DIS Designation or Redesignations with actual malice, which considers whether the individuals responsible for the challenged statements acted with knowledge that they were false or with reckless disregard of whether they were false or not.<br><br>**Overbreadth, burden and proportionality**: SPLC designates thousands of organizations as hate groups annually, and this Request encompasses millions of records that are irrelevant to the Challenged Publications.<br><br>**Reporter's Privilege**: Any unpublished newsgathering information gathered for the purpose of considering Hate Group designations that are not party to this lawsuit is | SPLC has searched for and produced the only written guidance it has for identifying and categorizing hate groups for the relevant time period of January 1, 2017 to present: SPLC0009424- SPLC0009429, which is publicly available online at<br><br>• [https://www.splcenter.org/news/2020/03/18/methodology-how-hate-groups-are-identified-and-categorized](https://www.splcenter.org/news/2020/03/18/methodology-how-hate-groups-are-identified-and-categorized).<br><br>Any written policies or guidelines outside the time period are not relevant to this lawsuit. SPLC maintains its objections that  the request for unpublished materials concerning the thousands of groups it analyzes and designates as Hate Groups annually is overly broad, unduly burdensome, not proportionate to the needs of the case, would not produce materials relevant to this disputes, and the materials are protected by the Reporter's Privilege.<br><br>In response to Plaintiffs' last offer to narrow this RFP to "deliberations and other | Proposed narrowing of request to cover only general policies, guidelines and criteria; and, as to specific analyses, opinions, deliberations and other actions, to cover only **immigration** groups the SPLC located, classified, and placed on the Hate Map between January 1, 2011 and the present.<br><br>SPLC's offered resolution to simply point Plaintiffs to its "published articles" is not sufficient because discovery cannot be limited to publicly available materials. Rule 26(b)(1) allows for discovery of internal and non-public materials relevant to claims or defenses.<br><br>SPLC's offered resolution to provide "general" 30(b)(6) deposition testimony is not sufficient because it deprives Plaintiffs of the opportunity to prepare with documentary evidence in advance of |

| | | | |
|---|---|---|---|
| | burden." *Coker*, 177 F.R.D. at 686.<br><br>SPLC's belated promise to "submit additional evidence" in the future to substantiate its conclusory objections is insufficient and improper, because SPLC had the burden to fully substantiate each of its objections when it first lodged them, many months ago. *See, e.g.*, *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 591 (N.D. Tex. 2017) ("And, even where the responding party has timely served some objections, this waiver extends to any grounds not stated in a timely objection.")<br><br>SPLC' **Reporter Privilege** objection does not apply for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 18-28), and in Plaintiffs' Reply brief (dkt. 75 at 9-14). | protected by the First Amendment Reporter's Privilege.<br><br>SPLC provided the specific bases for each objection in its initial response to this RFP, and Plaintiffs' Motion to Compel only broadly challenges SPLC's Reporter's Privilege objections. SPLC's Opposition, in turn, argues Plaintiffs seek irrelevant and privileged information. SPLC will submit additional evidence in support of its overbreadth, burden and proportionality objections to this specific RFP if that will assist the Court in deciding Plaintiffs' Motion. | actions, to cover only **immigration** groups," SPLC directs Plaintiffs to its published articles on Anti-Immigrant Hate Groups, including at the following links:<br><br>• https://www.splcenter.org/fighting-hate/extremist-files/ideology/anti-immigrant;<br>• https://www.splcenter.org/hate-map?ideology=anti-immigrant; https://www.splcenter.org/fighting-hate/extremist-files/group/remembrance-project;<br>• https://www.splcenter.org/fighting-hate/extremist-files/group/american-border-patrolamerican-patrol.<br><br>SPLC otherwise maintains its objections that a request for unpublished materials concerning any organizations it has designated as Anti-Immigrant is overly broad, unduly burdensome, not proportionate to the needs of the case, would not produce | the deposition; to fully cross-examine the witness; and to impeach self-serving testimony with contradictory documents. *See, e.g.*, *Pouliot v. Paul Arpin Van Lines, Inc.*, 2004 WL 1368869, at *2 (D. Conn. June 14, 2004) ("numerous courts have held that party may not incorporate deposition testimony or otherwise rely on future testimony" in lieu of responding completely to written discovery) (collecting cases). |

| Discovery request at issue (list separately for each item in any request) | Movant's description of why item is discoverable | Respondent's specific objection | Respondent's last offered resolution of the discovery issue | Movant's last offered resolution of the discovery issue |
|---|---|---|---|---|
| | | | materials relevant to this disputes, and the materials are protected by the Reporter's Privilege.<br><br>As an offered resolution, Respondent states its 30(b)(6) deponent will be prepared to testify generally on SPLC's institutional knowledge regarding the designation of Hate Groups at the time DIS was designated or re-designated. | |

| | | | | |
|---|---|---|---|---|
| RFP 14 (Dkt. 69-5 at 18) – documents concerning SPLC's decisions, policies, determinations, and actions concerning the Intelligence Project, Hatewatch, the Intelligence Reports, Plaintiffs, or this lawsuit. | The information is relevant to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3).<br><br>Policies, guidelines, criteria, and deliberations are fundamental to understanding whether the application of those standards to Plaintiffs was done with actual malice. Evidence that SPLC has applied these criteria inconsistently (to Plaintiffs versus other groups) would be directly relevant.<br><br>SPLC's incorporated objections are without merit for the same reasons as stated above.<br><br>SPLC does not even state how many immigration groups it tracked since 2011, let alone establish with evidence why the narrowed request still imposes undue burden. | This RFP is duplicative of RFPs No. 1, 2, 4, and 5, and SPLC incorporates its specific objections on the grounds of **relevance, overbreadth, burden, proportionality, and Reporter's Privilege** stated above. SPLC also objects to producing documents concerning "SPLC decisions, policies, determinations and actions concerning … this lawsuit" on the grounds of **attorney-client privilege and work product**. | SPLC incorporates its above offers as to RFPs No. 1, 2, 4, and 5.<br><br>During the September 19 meet and confer, counsel for Plaintiffs clarified that through their proposed resolution, they seek all unpublished materials about any immigration group SPLC has monitored as part of Intelligence Project, Hatewatch, or the Intelligence Reports since 2011. This resolution still seeks discovery that is irrelevant information to the disputes, is overly broad, unduly burdensome, not proportionate to the needs of the case, and protected by the Reporter's Privilege.<br><br>SPLC has been clear about the search terms and parameters applied to locate for production any responsive electronic communications, and Plaintiffs have not challenged these parameters as applied to a search for "SPLC decisions, policies, determinations and actions concerning … this lawsuit." A complaint about "certification" is harassing and unnecessary when Plaintiffs have not identified any search deficiencies. | Proposed narrowing of request to cover only decisions, policies, determinations, and actions the SPLC took with respect to **immigration** groups between January 1, 2011 and the present.<br><br>Plaintiffs also clarified they are only seeking non-privileged materials, and are not (at this time) seeking production of any privileged document properly logged on SPLC's privilege log. SPLC has **not** certified that it has produced all non-privileged responsive documents during the correct time period of 2011-present.<br><br>SPLC's incorporated compromise offers are insufficient for the same reasons as stated above. |

| | | | | |
|---|---|---|---|---|
| RFP 15 (Dkt. 69-5 at 19) – documents concerning SPLC's goals, objectives, or strategies for developing and promoting its "hate group" designations. | The information is relevant to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3).<br><br>For example, documents showing that SPLC's goals, objectives and strategies are to malign and impair ideological opponents regardless of the available evidence, would be directly relevant to actual malice.<br><br>SPLC's conclusory overbreadth, burden and proportionality objections are not properly "substantiate[d] … with detailed affidavits or other evidence establishing undue burden." *Coker*, 177 F.R.D. at 686.<br><br>SPLC's belated promise to "submit additional evidence" in the future to substantiate its conclusory objections is insufficient and improper, because SPLC had the burden to fully substantiate each of its objections when it first lodged them, many months ago. *See, e.g.*, *Samsung Elecs.* | **Relevance**: "SPLC's goals, objectives, or strategies for developing and promoting its 'hate group' designations" is not relevant to whether SPLC published the challenged DIS Designation or Redesignations with actual malice, which considers whether the individuals responsible for the challenged statements acted with knowledge that they were false or with reckless disregard of whether they were false or not.<br><br>**Overbreadth, burden and proportionality**: SPLC of organizations as hate groups annually, and this Request encompasses millions of records that are irrelevant to the Challenged Publications.<br><br>**Reporter's Privilege**: Any unpublished newsgathering information gathered for the purpose of considering Hate Group designations that are not party to this lawsuit is protected by the First Amendment Reporter's Privilege.<br><br>SPLC provided the specific bases for each objection in its initial response to this RFP, | As an offered resolution, Respondent states its 30(b)(6) deponent will be prepared to testify generally on "SPLC's goals, objectives, or strategies for developing and promoting its 'hate group' designations." | Requested production of all responsive documents.<br><br>SPLC's offered resolution to provide "general" 30(b)(6) deposition testimony is not sufficient because it deprives Plaintiffs of the opportunity to prepare with documentary evidence in advance of the deposition; to fully cross-examine the witness; and to impeach self-serving testimony with contradictory documents. *See, e.g.*, *Pouliot v. Paul Arpin Van Lines, Inc.*, 2004 WL 1368869, at *2 (D. Conn. June 14, 2004) ("numerous courts have held that party may not incorporate deposition testimony or otherwise rely on future testimony" in lieu of responding completely to written discovery) (collecting cases). |

