IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONALD KING, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | )   CASE NO. 2:22-cv-207-CLM-JTA |
| | ) |
| THE SOUTHERN POVERTY LAW CENTER, INC. | ) |
| | ) |
|    Defendant. | ) |

## ORDER

This matter is before the court on Plaintiffs' Motion to Compel Discovery (Doc. No. 69), Defendant's response in opposition thereto (Doc. No. 72), and Plaintiffs' reply (Doc. No. 75). In addition, the parties were instructed to file a chart detailing any remaining discovery disputes, after a second good-faith conference occurred, and Plaintiffs submitted a 65-page chart covering 33 specific disputes and 6 general objections. (Doc. No. 76 at 2; Doc. No. 81.) The court[1] heard oral argument on today in regard to the motion.

Motions to compel discovery are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). "Relevance in the context of discovery 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any

---

[1] The motion was referred to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(a) and Rule 72(a) of the Federal Rules of Civil Procedure, "for determination, including all proceedings and entry of any orders as may be appropriate." (Doc. No. 70.)

issue that is or may be in the case.'" *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). The question of whether material is "'relevant' for discovery purposes is ultimately a fact-specific inquiry . . . [and the court has] a broad range of discretion to determine relevance." *Dees v Hyundai Motor Mfg. Ala., LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) (internal citations omitted).

Upon consideration of the motion, the briefs, the parties' representations made at oral argument, and for the reasons stated on the record in open court, the court finds the information sought in Plaintiffs' motion to compel is neither relevant to the claims or defenses in this case nor proportional to the needs of the case. Defendant has produced information in response to Plaintiffs' discovery requests and Plaintiffs have failed to establish how the additional information sought relates to the claims or defenses in this action. Simply put, the court is not persuaded by Plaintiffs' arguments. The court therefore finds that Plaintiffs are not entitled to obtain the additional information sought in their motion to compel. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii) (the court can limit discovery if it determines that the "proposed discovery is outside the scope permitted by Rule 26(b)(1)"). Furthermore, the court finds that an award of costs to Defendant is not warranted.[2]

---

[2] Rule 37 provides that the court must award costs to the successful party, after both parties have had an opportunity to be heard, on a motion to compel. The court may only decline to do so in certain enumerated circumstances. If the court grants the motion to compel, these exceptions include "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Meanwhile, if the court denies the motion to compel, "[T]he court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Though Rule 37 mandates an award of costs to the

Accordingly, it is hereby ORDERED as follows:

1. Plaintiffs' Motion to Compel Discovery (Doc. No. 69) is DENIED.

2. The court urges the parties to increase their flow of communication as they continue their efforts to complete discovery in this case. As stated in this court's Civil Discovery Guidelines, "[t]his Court has found that many discovery disputes can be resolved informally if the parties will communicate prior to Court intervention." Guidelines to Civil Discovery Practice in the Middle District of Alabama, § I.A.

DONE this 22nd day of November, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

---

prevailing party on a motion to compel, the undersigned finds that an award of expenses would be unjust. *See* Fed. R. Civ. P. 37(a)(5). While Plaintiffs' motion was not substantially justified, said motion was otherwise within the confines of the Federal Rules of Civil Procedure. It would, consequently, be unjust to award Defendant expenses on this motion. *Id.*