IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONALD KING, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 2:22-cv-207-CLM-JTA |
| | ) (WO) |
| SOUTHERN POVERTY LAW | ) |
| CENTER, | ) |
| | ) |
|    Defendant. | ) |

# ORDER

Before the court is the Motion for Attorney Fees (Doc. No. 59) filed by nonparty Center for Immigration Studies ("CIS"). CIS previously filed a motion for a protective order and motion to quash in response to a subpoena issued by Defendant Southern Poverty Law Center ("SPLC"). (Doc. No. 53.) SPLC withdrew its subpoena. (Doc. No. 57.) Therefore, the court denied CIS's motion as moot. (Doc. No. 60.) CIS now seeks attorney's fees incurred in responding to the subpoena issued by SPLC. (Doc. No. 59.) For reasons stated below, the motion is due to be denied.

## I.    DISCUSSION

CIS seeks attorney's fees pursuant to Federal Rules of Civil Procedure 26(g) and 45(d)(1). (Doc. No. 59 at 1.) CIS avers it is entitled to attorney's fees because SPLC's subpoena was *per se* unduly burdensome as it sought documents from a nonparty that should be in the possession of Plaintiffs. (*Id.*) SPLC contends CIS is not entitled to

attorney's fees because (1) CIS filed the motions in the wrong court pursuant to Rule 45; (2) the subpoena did not impose an undue burden; and (3) SPLC took reasonable steps to minimize the burden on CIS. (Doc. No. 61 at 2–3.)

The court first addresses attorney's fees under Federal Rule of Civil Procedure 45, then turns to attorney's fees under Federal Rule of Civil Procedure 26.

A. Attorney's Fees Under Fed. R. Civ. P. 45(d)(1)

CIS moves for attorney's fees under Fed. R. Civ. P. 45(d)(1). Rule 45 provides, in relevant part, as follows:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. **The court for the district where compliance is required must enforce this duty** and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1) (emphasis added).

The place of compliance specified in the subpoena is Washington, D.C., which is in the United States District Court for the District of Columbia.[1] (Doc. No. 53-4 at 1.) Therefore, the motion for protective order and motion to quash were filed in the wrong district court.[2] *See* Fed. R. Civ. P. 45 (Advisory Committee Notes to the 2013 Amendments)

---

[1] CIS's registered agent is in Washington, D.C. (Doc. No. 53-4 at 1.) Therefore, a place of compliance within Washington, D.C. is proper. *See* Fed. R. Civ. P. 45(c)(2) ("A subpoena may command: production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person.").

[2] CIS filed a 295-page motion to quash under Rule 45 in this court. (Doc. No. 53.) Under Rule 45, such a motion must also be filed in the district where compliance is required. Fed. R. Civ. P. 45(d)(3). It is worthwhile to note that under Rule 45, the usual procedure for opposing a subpoena is to serve written objections on the party seeking the information. *See* Fed. R. Civ. P. 45(d)(2).

2

("To protect local nonparties, local resolution of disputes about subpoenas is assured by . . . the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c)."); *see also Hoog v. PetroQuest, LLC*, 338 F.R.D. 515, 517 (S.D. Fla. 2021) ("Federal Rule of Civil Procedure 45 requires subpoena-related motions to be filed in the district where compliance with the subpoena is required.") (citations omitted); *Narcoossee Acquisitions, LLC v. Kohl's Dep't Stores, Inc.*, 2014 WL 4279073, at *1 (M.D. Fla. Aug. 28, 2014) (noting that, "[u]nder the 2013 amendments to Federal Rule of Civil Procedure 45, the district court with jurisdiction to enforce and to quash subpoenas is the 'court for the district where compliance is required,' which may or may not be the court that issued the subpoena." (quoting Fed. R. Civ. P. 45(d)). Accordingly, this court does not have jurisdiction to address the motion for attorney's fees pursuant to Fed. R. Civ. P. 45(d)(1).

CIS argues this court can rule on the Rule 45 motion because it also moved for attorney's fees under Rule 26(g). (Doc. No. 62 at 4.) However, the undersigned is not persuaded. In the cases cited by CIS, the courts denied the motions to quash under Rule 45, but either construed or granted protective orders under Rule 26(c). *See Serrala U.S. Corp. v. Paschke*, 2022 WL 19333286, at *1, n. 1 (N.D. Fla. Sept. 7, 2022)*; Vanguard Plastic Surg. PLLC v. Aetna Life Ins.*, 2023 WL 5177601, at *8 (S.D. Fla. Aug. 11, 2023)*; Garber v. Nationwide Mut. Ins.*, 2022 WL 1420916, at *4–*5 (M.D. Ala. Mar. 24, 2022). In none

---

After the objections are served, the party seeking the information can move the court for an order compelling production. *Id*. Here, CIS filed its nearly 300-page motion to quash *on the same day* it served the objections on SPLC. (Doc. No. 59-10 at 2.)