| Discovery request at issue (list separately for each item in any request) | Movant's description of why item is discoverable | Respondent's specific objection | Respondent's last offered resolution of the discovery issue | Movant's last offered resolution of the discovery issue |
|---|---|---|---|---|
| | *Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 591 (N.D. Tex. 2017) ("And, even where the responding party has timely served some objections, this waiver extends to any grounds not stated in a timely objection.")<br><br>SPLC' **Reporter Privilege** objection does not apply for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 18-28), and in Plaintiffs' Reply brief (dkt. 75 at 9-14). | and Plaintiffs' Motion to Compel only broadly challenges SPLC's Reporter's Privilege objections. SPLC's Opposition, in turn, argues Plaintiffs seek irrelevant and privileged information. SPLC will submit additional evidence in support of its overbreadth, burden and proportionality objections to this specific RFP if that will assist the Court in deciding Plaintiffs' Motion. | | |

| | | | | |
|---|---|---|---|---|
| RFP 16 (Dkt. 69-5 at 20) – documents concerning SPLC's internal discussions, deliberations, and considerations as to whether a group should be designated a "hate group." | The information is relevant to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3).<br><br>SPLC's incorporated objections are without merit for the same reasons as stated above. | RFP 16 is subsumed by and duplicative of RFP 11, and SPLC incorporates its objections on the grounds of **relevance, overbreadth, burden and proportionality, and Reporter's Privilege** stated above. | In response to Plaintiffs' last offer to narrow this RFP to "deliberations and other actions, to cover only **immigration** groups,"  SPLC directs Plaintiffs to its published articles on Anti-Immigrant Hate Groups, including at the following links:<br><br><ul><li>https://www.splcenter.org/fighting-hate/extremist-files/ideology/anti-immigrant;</li><li>https://www.splcenter.org/hate-map?ideology=anti-immigrant; https://www.splcenter.org/fighting-hate/extremist-files/group/remembrance-project;</li><li>https://www.splcenter.org/fighting-hate/extremist-files/group/american-border-patrolamerican-patrol.</li></ul><br>SPLC otherwise maintains its objections that a request for unpublished materials concerning any organizations it has designated as Anti-Immigrant is overly broad, | Proposed narrowing of request to cover only discussions, deliberations, and considerations of the SPLC between January 1, 2011 and the present as to whether an **immigration** group should be designated a "hate group."<br><br>SPLC's offered resolution to simply point Plaintiffs to its "published articles" is not sufficient because discovery cannot be limited to publicly available materials. Rule 26(b)(1) allows for discovery of internal and non-public materials relevant to claims or defenses.<br><br>SPLC's offered resolution to provide "general" 30(b)(6) deposition testimony is not sufficient because it deprives Plaintiffs of the opportunity to prepare with documentary evidence in advance of the deposition; to fully cross-examine the witness; and to impeach |

| Discovery request at issue (list separately for each item in any request) | Movant's description of why item is discoverable | Respondent's specific objection | Respondent's last offered resolution of the discovery issue | Movant's last offered resolution of the discovery issue |
|---|---|---|---|---|
| | | | unduly burdensome, not proportionate to the needs of the case, would not produce materials relevant to this disputes, and the materials are protected by the Reporter's Privilege.<br><br>As an offered resolution, Respondent states its 30(b)(6) deponent will be prepared to testify generally on SPLC's institutional knowledge regarding the designation of Hate Groups, and specifically Anti-Immigrant Hate Groups at the time DIS was designated or re-designated. | self-serving testimony with contradictory documents. *See, e.g., Pouliot v. Paul Arpin Van Lines, Inc.*, 2004 WL 1368869, at *2 (D. Conn. June 14, 2004) ("numerous courts have held that party may not incorporate deposition testimony or otherwise rely on future testimony" in lieu of responding completely to written discovery) (collecting cases). |

| | | | | |
|---|---|---|---|---|
| RFP 17 (Dkt. 69-5 at 21) – documents concerning SPLC's policies, guidelines, criteria, analyses, opinions, deliberations, decisions, meetings or other actions as to whether a designated "hate group" or "Hate Map" entrant should continue to have such designation in subsequent publications or have it removed. | The information is relevant to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3).<br><br>SPLC's incorporated objections are without merit for the same reasons as stated above. | RFP 17 is subsumed by and duplicative of RFP 11. SPLC incorporates its specific objections on the grounds of **relevance, overbreadth, burden and proportionality, and Reporter's Privilege** as stated above. | SPLC has searched for and produced the only written guidance it has for identifying and categorizing hate groups for the relevant time period of January 1, 2017 to present: SPLC0009424- SPLC0009429, which is publicly available online at<br><br>• https://www.splcenter.org/news/2020/03/18/methodology-how-hate-groups-are-identified-and-categorized.<br><br>Any written policies or guidelines outside the time period are not relevant to this lawsuit.<br><br>In response to Plaintiffs' last offer to narrow this RFP to "deliberations and other actions, to cover only **immigration** groups," SPLC directs Plaintiffs to its published articles on Anti-Immigrant Hate Groups, including at the following links:<br><br>• https://www.splcenter.org/fighting-hate/extremist-files/ideology/anti-immigrant;<br>• https://www.splcenter.org/hate- | Proposed narrowing of request to cover only general policies, guidelines and criteria; and, as to specific analyses, opinions, deliberations and other actions, to cover only **immigration** groups between January 1, 2011 and the present.<br><br>SPLC's offered resolution to simply point Plaintiffs to its "published articles" is not sufficient because discovery cannot be limited to publicly available materials. Rule 26(b)(1) allows for discovery of internal and non-public materials relevant to claims or defenses.<br><br>SPLC's offered resolution to provide "general" 30(b)(6) deposition testimony is not sufficient because it deprives Plaintiffs of the opportunity to prepare with documentary evidence in advance of |

| | | | | map?ideology=anti-immigrant; https://www.splcenter.org/fighting-hate/extremist-files/group/remembrance-project; <br>• https://www.splcenter.org/fighting-hate/extremist-files/group/american-border-patrolamerican-patrol. <br><br>SPLC otherwise maintains its objections that a request for unpublished materials concerning any organizations it has designated as Anti-Immigrant is overly broad, unduly burdensome, not proportionate to the needs of the case, would not produce materials relevant to this disputes, and the materials are protected by the Reporter's Privilege. <br><br>As an offered resolution, Respondent states its 30(b)(6) deponent will be prepared to testify generally on SPLC's institutional knowledge regarding the designation and redesignation of Hate Groups, and specifically Anti-Immigrant Hate Groups at the time DIS | the deposition; to fully cross-examine the witness; and to impeach self-serving testimony with contradictory documents. *See, e.g., Pouliot v. Paul Arpin Van Lines, Inc.*, 2004 WL 1368869, at *2 (D. Conn. June 14, 2004) ("numerous courts have held that party may not incorporate deposition testimony or otherwise rely on future testimony" in lieu of responding completely to written discovery) (collecting cases). |

| Discovery request at issue (list separately for each item in any request) | Movant's description of why item is discoverable | Respondent's specific objection | Respondent's last offered resolution of the discovery issue | Movant's last offered resolution of the discovery issue |
|---|---|---|---|---|
| | | | was designated or re-designated. | |