3

of the cases cited by CIS, did a court grant both a motion to quash under Rule 45 and a motion for protective order under Rule 26(c).

The Federal Rules of Civil Procedure are clear, the "**court for the district where compliance is required** must enforce this duty and impose an appropriate sanction." Fed. R. Civ. P. 45(d)(1) (emphasis added). Because compliance was required in the United States District Court for the District of Columbia, CIS's motion for attorney's fees pursuant to Fed. R. Civ. P. 45(d)(1) is due to be denied.

  B. Attorney's Fees Under Fed. R. Civ. P. 26(g)

CIS also moves for attorney's fees pursuant to Fed. R. Civ. P. 26(g). Rule 26 states, in relevant part, as follows:

> By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after reasonable inquiry . . . **with respect to a discovery request, response, or objection**, it is . . . neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1) (emphasis added). If the court finds a discovery request, response, or objection violates this rule without substantial justification, the court must impose sanctions, which may include attorney's fees. Fed. R. Civ. P. 26(g)(3).

As a threshold matter, this court is not persuaded a nonparty subpoena qualifies as a "discovery request, response, or objection." Fed. R. Civ. P. 26(g)(1). There is limited and contradictory persuasive authority on whether a nonparty subpoena is sanctionable under Rule 26(g). *Compare Dikker v. 5-Star Team Leasing, LLC*, 2016 WL 11637106 (W.D. Mich. Sept. 1, 2016) (denying a nonparty's motion for sanctions, in part, because of limited

4

authority on whether sanctions can be sought under Rule 26(g) for actions related to third-party subpoena practice) *with Duong v. Groundhog Enters., Inc.*, 2020 WL 2041939 (C.D. Cal. Feb. 28, 2020) (holding a nonparty subpoena warranted Rule 26(g) sanctions). Although there is limited persuasive authority on the matter, the text of the rule is sufficient for the undersigned. Rule 26(g) applies to discovery requests. Subpoenas are not a request; they are a court order. *See subpoena, Black's Law Dictionary* (12th ed. 2024) ("A writ or order commanding a person to appear before a court or other tribunal, subject to a penalty for failing to comply.").

Nonetheless, even if a subpoena qualified as a discovery request, CIS would not be entitled to sanctions against SPLC. In this District, discovery is "practiced with a spirit of civil courtesy and honesty." *Guidelines to Civil Discovery Practice in the Middle District of Alabama* at 1. The court, and the Federal Rules, anticipate that discovery will proceed without the intervention of the court. *Id*. Many disputes can be resolved informally if the parties will communicate prior to court intervention. *Id*. Here, it is clear CIS did not make a good-faith attempt to resolve the dispute before filing its 295-page motion to quash and for protective order. Although counsel for CIS and SPLC engaged in one phone call[3] and several email exchanges (*see* Docs. No. 53-3, 53-9, 53-10), CIS never demanded SPLC withdraw or modify the subpoena, nor did CIS serve objections on SPLC until the same day it filed its motion to quash and motion for a protective order (Doc. No. 59-10 at 2). In

---

[3] According to SPLC's recounting of this phone conversation, its counsel asked CIS's counsel for proposed solutions that would reduce any alleged burden, including extending the return date. (Doc. No. 59-10 at 1.)

the final email from SPLC's counsel, he asked CIS's counsel to explain why the subpoena constituted an undue burden. (Doc. No. 53-10 at 1; Doc. No. 59-10 at 2.) Counsel for CIS never responded. (Doc. No. 59-10 at 2.) Had CIS's counsel simply served objections or responded to this email, CIS may not have incurred nearly $12,000 in expenses for drafting a 295-page motion.[4]

Because a subpoena is not a discovery request and CIS did not make a good-faith attempt to resolve the dispute before filing the underlying motion, CIS's motion for attorney's fees pursuant to Fed. R. Civ. P. 26(g) is due to be denied.

## II. CONCLUSION

Accordingly, it is ORDERED that nonparty CIS's motion for attorney's fees (Doc. No. 59) is DENIED.

DONE this 13th day of December, 2024.

                                              JERUSHA T. ADAMS
                                              UNITED STATES MAGISTRATE JUDGE

---

[4] After the motion was filed, SPLC withdrew its subpoena. (Doc. No. 57-1.) SPLC withdrew its subpoena after CIS indicated in its objections that it had no responsive documents to the second request in SPLC's subpoena. (Doc. No. 53-21 at 5.) In its first request, SPLC sought email communications between CIS and Plaintiff King. (Doc. No. 53-4 at 8.) SPLC sought this information from CIS because it had reason to believe Plaintiff King would be unable to produce the documents and discovery was set to shortly close. (Doc. No. 61 at 6.) The same week CIS filed its motion, SPLC received responsive documents from Plaintiff King. (Doc. No. 59-10 at 3.) This suggests that had CIS merely served its objections, SPLC would have withdrawn its subpoena absent CIS filing a motion to quash or for protective order.