| | | | | |
|---|---|---|---|---|
| RFP 18 (Dkt. 69-5 at 22) – documents concerning SPLC's consideration, calculation, deliberation, or determination as to whether its designation of "hate groups" may impose on it legal liability. | The information is relevant to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3).<br><br>SPLC has waived the **proportionality** objection by not stating it in its written response to RFP 18. *See, e.g., Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 591 (N.D. Tex. 2017) ("And, even where the responding party has timely served some objections, this waiver extends to any grounds not stated in a timely objection.")<br><br>SPLC's conclusory **overbreadth, burden and proportionality** objections are not properly "substantiate[d] … with detailed affidavits or other evidence establishing undue burden." *Coker*, 177 F.R.D. at 686.<br><br>SPLC' **Reporter Privilege** objection does not apply for the reasons detailed in Plaintiffs' Motion to Compel | **Attorney-client privilege and work product** (any communications with in-house or outside counsel regarding 'whether its designation of "hate groups' may impose on it legal liability" are privileged); **relevance, overbreadth, proportionality and Reporter's Privilege** (to the extent RFP 18 seeks documents concerning the "designation of 'hate groups'" that are unrelated to the publications at issue in this action). | SPLC maintains its objections to producing responsive materials, first and foremost on the grounds that these materials are protected by attorney-client privilege and work product privilege. SPLC additionally objects to Plaintiffs presenting this to the Court through this chart when Plaintiffs did not challenge attorney-client or work product privilege in their Motion to Compel.<br><br>During the September 19 meet and confer, Plaintiffs' counsel did not articulate what types of non-privileged documents would be responsive to this request, what search parameters SPLC could implement to locate responsive documents, or how these documents could be relevant to this lawsuit. | Requested production of all responsive documents.<br><br>Plaintiffs also clarified they are only seeking non-privileged materials, and are not (at this time) seeking production of any privileged document properly logged on SPLC's privilege log. SPLC has **not** certified that it has produced all non-privileged responsive documents during the correct time period of 2011-present. |

| Discovery request at issue (list separately for each item in any request) | Movant's description of why item is discoverable | Respondent's specific objection | Respondent's last offered resolution of the discovery issue | Movant's last offered resolution of the discovery issue |
|---|---|---|---|---|
| | (dkt. 69 at 18-28), and in Plaintiffs' Reply brief (dkt. 75 at 9-14). | | | |
| RFP 19 (Dkt. 69-5 at 22) – charts, spreadsheets, or databases that SPLC used to track (or store information about) the progress, status, or outcome of designating organizations as a "hate group." | The information is relevant to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3).<br><br>SPLC's incorporated objections are without merit for the same reasons as stated above. | RFP 19 is subsumed by and duplicative of RFP No. 11, and SPLC incorporates herein its specific objections on the grounds of **relevance, overbreadth, burden, proportionality, and Reporter's Privilege** stated above. | SPLC directs Plaintiffs to its offer with regard to RFP 11, and to its Hate Map, which includes data regarding annual Hate Group designations and can be filtered to only Anti-Immigrant Hate Groups, from the past 23 years:<br><br>• https://www.splcenter.org/hate-map?ideology=anti-immigrant.<br><br>SPLC otherwise maintains its objections to producing unpublished documents regarding organizations that were considered for Hate Group Designations on the grounds of relevance, overbreadth, burden, proportionality, and Reporter's Privilege. | Proposed narrowing of request to cover only documents tracking designation of **immigration** groups between January 1, 2011 and the present.<br><br>SPLC's offered resolution to simply point Plaintiffs to its published Hate Map is not sufficient because discovery cannot be limited to publicly available materials. Rule 26(b)(1) allows for discovery of internal and non-public materials relevant to claims or defenses. |

| Discovery request at issue (list separately for each item in any request) | Movant's description of why item is discoverable | Respondent's specific objection | Respondent's last offered resolution of the discovery issue | Movant's last offered resolution of the discovery issue |
|---|---|---|---|---|
| RFP 20 (Dkt. 69-5 at 23) – charts, graphs, tables, or spreadsheets concerning SPLC's review, analysis, or categorization of "hate groups." | The information is relevant to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3).<br><br>SPLC's incorporated objections are without merit for the same reasons as stated above. | RFP 20 is subsumed by and duplicative of RFP No. 11, and SPLC incorporates herein its specific objections on the grounds of **relevance, overbreadth, burden, proportionality, and Reporter's Privilege** stated above. | SPLC directs Plaintiffs to its offer with regard to RFP 11, and to its Hate Map, which includes data regarding annual Hate Group designations and can be filtered to only Anti-Immigrant Hate Groups, from the past 23 years:<br><br>• https://www.splcenter.org/hate-map?ideology=anti-immigrant.<br><br>SPLC otherwise maintains its objections to producing unpublished documents regarding organizations that were considered for Hate Group Designations on the grounds of relevance, overbreadth, burden, proportionality, and Reporter's Privilege. | Proposed narrowing of request to cover only documents related to **immigration** groups between January 1, 2011 and the present.<br><br>SPLC's offered resolution to simply point Plaintiffs to its published Hate Map is not sufficient because discovery cannot be limited to publicly available materials. Rule 26(b)(1) allows for discovery of internal and non-public materials relevant to claims or defenses. |

| Discovery request at issue (list separately for each item in any request) | Movant's description of why item is discoverable | Respondent's specific objection | Respondent's last offered resolution of the discovery issue | Movant's last offered resolution of the discovery issue |
|---|---|---|---|---|
| RFP 22 (Dkt. 69-5 at 25) – documents concerning training received by SPLC personnel on the research and designation of a "hate group." | The information is relevant to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3).<br><br>SPLC's limiting of its search to the post-2017 period is improper given its admission that it "has monitored Plaintiffs and written about their extremist language and work for more than 15 years." Dkt. 72 at 7.<br><br>SPLC should search for training documents regarding researchers and designators of all immigrant hate groups, not only the "Anti-Immigrant Hate Group" subset. | SPLC stated it would search for and produce any responsive documents reflecting training for IP team members who are or were involved in the DIS Hate Group Designation or Redesignations. | SPLC searched for any records on training for the Intelligence Project team members who are or were involved in the DIS Hate Group Designation and ReDesignations from January 1, 2017 to March 31, 2021, and did not identify any documents. SPLC also represents that no documents for those responsible for Anti-Immigrant Hate Group designations have been identified for that time period.<br><br>As an offered resolution, Respondent states its 30(b)(6) deponent will be prepared to testify generally on SPLC's institutional knowledge regarding training for Intelligence Project team members responsible for Hate Group designations at the time DIS was designated or re-designated. | Proposed narrowing of request to cover only training of SPLC personnel involved in the designation of **immigration** groups as "hate groups" between January 1, 2011 and the present.<br><br>SPLC's offered resolution to provide "general" 30(b)(6) deposition testimony is not sufficient for the reasons stated above. |

| | | | | |
|---|---|---|---|---|
| RFP 28 (Dkt. 69-5 at 27) – communications between SPLC and government agencies concerning SPLC's designation of organizations as "hate groups," the Hatewatch program, the Intelligence Report, or the Hate Map. | The information is relevant to (a) whether the SPLC's "hate group" designations are provided as opinion or fact; (b) whether SPLC acted with actual malice; and (c) whether SPLC's defamatory designations inflict damage.<br><br>SPLC's contention that whether its designations are opinion or fact is a question of law is immaterial, because Plaintiffs seek the factual basis upon which the Court (or jury, as the case may be) can make that determination. If SPLC marketed or presented its designations as researched fact, that would be directly relevant to this key determination.<br><br>SPLC's conclusory **overbreadth, burden and proportionality** objections are not properly "substantiate[d] … with detailed affidavits or other evidence establishing undue burden." *Coker*, 177 F.R.D. at 686.<br><br>SPLC's belated promise to "submit additional evidence" in the future to substantiate its | SPLC has produced all designated custodians' electronic communications with third parties about DIS from January 1, 2017 to March 31, 2021. SPLC has maintained objections to and withheld electronic communications outside this time frame and/or do not mention Plaintiffs, which it does on grounds of **relevance** (communications about Hatewatch, Intelligence Report, Hate Maps, and Hate Groups other than DIS, are not relevant to the investigation or publication of the DIS Hate Group Designation or Redesignations or the Extremist Profile, and are not relevant to whether any challenged publications about Plaintiffs damaged Plaintiffs, and whether Hate Group designations are statements of opinion or fact is a question of law);<br><br>**overbreadth, burden and proportionality** (SPLC designates thousands of organizations as Hate Groups annually and has published hundreds of articles over the | SPLC believes it has fulfilled this RFP within its Federal Rules obligations. SPLC has produced all electronic communications from the designated custodians about DIS from January 1, 2017 to March 31, 2021, and it maintains its objections to producing communications about Hatewatch, Intelligence Report, Hate Maps or other Hate Groups on the grounds of relevance, overbreadth, burden, proportionality and privilege. | Requested production of all responsive documents.<br><br>SPLC's limiting of its search to the post-2017 period is improper given its admission that it "has monitored Plaintiffs and written about their extremist language and work for more than 15 years." Dkt. 72 at 7.<br><br>SPLC's limiting of its search to "communications … about DIS" is improper, because SPLC's communications with government agencies about other groups will demonstrate whether SPLC presented its designations as opinion or fact, and will demonstrate how SPLC's designations are employed to damage targeted groups. |

| | | | |
|---|---|---|---|
| | conclusory objections is insufficient and improper, because SPLC had the burden to fully substantiate each of its objections when it first lodged them, many months ago. *See, e.g.*, *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 591 (N.D. Tex. 2017) ("And, even where the responding party has timely served some objections, this waiver extends to any grounds not stated in a timely objection.")<br><br>SPLC' **Reporter Privilege** objection does not apply for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 18-28), and in Plaintiffs' Reply brief (dkt. 75 at 9-14). | years in the Hatewatch and Intelligence Report, and search and production of all communications with government agencies about these other Hate Groups would be unduly burdensome and not proportionate to the needs of the case);<br>**Reporter's Privilege** (unpublished newsgathering information gathered for the purpose of investigating other articles or Hate Group designations that aren't party to this lawsuit is protected by the First Amendment Reporter's Privilege).<br><br>SPLC provided the specific bases for each objection in its initial response to this RFP, and Plaintiffs' Motion to Compel only broadly challenges SPLC's Reporter's Privilege objections. SPLC's Opposition, in turn, argues Plaintiffs seek irrelevant and privileged information. SPLC will submit additional evidence in support of its overbreadth, burden and proportionality objections to this specific RFP if that will assist the Court in deciding Plaintiffs' Motion. | | |

| Discovery request at issue (list separately for each item in any request) | Movant's description of why item is discoverable | Respondent's specific objection | Respondent's last offered resolution of the discovery issue | Movant's last offered resolution of the discovery issue |
|---|---|---|---|---|
| RFP 29 (Dkt. 69-5 at 28) – communications between SPLC and government agencies wherein SPLC presented its "hate group" designations as opinion (not fact). | The information is relevant to whether the SPLC's "hate group" designations are provided as opinion or fact.<br><br>SPLC's incorporated objections are without merit for the same reasons as stated above. | RFP 29 is subsumed by and duplicative of RFP 28, and SPLC incorporates its objections to producing electronic communications outside the timeframe of January 1, 2017 to March 31, 2021 and/or do not mention Plaintiffs on the grounds of **relevance, overbreadth, burden and proportionality, and Reporter's Privilege** stated above. | SPLC believes it has fulfilled this RFP within its Federal Rules obligations. SPLC has produced all electronic communications from the designated custodians about DIS from January 1, 2017 to March 31, 2021, and to the extent any responsive communications concerning DIS exist, they were produced. SPLC maintains its objections to producing communications about other Hate Groups on the grounds of relevance, overbreadth, burden, proportionality and privilege.<br><br>Further, whether SPLC's Hate Group designations are statements of opinion or fact are questions of law for the Court to decide. | Requested production of all responsive documents.<br><br>SPLC's limiting of its search to the post-2017 period is improper given its admission that it "has monitored Plaintiffs and written about their extremist language and work for more than 15 years." Dkt. 72 at 7.<br><br>SPLC's limiting of its search to "communications … about DIS" is improper, because SPLC's communications with government agencies about other groups will demonstrate whether SPLC presented its designations as opinion or fact, and will demonstrate how SPLC's designations are employed to damage targeted groups. |

| Discovery request at issue (list separately for each item in any request) | Movant's description of why item is discoverable | Respondent's specific objection | Respondent's last offered resolution of the discovery issue | Movant's last offered resolution of the discovery issue |
|---|---|---|---|---|
| RFP 30 (Dkt. 69-5 at 29) – communications between SPLC and government agencies wherein SPLC presented its "hate group" designations as fact (not opinion). | The information is relevant to whether the SPLC's "hate group" designations are provided as opinion or fact.<br><br>SPLC's incorporated objections are without merit for the same reasons as stated above. | RFP 30 is subsumed by and duplicative of RFP 28, and SPLC incorporates its objections to producing electronic communications outside the timeframe of January 1, 2017 to March 31, 2021 and/or do not mention Plaintiffs on the grounds of **relevance, overbreadth, burden and proportionality, and Reporter's Privilege** stated above. | SPLC believes it has fulfilled this RFP within its Federal Rules obligations. SPLC has produced all electronic communications from the designated custodians about DIS from January 1, 2017 to March 31, 2021, and to the extent any responsive communications concerning DIS exist, they were produced. SPLC maintains its objections to producing communications about other Hate Groups on the grounds of relevance, overbreadth, burden, proportionality and privilege.<br><br>Further, whether SPLC's Hate Group designations are statements of opinion or fact are questions of law for the Court to decide. | Requested production of all responsive documents.<br><br>SPLC's limiting of its search to the post-2017 period is improper given its admission that it "has monitored Plaintiffs and written about their extremist language and work for more than 15 years." Dkt. 72 at 7.<br><br>SPLC's limiting of its search to "communications … about DIS" is improper, because SPLC's communications with government agencies about other groups will demonstrate whether SPLC presented its designations as opinion or fact, and will demonstrate how SPLC's designations are employed to damage targeted groups. |

| | | | | |
|---|---|---|---|---|
| RFP 32 (Dkt. 69-5 at 30) – communications between SPLC and private corporations concerning SPLC's designation of organizations as "hate groups," the Hatewatch program, the Intelligence Report, or the Hate Map. | The information is relevant to (a) whether the SPLC's "hate group" designations are provided as opinion or fact; (b) whether SPLC acted with actual malice; and (c) whether SPLC's defamatory designations inflict damage.<br><br>SPLC's contention that whether its designations are opinion or fact is a question of law is immaterial, because Plaintiffs seek the factual basis upon which the Court (or jury, as the case may be) can make that determination. If SPLC marketed or presented its designations as researched fact, that would be directly relevant to this key determination.<br><br>SPLC's conclusory **overbreadth, burden and proportionality** objections are not properly "substantiate[d] … with detailed affidavits or other evidence establishing undue burden." *Coker*, 177 F.R.D. at 686.<br><br>SPLC's belated promise to "submit additional evidence" in the future to substantiate its | SPLC has produced all designated custodians' electronic communications with third parties about DIS from January 1, 2017 to March 31, 2021. SPLC has maintained objections to and withheld electronic communications that do not mention Plaintiffs, which it does on grounds of **relevance** (communications about Hatewatch, Intelligence Report, Hate Maps, and Hate Groups other than DIS, are not relevant to the investigation or publication of the DIS Hate Group Designation or Redesignations or the Extremist Profile, and are not relevant to whether any challenged publications about Plaintiffs damaged Plaintiffs, and whether Hate Group designations are statements of opinion or fact is a question of law);<br><br>**overbreadth, burden and proportionality** (SPLC designates thousands of organizations as Hate Groups annually and has published hundreds of articles over the years in the Hatewatch and | SPLC believes it has fulfilled this RFP within its Federal Rules obligations. SPLC has produced all electronic communications from the designated custodians about DIS from January 1, 2017 to March 31, 2021, and to the extent any responsive communications concerning DIS exist, they were produced. SPLC maintains its objections to producing communications about other Hate Groups on the grounds of relevance, overbreadth, burden, proportionality and privilege.<br><br>Further, whether SPLC's Hate Group designations are statements of opinion or fact are questions of law for the Court to decide. | Requested production of all responsive documents.<br><br>SPLC's limiting of its search to the post-2017 period is improper given its admission that it "has monitored Plaintiffs and written about their extremist language and work for more than 15 years." Dkt. 72 at 7.<br><br>SPLC's limiting of its search to "communications … about DIS" is improper, because SPLC's communications with private corporations about other groups will demonstrate whether SPLC presented its designations as opinion or fact, and will demonstrate how SPLC's designations are employed to damage targeted groups. |

| | | | |
|---|---|---|---|
| | conclusory objections is insufficient and improper, because SPLC had the burden to fully substantiate each of its objections when it first lodged them, many months ago. *See, e.g.*, *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 591 (N.D. Tex. 2017) ("And, even where the responding party has timely served some objections, this waiver extends to any grounds not stated in a timely objection.")<br><br>SPLC' **Reporter Privilege** objection does not apply for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 18-28), and in Plaintiffs' Reply brief (dkt. 75 at 9-14). | Intelligence Report, and search and production of all communications with government agencies about these other Hate Groups would be overly broad, unduly burdensome and not proportionate to the needs of the case); **Reporter's Privilege** (unpublished newsgathering information gathered for the purpose of investigating other articles or Hate Group designations that are not party to this lawsuit is protected by the First Amendment Reporter's Privilege).<br><br>SPLC provided the specific bases for each objection in its initial response to this RFP, and Plaintiffs' Motion to Compel only broadly challenges SPLC's Reporter's Privilege objections. SPLC's Opposition, in turn, argues Plaintiffs seek irrelevant and privileged information. SPLC will submit additional evidence in support of its overbreadth, burden and proportionality objections to this specific RFP if that will assist the Court in deciding Plaintiffs' Motion. | | |

| Discovery request at issue (list separately for each item in any request) | Movant's description of why item is discoverable | Respondent's specific objection | Respondent's last offered resolution of the discovery issue | Movant's last offered resolution of the discovery issue |
|---|---|---|---|---|
| RFP 33 (Dkt. 69-5 at 31) – communications between SPLC and private corporations wherein SPLC presented its "hate group" designations as opinion (not fact). | The information is relevant to whether the SPLC's "hate group" designations are provided as opinion or fact.<br><br>SPLC's incorporated objections are without merit for the same reasons as stated above. | RFP 33 is subsumed by and duplicative of RFP 32, and SPLC incorporates its objections to producing electronic communications outside the timeframe of January 1, 2017 to March 31, 2021 and/or do not mention Plaintiffs on the grounds of **relevance, overbreadth, burden and proportionality, and Reporter's Privilege** stated above. | SPLC believes it has fulfilled this RFP within its Federal Rules obligations. SPLC has produced all electronic communications from the designated custodians about DIS from January 1, 2017 to March 31, 2021, and to the extent any responsive communications concerning DIS exist, they were produced. SPLC maintains its objections to producing communications about other Hate Groups on the grounds of relevance, overbreadth, burden, proportionality and privilege.<br><br>Further, whether SPLC's Hate Group designations are statements of opinion or fact are questions of law for the Court to decide. | Requested production of all responsive documents.<br><br>SPLC's limiting of its search to the post-2017 period is improper given its admission that it "has monitored Plaintiffs and written about their extremist language and work for more than 15 years." Dkt. 72 at 7.<br><br>SPLC's limiting of its search to "communications … about DIS" is improper, because SPLC's communications with private corporations about other groups will demonstrate whether SPLC presented its designations as opinion or fact, and will demonstrate how SPLC's designations are employed to damage targeted groups. |

| Discovery request at issue (list separately for each item in any request) | Movant's description of why item is discoverable | Respondent's specific objection | Respondent's last offered resolution of the discovery issue | Movant's last offered resolution of the discovery issue |
|---|---|---|---|---|
| RFP 34 (Dkt. 69-5 at 32) – communications between SPLC and private corporations wherein SPLC presented its "hate group" designations as fact (not opinion). | The information is relevant to whether the SPLC's "hate group" designations are provided as opinion or fact.<br><br>SPLC's incorporated objections are without merit for the same reasons as stated above. | RFP 34 is subsumed by and duplicative of RFP 32, and SPLC incorporates its objections to producing electronic communications outside the timeframe of January 1, 2017 to March 31, 2021 and/or do not mention Plaintiffs on the grounds of **relevance, overbreadth, burden and proportionality, and Reporter's Privilege** stated above. | SPLC believes it has fulfilled this RFP within its Federal Rules obligations. SPLC has produced all electronic communications from the designated custodians about DIS from January 1, 2017 to March 31, 2021, and to the extent any responsive communications concerning DIS exist, they were produced. SPLC maintains its objections to producing communications about other Hate Groups on the grounds of relevance, overbreadth, burden, proportionality and privilege.<br><br>Further, whether SPLC's Hate Group designations are statements of opinion or fact are questions of law for the Court to decide. | Requested production of all responsive documents.<br><br>SPLC's limiting of its search to the post-2017 period is improper given its admission that it "has monitored Plaintiffs and written about their extremist language and work for more than 15 years." Dkt. 72 at 7.<br><br>SPLC's limiting of its search to "communications … about DIS" is improper, because SPLC's communications with private corporations about other groups will demonstrate whether SPLC presented its designations as opinion or fact, and will demonstrate how SPLC's designations are employed to damage targeted groups. |

| Discovery request at issue (list separately for each item in any request) | Movant's description of why item is discoverable | Respondent's specific objection | Respondent's last offered resolution of the discovery issue | Movant's last offered resolution of the discovery issue |
|---|---|---|---|---|
| RFP 36 (Dkt. 69-5 at 34) – communications between SPLC and others regarding Plaintiffs. | The information is relevant to (a) whether the SPLC's "hate group" designations are provided as opinion or fact; (b) whether SPLC acted with actual malice; and (c) whether SPLC's defamatory designations inflicted damage.<br><br>SPLC has waived the **proportionality** objection by not stating it in its written response to RFP 36. *See, e.g., Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 591 (N.D. Tex. 2017) ("And, even where the responding party has timely served some objections, this waiver extends to any grounds not stated in a timely objection.")<br><br>SPLC's other incorporated objections are without merit for the same reasons as stated above. | RFP 36 is subsumed by and duplicative of RFPs 4 and 5, and SPLC incorporates its objections to producing electronic communications about Plaintiffs outside the timeframe of January 1, 2017 to March 31, 2021 on the grounds of **relevance, overbreadth, burden and proportionality, and Reporter's Privilege** stated above. | SPLC believes it has fulfilled this RFP within its Federal Rules obligations. SPLC has produced all electronic communications from the designated custodians about DIS from January 1, 2017 to March 31, 2021, which encompasses all communications related to the DIS Hate Group Designation and Redesignations; all unpublished documents compiled in its files on DIS regardless of the document date, including in the Beholder database, which SPLC archived in 2017, and Dossier database, which it used to store information about extremist groups from 2017 to 2023; and all online SPLC publications about DIS, regardless of the publication date. | Requested production of all documents (published and unpublished) concerning Plaintiffs between January 1, 2011 and the present, because SPLC admits that it "has monitored Plaintiffs and written about their extremist language and work for more than 15 years." Dkt. 72 at 7.<br><br>SPLC's limiting of its search to the post-2017 period is improper given its admission that it "has monitored Plaintiffs and written about their extremist language and work for more than 15 years." Dkt. 72 at 7. |

| Discovery request at issue (list separately for each item in any request) | Movant's description of why item is discoverable | Respondent's specific objection | Respondent's last offered resolution of the discovery issue | Movant's last offered resolution of the discovery issue |
|---|---|---|---|---|
| RFP 37 (Dkt. 69-5 at 35) – external information received by SPLC regarding Plaintiffs. | The information is relevant to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3).<br><br>SPLC's incorporated objections are without merit for the same reasons as stated above. | RFP 37 is subsumed by and duplicative of RFPs 4 and 5, and SPLC incorporates its objections to producing electronic communications about Plaintiffs outside the timeframe of January 1, 2017 to March 31, 2021 on the grounds of **relevance, overbreadth, burden and proportionality, and Reporter's Privilege** stated above. | SPLC believes it has fulfilled this RFP within its Federal Rules obligations. SPLC has produced all electronic communications from the designated custodians about DIS from January 1, 2017 to March 31, 2021, which encompasses all communications related to the DIS Hate Group Designation and Redesignations.  SPLC has also produced all unpublished documents compiled in its files on DIS regardless of the document date, including in the Beholder database, which SPLC archived in 2017, and Dossier database, which it used to store information about extremist groups from 2017 to 2023; and all online SPLC publications about DIS, regardless of the publication date. | Requested production of all documents (published and unpublished) concerning Plaintiffs between January 1, 2011 and the present, because SPLC admits that it "has monitored Plaintiffs and written about their extremist language and work for more than 15 years." Dkt. 72 at 7.<br><br>SPLC's limiting of its search to the post-2017 period is improper given its admission that it "has monitored Plaintiffs and written about their extremist language and work for more than 15 years." Dkt. 72 at 7. |

| RFP 38 (Dkt. 69-5 at 35) – documents concerning SPLC's designation of Plaintiff DIS as a "nativist extremist group." | The information is relevant to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3).<br><br>SPLC's incorporated objections are without merit for the same reasons as stated above. | SPLC has already produced all online publications in which SPLC publicly stated DIS was a "nativist extremist group," as well as all unpublished documents compiled in its files on DIS from the time period in which SPLC designated DIS a "nativist extremist group." SPLC has only maintained objections to and withheld electronic communications prior to January 1, 2017 about DIS, and refers Plaintiffs to its objections on the grounds of **relevance, overbreadth, burden and proportionality** stated above in response to RFP 4. | SPLC believes it has fulfilled this RFP within its Federal Rules obligations. SPLC has produced all electronic communications from the designated custodians about DIS from January 1, 2017 to March 31, 2021, which encompasses all communications related to the DIS Hate Group Designation and Redesignations; all unpublished documents compiled in its files on DIS regardless of the document date, including in the Beholder database, which SPLC archived in 2017, and Dossier database, which it used to store information about extremist groups from 2017 to 2023; and all online SPLC publications about DIS, regardless of the publication date. | Requested production of all documents (published and unpublished) concerning Plaintiffs between January 1, 2011 and the present, because SPLC admits that it "has monitored Plaintiffs and written about their extremist language and work for more than 15 years." Dkt. 72 at 7.<br><br>SPLC's contention that "it has fulfilled this RFP" is refuted by its concurrent admission that it has limited its production to 2017-present, notwithstanding its tracking of Plaintiffs "for more than 15 years," and by its admission that it has "withheld electronic communications prior to January 1, 2017." |
|  |  |  | Notably, Plaintiffs did not challenge SPLC's designation of DIS as a "nativist extremist group," which SPLC ceased in 2018 once it decided to designate DIS an Anti-Immigrant Hate Group. |  |

| SPLC's Responses and Objections to Plaintiffs' First Set of Interrogatories (Dkt. No. 69-4) | | | | | |
|---|---|---|---|---|---|
| General Objection 2 (Dkt. 69-4 at 2) – Reporter's Privilege | General objection is improper because it creates ambiguity as to what documents or information are being withheld. If the general objection is merely redundant of SPLC's specific objections, it should be withdrawn or overruled. If documents or information were withheld based on the general objection, the objection is improper for failure to identify the withheld material with specificity. *See, e.g., Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2014 WL 6473232, at *2 (S.D. Fla. Nov. 18, 2014) ("This Court, as well as many others, disfavors 'general objections' that fail to discuss deficiencies in specific discovery requests.") | SPLC does not believe that Plaintiffs' inclusion of General Objections in this chart is in compliance with the Court's Order stating that "Plaintiffs' counsel should name each <u>discovery request</u> at issue and discuss with Defendant's counsel their specific objections to that <u>discovery request</u>." | Plaintiffs do not provide a description of why any particular item is discoverable, and therefore SPLC cannot offer a resolution of this discovery issue.<br><br>SPLC has offered to withdraw this general objection if plaintiffs agree that doing so does not waive their objections—such as to the relevant time period—as stated in the chart below in response to specific requests. | Requested withdrawal of general objection.<br><br>SPLC's offer to withdraw this general objection is not sufficient, because SPLC is attempting now to include new specific objections in this chart that it did not include in its written discovery responses, served many months ago. For the reasons explained below wherever these new objections are lodged, they are waived. | |

| | | | | |
|---|---|---|---|---|
| General Objection 5 (Dkt. 69-4 at 2) – overbreadth, burden, relevance, proportionality. | General objection is improper because it creates ambiguity as to what documents or information are being withheld. If the general objection is merely redundant of SPLC's specific objections, it should be withdrawn or overruled. If documents or information were withheld based on the general objection, the objection is improper for failure to identify the withheld material with specificity. *See, e.g.*, *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2014 WL 6473232, at *2 (S.D. Fla. Nov. 18, 2014) ("This Court, as well as many others, disfavors 'general objections' that fail to discuss deficiencies in specific discovery requests.") | SPLC does not believe that Plaintiffs' inclusion of General Objections in this chart is in compliance with the Court's Order stating that "Plaintiffs' counsel should name each <u>discovery request</u> at issue and discuss with Defendant's counsel their specific objections to that <u>discovery request</u>." | Plaintiffs do not provide a description of why any particular item is discoverable, and therefore SPLC cannot offer a resolution of this discovery issue.<br><br>SPLC has offered to withdraw this general objection if plaintiffs agree that doing so does not waive their objections—such as to the relevant time period—as stated in the chart below in response to specific requests. | Requested withdrawal of general objection.<br><br>SPLC's offer to withdraw this general objection is not sufficient, because SPLC is attempting now to include new specific objections in this chart that it did not include in its written discovery responses, served many months ago. For the reasons explained below wherever these new objections are lodged, they are waived. |

| Definitional Objection 4 (Dkt. 69-4 at 4) – Relevant Period. | General objection is improper because it creates ambiguity as to what documents or information are being withheld. If the general objection is merely redundant of SPLC's specific objections, it should be withdrawn or overruled. If documents or information were withheld based on the general objection, the objection is improper for failure to identify the withheld material with specificity. *See, e.g.*, *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2014 WL 6473232, at *2 (S.D. Fla. Nov. 18, 2014) ("This Court, as well as many others, disfavors 'general objections' that fail to discuss deficiencies in specific discovery requests.") | SPLC does not believe that Plaintiffs' inclusion of General Objections in this chart is in compliance with the Court's Order stating that "Plaintiffs' counsel should name each <u>discovery request</u> at issue and discuss with Defendant's counsel their specific objections to that <u>discovery request</u>." | Plaintiffs do not provide a description of why any particular item is discoverable, and therefore SPLC cannot offer a resolution of this discovery issue.<br><br>SPLC has offered to withdraw this general objection if plaintiffs agree that doing so does not waive their objections—such as to the relevant time period—as stated in the chart below in response to specific requests. | Requested withdrawal of general objection.<br><br>SPLC's offer to withdraw this general objection is not sufficient, because SPLC is attempting now to include new specific objections in this chart that it did not include in its written discovery responses, served many months ago. For the reasons explained below wherever these new objections are lodged, they are waived. |

| Interrogatory 8 (Dkt. 69-4 at 14) – information regarding SPLC registered lobbyists. | The information is relevant to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3).<br><br>The names of SPLC lobbyists may lead to discoverable evidence on how the SPLC presents its designations to government entities and others, and how those designations are employed to harm targeted groups.<br><br>SPLC has waived the **proportionality** objection by not stating it in its written response to ROG 8. *See, e.g., Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 591 (N.D. Tex. 2017) ("And, even where the responding party has timely served some objections, this waiver extends to any grounds not stated in a timely objection.")<br><br>SPLC's conclusory overbreadth, burden and proportionality objections are not properly "substantiate[d] … with detailed affidavits or | SPLC provided the names of registered Georgia lobbyists from  January 1, 2017 to March 31, 2021. SPLC objects to providing information on other SPLC lobbyists on the grounds of **relevance** (names of SPLC lobbyists outside Georgia and outside this time period are not relevant to Plaintiffs' theory that SPLC  designated DIS an Anti-Immigrant Hate Group as "a legislative lobbying strategy, calculated to undermine DIS's reputation and influence the outcome of the pro-enforcement bill" in Georgia); **overbreadth, burden, proportionality** (discovery of SPLC's lobbyists outside Plaintiffs' theory of a Georgia-based lobbying motive is overly broad, burdensome and not proportional to the needs of the case).<br><br>SPLC provided the specific bases for each objection in its initial response to this Interrogatory, and Plaintiffs' Motion to Compel only broadly challenges SPLC's Reporter's Privilege | SPLC maintains its objections on relevance, overbreadth, burden, and proportionality. SPLC further objects to Plaintiffs presenting this Interrogatory to the Court through this chart when Plaintiffs did not raise this in their Motion to Compel. | Response should cover lobbyists in all jurisdictions between January 1, 2011 and the present, because SPLC admits that it "has monitored Plaintiffs and written about their extremist language and work for more than 15 years." Dkt. 72 at 7.<br><br>SPLC's claim that "Plaintiffs did not raise this in their Motion to Compel" is incorrect. This Court has acknowledged that "Plaintiffs move the Court to compel Defendant to fully and completely respond to …any discovery request where Defendant has withheld a response based on its objection to the Relevant Period." (Dkt. 76 at 1 (cleaned up).) |

| | other evidence establishing undue burden." *Coker*, 177 F.R.D. at 686.<br><br>SPLC's belated promise to "submit additional evidence" in the future to substantiate its conclusory objections is insufficient and improper, because SPLC had the burden to fully substantiate each of its objections when it first lodged them, many months ago. *See, e.g.*, *Samsung Elecs. Am. Inc.*, 325 F.R.D. at 591. | objections. SPLC's Opposition, in turn, argues Plaintiffs seek irrelevant and privileged information. SPLC will submit additional evidence in support of its overbreadth, burden and proportionality objections to this specific RFP if that will assist the Court in deciding Plaintiffs' Motion. | | |

| Interrogatory 13 (Dkt. 69-4 at 18) – identity of SPLC personnel who conducted any investigation or factual inquiry as to whether any organization should be designated as a hate group or an anti-immigrant hate group. | The information is relevant to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3).<br><br>The names of SPLC investigators may lead to discoverable evidence on how SPLC investigates targeted groups generally, and how SPLC's investigation of Plaintiff fell short of its efforts to investigate other groups. Limiting discovery only to investigators of Plaintiffs would unfairly deprive Plaintiffs of this critical comparative evidence that is directly relevant to actual malice.<br><br>SPLC's conclusory **overbreadth, burden and proportionality** objections are not properly "substantiate[d] … with detailed affidavits or other evidence establishing undue burden." *Coker*, 177 F.R.D. at 686. | SPLC provided the identities of all SPLC employees responsible for the challenged DIS Hate Group Designation and Redesignations in response to Interrogatory 7. SPLC maintains its objections to providing the identities of anyone who participated in Hate Group designations for other groups outside the time period of January 1, 2017 to March 31, 2021 on the grounds of **relevance** (identities of those who did not participate in the DIS Designation or Redesignation are not probative of actual malice, which considers the state of mind of those responsible for the challenged publications); **overbreadth, burden, proportionality** (information regarding the designation of other Hate Groups is overly broad, burdensome, and not proportionate to the needs of the case). | As an offered resolution, SPLC represents that all or most who were involved in the DIS Designation and Redesignations would have participated in the designations of other Anti-Immigrant Hate Groups during that corresponding time period. | Proposed narrowing of request to cover only SPLC personnel who conducted investigation or inquiry as to **immigration** groups between January 1, 2011 and the present.<br><br>SPLC's offered resolution is insufficient, because Plaintiffs are entitled to the actual identities of "all" or "most" personnel at issue. |

| | | | | |
|---|---|---|---|---|
| Interrogatory 14 (Dkt. 69-4 at 19) – identity of organizations that SPLC had previously designated as hate groups and subsequently removed, rescinded or discontinued such designation; and related documents, communications and facts. | The information is relevant to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3).<br><br>SPLC has waived the **proportionality** objection by not stating it in its written response to ROG 14. *See, e.g., Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 591 (N.D. Tex. 2017) ("And, even where the responding party has timely served some objections, this waiver extends to any grounds not stated in a timely objection.")<br><br>SPLC's conclusory **overbreadth, burden and proportionality** objections are not properly "substantiate[d] … with detailed affidavits or other evidence establishing undue burden." *Coker*, 177 F.R.D. at 686.<br><br>SPLC's belated promise to "submit additional evidence" in the future to substantiate its conclusory objections is | SPLC states it has already produced all documents and communications related to its decision to designate and redesignate DIS as an Anti-Immigrant Hate Group from 2018-2021, and its Hate Group lists from 2018-2021 reflecting all organizations it has designated. SPLC only objects to providing unpublished information about other Hate Groups on the grounds of **relevance** (this information is not relevant to whether SPLC published the challenged DIS Hate Group Designation and Redesignations with actual malice, which considers whether the individuals responsible for the challenged statements acted with knowledge that they were false or with reckless disregard of whether they were false or not); **overbreadth, burden and proportionality** (SPLC designates or redesignates thousands of organizations as hate groups annually, and this Request encompasses millions of records that are irrelevant to the Challenged Publications); **Reporter's** | As an offered resolution, Respondent states its 30(b)(6) deponent will be prepared to testify generally on SPLC's institutional knowledge regarding the designation of Hate Groups at the time DIS was designated or re-designated. | Requested disclosure of all information.<br><br>SPLC's offered resolution to provide "general" 30(b)(6) deposition testimony is not sufficient because it deprives Plaintiffs of the opportunity to prepare with documentary evidence in advance of the deposition; to fully cross-examine the witness; and to impeach self-serving testimony with contradictory documents. *See, e.g., Pouliot v. Paul Arpin Van Lines, Inc.*, 2004 WL 1368869, at *2 (D. Conn. June 14, 2004) ("numerous courts have held that party may not incorporate deposition testimony or otherwise rely on future testimony" in lieu of responding completely to written discovery) (collecting cases). |

| | | | |
|---|---|---|---|
| | insufficient and improper, because SPLC had the burden to fully substantiate each of its objections when it first lodged them, many months ago. *See, e.g., Samsung Elecs. Am. Inc.*, 325 F.R.D. at 591.<br><br>SPLC' **Reporter Privilege** objection does not apply for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 18-28), and in Plaintiffs' Reply brief (dkt. 75 at 9-14). | **Privilege** (any unpublished newsgathering information gathered for the purpose of considering Hate Group designations that aren't party to this lawsuit is protected by the First Amendment Reporter's Privilege).<br><br>SPLC provided the specific bases for each objection in its initial response to this RFP, and Plaintiffs' Motion to Compel only broadly challenges SPLC's Reporter's Privilege objections. SPLC's Opposition, in turn, argues Plaintiffs seek irrelevant and privileged information. SPLC will submit additional evidence in support of its overbreadth, burden and proportionality objections to this specific Interrogatory if that will assist the Court in deciding Plaintiffs' Motion. | | |

| | | | | |
|---|---|---|---|---|
| Interrogatory 15 (Dkt. 69-4 at 21) – SPLC's criteria and methodology for "hate group" designations or Hate Map placement. | The information is relevant to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3).<br><br>SPLC has waived the **proportionality** and **Reporter's Privilege** objections by not stating them in its written response to ROG 15. *See, e.g., Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 591 (N.D. Tex. 2017) ("And, even where the responding party has timely served some objections, this waiver extends to any grounds not stated in a timely objection.")<br><br>SPLC's conclusory **overbreadth, burden and proportionality** objections are not properly "substantiate[d] … with detailed affidavits or other evidence establishing undue burden." *Coker*, 177 F.R.D. at 686.<br><br>SPLC's belated promise to "submit additional evidence" | SPLC provided information regarding its criteria and methodology for January 2017 through March 31, 2021, and only objects to providing information outside this time period on the grounds of **relevance** (this information is not relevant to whether SPLC published the challenged DIS Designation and Redesignations with actual malice, which considers whether the individuals responsible for the challenged statements acted with knowledge that they were false or with reckless disregard of whether they were false or not); **overbreadth, burden and proportionality** (SPLC designates or redesignates thousands of organizations as hate groups annually, and this Request encompasses millions of records that are irrelevant to the Challenged Publications); **Reporter's Privilege** (any unpublished newsgathering information gathered for the purpose of considering Hate Group designations that aren't party to this lawsuit is protected by | As an offered resolution, Respondent states its 30(b)(6) deponent will be prepared to testify generally on SPLC's institutional knowledge regarding SPLC's criteria and methodology for designating Hate Groups at the time DIS was designated or re-designated. | Relevant time period should be between January 1, 2011 and the present, because SPLC admits that it "has monitored Plaintiffs and written about their extremist language and work for more than 15 years." Dkt. 72 at 7.<br><br>SPLC's offered resolution to provide "general" 30(b)(6) deposition testimony is not sufficient because it deprives Plaintiffs of the opportunity to prepare with documentary evidence in advance of the deposition; to fully cross-examine the witness; and to impeach self-serving testimony with contradictory documents. *See, e.g., Pouliot v. Paul Arpin Van Lines, Inc.*, 2004 WL 1368869, at *2 (D. Conn. June 14, 2004) ("numerous courts have held that party may not incorporate deposition testimony or otherwise rely on future testimony" in lieu of responding |

| | | | |
|---|---|---|---|
| | in the future to substantiate its conclusory objections is insufficient and improper, because SPLC had the burden to fully substantiate each of its objections when it first lodged them, many months ago. *See, e.g.*, *Samsung Elecs. Am. Inc.*, 325 F.R.D. at 591.<br><br>To the extent not waived, SPLC' **Reporter Privilege** objection does not apply for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 18-28), and in Plaintiffs' Reply brief (dkt. 75 at 9-14). | the First Amendment Reporter's Privilege).<br><br>SPLC provided the specific bases for each objection in its initial response to this Interrogatory, and Plaintiffs' Motion to Compel only broadly challenges SPLC's Reporter's Privilege objections. SPLC's Opposition, in turn, argues Plaintiffs seek irrelevant and privileged information. SPLC will submit additional evidence in support of its overbreadth, burden and proportionality objections if that will assist the Court in deciding Plaintiffs' Motion. | | completely to written discovery) (collecting cases). |

| | | | | |
|---|---|---|---|---|
| Interrogatory 16 (Dkt. 69-4 at 22) – identity of SPLC personnel responsible for hate group designation of any group. | The information is relevant to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3).<br><br>SPLC has waived the **proportionality** objection by not stating it in its written response to ROG 16. *See, e.g.*, *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 591 (N.D. Tex. 2017) ("And, even where the responding party has timely served some objections, this waiver extends to any grounds not stated in a timely objection.")<br><br>SPLC's other incorporated objections are without merit for the same reasons as stated above. | Interrogatory 16 is subsumed by and duplicative of Interrogatory 13, and SPLC incorporates its objections on the grounds of **overbreadth, burden, and proportionality** stated above. | As an offered resolution, SPLC represents that all or most who were involved in the DIS Designation and Redesignations would have participated in the designations of other Anti-Immigrant Hate Groups during that corresponding time period. | Proposed narrowing of request to cover only SPLC personnel responsible for hate group designation of **immigration** groups between January 1, 2011 and the present. |

| | | | | |
|---|---|---|---|---|
| Interrogatory 17 (Dkt. 69-4 at 22) – sources of information and evidence relied upon by SPLC to designate hate groups. | The information is relevant to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3).<br><br>SPLC's continued **overbreadth, burden and proportionality** objections regarding "thousands of organizations" do not engage with Plaintiffs' offer to substantially narrow the request to cover only **immigration** groups tracked by SPLC since 2011. These conclusory objections are likewise not properly "substantiate[d] … with detailed affidavits or other evidence establishing undue burden." *Coker*, 177 F.R.D. at 686.<br><br>SPLC's belated promise to "submit additional evidence" in the future to substantiate its conclusory objections is insufficient and improper, because SPLC had the burden to fully substantiate each of its objections when it first lodged them, many months ago. *See, e.g.*, *Samsung Elecs.* | SPCL has already provided Plaintiffs all sources of information and evidence the Intelligence Project staff relied upon for the DIS Hate Group Designation and Redesignations. SPLC objects to producing information and evidence regarding other Hate Group designations on the grounds **relevance** (this information is not relevant to whether SPLC published the challenged DIS Designation and Redesignations with actual malice, which considers whether the individuals responsible for the challenged statements acted with knowledge that they were false or with reckless disregard of whether they were false or not); **overbreadth, burden and proportionality** (SPLC designates thousands of organizations as hate groups annually, and this Request encompasses millions of records that are irrelevant to the Challenged Publications); **Reporter's Privilege** (any unpublished newsgathering information gathered for the purpose of considering Hate | As an offered resolution, Respondent states its 30(b)(6) deponent will be prepared to testify generally on SPLC's institutional knowledge regarding sources of information and evidence the Intelligence Project considers for the designation of Hate Groups at the time DIS was designated or re-designated. | Proposed narrowing of request to cover only sources of information and evidence for hate group designation of **immigration** groups between January 1, 2011 and the present.<br><br>SPLC's offered resolution to provide "general" 30(b)(6) deposition testimony is not sufficient because it deprives Plaintiffs of the opportunity to prepare with documentary evidence in advance of the deposition; to fully cross-examine the witness; and to impeach self-serving testimony with contradictory documents. *See, e.g.*, *Pouliot v. Paul Arpin Van Lines, Inc.*, 2004 WL 1368869, at *2 (D. Conn. June 14, 2004) ("numerous courts have held that party may not incorporate deposition testimony or otherwise rely on future testimony" in lieu of responding completely to written |

| | | | |
|---|---|---|---|
| | *Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 591 (N.D. Tex. 2017) ("And, even where the responding party has timely served some objections, this waiver extends to any grounds not stated in a timely objection.")<br><br>SPLC' **Reporter Privilege** objection does not apply for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 18-28), and in Plaintiffs' Reply brief (dkt. 75 at 9-14). | Group designations that aren't party to this lawsuit is protected by the First Amendment Reporter's Privilege).<br><br> SPLC provided the specific bases for each objection in its initial response to this Interrogatory, and Plaintiffs' Motion to Compel only broadly challenges SPLC's Reporter's Privilege objections. SPLC's Opposition, in turn, argues Plaintiffs seek irrelevant and privileged information. SPLC will submit additional evidence in support of its overbreadth, burden and proportionality objections to this specific RFP if that will assist the Court in deciding Plaintiffs' Motion. | | discovery) (collecting cases). |

| | | | | |
|---|---|---|---|---|
| Interrogatory 23 (Dkt. 69-4 at 27) – identify instances where SPLC corrected or retracted a "hate group" designation, and the pertinent facts of each instance. | The information is relevant to prove that SPLC acted with actual malice for the reasons detailed in Plaintiffs' Motion to Compel (dkt. 69 at 14-17), and in Plaintiffs' Reply brief (dkt.75 at 1-3). Defendant's willingness to correct or retract an incorrect or unwarranted designation as to some groups, and the circumstances of such corrections or retractions, may shed light on Defendant's unwillingness to do the same as to Plaintiffs, and the motives (or malice) behind that decision.<br><br>SPLC has waived the **proportionality** objection by not stating it in its written response to ROG 23. *See, e.g., Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 591 (N.D. Tex. 2017) ("And, even where the responding party has timely served some objections, this waiver extends to any grounds not stated in a timely objection.")<br><br>SPLC's conclusory **overbreadth, burden and** | SPLC produced all designated Hate Groups for the years 2017-2021, through which Plaintiffs can ascertain this information. See SPLC000001-000005. SPLC objects to producing information outside this time period on the grounds of **relevance, overbreadth, burden and proportionality.**<br><br>SPLC provided the specific bases for each objection in its initial response to this Interrogatory, and Plaintiffs' Motion to Compel only broadly challenges SPLC's Reporter's Privilege objections. SPLC's Opposition, in turn, argues Plaintiffs seek irrelevant and privileged information. SPLC will submit additional evidence in support of its overbreadth, burden and proportionality objections to this specific RFP if that will assist the Court in deciding Plaintiffs' Motion. | As an offered resolution, SPLC directs Plaintiffs to its Hate Map, where Plaintiffs can review all designated Hate Groups from 2000 to present:<br><br>- [https://www.splcenter.org/hate-map](https://www.splcenter.org/hate-map) | Requested disclosure of all information as to corrections or retractions. The 5 pages of documents Defendant has already produced, and the Hate Map Defendant now offers as a resolution, do not identify **corrections or retractions**, and do not answer the question of whether a previously listed group was removed from subsequent listings because that group ceased to exist or ceased the conduct Defendant complained of, or because the SPLC realized that it made an incorrect or unwarranted designation and corrected or retracted it.<br><br>Additionally, SPLC's offered resolution to point Plaintiffs to its published Hate Map is not sufficient because discovery cannot be limited to publicly available materials. Rule 26(b)(1) allows for discovery of internal and non-public materials relevant to claims or defenses. |

| | **proportionality** objections are not properly "substantiate[d] … with detailed affidavits or other evidence establishing undue burden." *Coker*, 177 F.R.D. at 686.<br><br>SPLC's belated promise to "submit additional evidence" in the future to substantiate its conclusory objections is insufficient and improper, because SPLC had the burden to fully substantiate each of its objections when it first lodged them, many months ago. *See, e.g.*, *Samsung Elecs. Am. Inc.*, 325 F.R.D. at 591. | | | |

Dated: September 27, 2024                    Respectfully Submitted,

| | |
|---|---|
| /s/ Horatio G. Mihet | /s/ Chad R. Bowman (w/permission) |
| Mathew D. Staver, Esq. | Chad R. Bowman (PHV) |
| Horatio G. Mihet, Esq. | Maxwell S. Mishkin (PHV) |
| Daniel J. Schmid, Esq. | Lauren P. Russell (PHV) |
| LIBERTY COUNSEL | BALLARD SPAHR LLP |
| P.O. Box 540774 | 1909 K Street NW, 12th Floor |
| Orlando, FL 32854 | Washington, DC 20006 |
| (407) 875-1776 | Telephone: 202-661-2200 |
| court@LC.org | Facsimile: 202-661-2299 |
| hmihet@LC.org | Email: |
| | bowmanchad@ballardspahr.com |
| Todd V. McMurtry, Esq. (PHV) | Email: mishkinm@ballardspahr.com |
| Scott R. Thomas (PHV) | Email: russelll@ballardspahr.com |
| HEMMER WESSELS MCMURTRY | |
|  PLLC | |
| 250 Grandview Dr., Ste. 500 | Shannon L. Holliday [ASB-5440-Y77S] |
| Fort Mitchell, KY 41017 | Robert D. Segall [ASB-7354-E68R] |
| (859) 344-1188 | COPELAND, FRANCO, SCREWS |
| tmcmurtry@hemmerlaw.com | & GILL, P.A. |
| sthomas@hemmerlaw.com | Post Office Box 347 |
| | Montgomery, AL 36101-0347 |
| James R. McKoon, Jr., Esq. | Telephone: 334-834-1180 |
| (ASB-3005-078J) | Facsimile: 334-834-3172 |
| MCKOON & GAMBLE | Email: holliday@copelandfranco.com |
| P.O. Box 3220 | Email: segall@copelandfranco.com |
| Phoenix City, AL 36868 | |
| (334) 297-2300 | |
| jrmckoon@aol.com | *Attorneys for Defendant* |
| | |
| *Attorneys for Plaintiffs* | |

## CERTIFICATE OF SERVICE

I certify that on September 27, 2024, I electronically filed the foregoing documents and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Respectfully submitted,

/s/ Horatio G. Mihet
Horatio G. Mihet

*Attorney for Plaintiffs*