UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
Montgomery Division

Donald King, et al.,

      Plaintiffs;

v.                                                           2:22-cv-00207-CLM-JTA

Southern Poverty Law Center, Inc.,

      Defendant.

**PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER
DENYING PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.........................................................................III

BACKGROUND .......................................................................................1

LEGAL STANDARDS .............................................................................2

OBJECTIONS ..........................................................................................3

I.    Objection #1: The Magistrate Judge's decision not to issue a substantive
      written opinion prejudices Plaintiffs' ability to preserve the record and
      facilitate review.................................................................................3

II.   Objection #2: The Magistrate Judge erred in placing SPLC's burden
      regarding relevance on Plaintiffs.....................................................4

III.  Objection #3: Plaintiffs are entitled to discovery starting from 2011 because
      it is relevant as to both SPLC's editorial processes and its knowledge of
      Plaintiffs' history and activities. ...................................................6

IV.   Objection #4: The Magistrate Judge improperly limited the scope of
      discovery to preclude relevant discovery into SPLC's editorial processes...11

V.    Objection #5: The Magistrate Judge erroneously declined to determine
      whether SPLC is entitled to invoke the First Amendment journalist's
      privilege. ......................................................................................15

CONCLUSION ......................................................................................15

# TABLE OF AUTHORITIES

## Cases

*Berger v. Iron Workers Reinforced Rodmen Local 201*,
    843 F.2d 1395 (D.C. Cir. 1988) ...............................................................................2

*Burton v. R.J. Reynolds Tobacco Co.*,
    200 F.R.D. 661 (D. Kan. 2001) .............................................................................3, 4

*Carter v. City of Montgomery*,
    2019 WL 2110519 (M.D. Ala. May 14, 2019) ........................................................11

*Coker v. Duke & Co.*,
    177 F.R.D. 682 (M.D. Ala. 1998) .....................................................................10, 11

*Doe v. Old Dominion Univ.*,
    289 F. Supp. 3d 744 (E.D. Va. 2018) .....................................................................5

*Equal Emp. Opportunity Comm'n v. Peters' Bakery*,
    301 F.R.D. 482 (N.D. Cal. 2014) ............................................................................2

*G–69 v. Degnan*, 130 F.R.D. 326 (D.N.J. 1990) ........................................................10

*Gober v. City of Leesburg*,
    197 F.R.D. 519 (M.D. Fla. 2000) ............................................................................5

*Herbert v. Lando*, 441 U.S. 153 (1979) ..................................................................9, 15

*Holland v. Island Creek Corp.*,
    885 F. Supp. 4 (D.D.C. 1995) ................................................................................2, 3

*King v. S. Poverty L. Ctr., Inc.*,
    2023 WL 3061825 (M.D. Ala. Apr. 24, 2023) ..................................... 1, 6, 7, 13

*Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*,
    2022 WL 153183 (S.D.N.Y. Jan. 18, 2022) .......................................................3, 4

*Milinazzo v. State Farm Ins., Co.*
    247 F.R.D. 691 (S.D. Fla. 2007) .............................................................................5

*Pouliot v. Paul Arpin Van Lines, Inc.*,
    2004 WL 1368869 (D. Conn. June 14, 2004) .......................................................12

*Project Veritas v. Cable News Network, Inc.*, --- F.4th ---,
    2024 WL 4702580, at *11 (11th Cir. Nov. 7, 2024) ..............................................6

*Resolute Forest Products v. Greenpeace International*,
    2019 WL 2998814 (N.D. Cal. July 10, 2019) .......................................................10

*Sec. Pest Control, Inc. v. Wells Fargo Bank, Nat'l Ass'n*,
532 F. Supp. 3d 1221 (M.D. Ala. 2020) ...............................................................10

*Singletary v. Sterling Transp. Co.*,
289 F.R.D. 237 (E.D. Va. 2012) ...........................................................................5

*Smith v. Trustmark Nat'l Bank*,
2024 WL 2401797 (M.D. Ala. May 22, 2024) .....................................................5

*Stafford v. Bojangles Restaurants, Inc.*,
2023 WL 3951183 (W.D.N.C. June 9, 2023) .......................................................2

*Univ. of Pa. v. E.E.O.C.*,
493 U.S. 182 (1990) ...........................................................................................15

**Statutes**

28 U.S.C. § 636 ........................................................................................................1

**Other Authorities**

*Methodology: How Hate Groups Are Identified and Categorized*, Southern Poverty
Law Center (Mar. 18, 2020) ...............................................................................14

**Rules**

Fed. R. Civ. P. 26.....................................................................................................4

Fed. R. Civ. P. 72............................................................................................ 1, 2, 3

Pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636 (b)(1)(A), Plaintiffs Donald King and the Dustin Inman Society (DIS) submit their objections to Magistrate Judge Adams's Order Denying Plaintiffs' Motion to Compel (Dkt. No. 88 [the "Order"]).

## BACKGROUND

The facts of this case are well documented in various submissions before this Court, including Judge Watkins's memorandum opinion (Dkt. 22) accompanying his order (Dkt. 20) denying SPLC's motion to dismiss. *See King v. S. Poverty L. Ctr., Inc.*, 2023 WL 3061825 (M.D. Ala. Apr. 24, 2023). Plaintiffs also refer the Court to the Background section in their Motion to Compel Discovery. (*See* Dkt. 69 at 9–12.) Plaintiffs moved to compel discovery on May 31, 2024, seeking an order requiring SPLC to produce responsive documents and information it had improperly withheld. (Dkt. 69.) An overview of the outstanding disputed discovery requests is provided in the Discovery Chart prepared jointly by the parties for the Magistrate Judge (dkt. 81). On November 22, 2024, Magistrate Judge Adams held "oral argument on the motion to compel." (Dkt. 85; *see* also Transcript of Oral Argument on Plaintiff's Motion to Compel Discovery, Nov. 22, 2024 [hereinafter "Tr."], attached as **Exhibit A**.) At the conclusion of the hearing, Judge Adams denied Plaintiffs' Motion to Compel in its entirety and issued a three-page order with no analysis the same day. (Dkt. 88.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 72 permits a district court to refer any non-dispositive pretrial matter to a magistrate judge. *See* Fed. R. Civ. P. 72(a). A party may object to a magistrate judge's order on a non-dispositive pretrial matter. *See id*. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*. "However, a short text order, such as the one presented in this case, is difficult to analyze for clear error or contradiction to law." *Stafford v. Bojangles Restaurants, Inc.*, 2023 WL 3951183, at *1 (W.D.N.C. June 9, 2023). As such, "where, as here, the decision under review does not offer a reasoned explanation for its decision, and merely adopts one party's arguments in their entirety, it is incumbent on the Court to check the adopted findings against the record with particular, even painstaking, care." *Holland v. Island Creek Corp.*, 885 F. Supp. 4, 6 (D.D.C. 1995) (cleaned up). Accordingly, district courts have reviewed similar magistrate judge orders that are entered with minimal reasoning *de novo*. *See, e.g.*, *Stafford*, 2023 WL 3951183, at *1 (collecting cases). In short, consistent with courts in similar circumstances, the Court should review Judge Adams's findings *de novo*, not under the clear-error or contrary-to-law standard. [1]

---

[1] *See, e.g.*, *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 486 (N.D. Cal. 2014) (reviewing magistrate judge's ruling on discovery matter *de novo* where decision "provides no discussion of the rationale for ordering disclosure"); *Michelo v. Nat'l Collegiate Student Loan*

## OBJECTIONS

I.    **Objection #1: The Magistrate Judge's decision not to issue a substantive written opinion prejudices Plaintiffs' ability to preserve the record and facilitate review.**

The Magistrate Judge both ruled from the bench during oral argument on Plaintiffs' Motion to Compel and subsequently issued a three-page order without meaningfully explaining the reasoning for denying the Motion. Both decisions warrant this Court's intervention. Rule 72(a) "calls for a written order of the magistrate's disposition to preserve the record and facilitate review." Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment, subdiv. (a). Although "[a]n oral order read into the record by the magistrate will satisfy this requirement," *id.*, "a reviewing court cannot conduct any meaningful review of the issues presented unless the magistrate judge provides sufficient detail to elucidate the reasoning by which the magistrate judge reached his or her conclusions on factual or legal issues," *Burton v. R.J. Reynolds Tobacco Co.*, 200 F.R.D. 661, 668 (D. Kan. 2001). Here, the Magistrate Judge did not provide even the bare minimum of a "reasoned explanation." *Holland*, 885 F. Supp. at 6. Instead, the Magistrate Judge issued a short order denying the motion and relied on non-specific verbal statements scattered throughout oral argument, offering minimal analysis. This approach not only contravenes Rule 72(a)'s requirement to preserve the record but also leaves Plaintiffs

_____

*Tr. 2007-2*, 2022 WL 153183, at *3 (S.D.N.Y. Jan. 18, 2022) (reviewing magistrate judge's ruling on privilege matter *de novo* where decision "does not explain the basis for her ruling....").

in the dark as to the rationale for the denial of their Motion to Compel.[2] Without a clear articulation of the reasons behind the ruling, Plaintiffs cannot meaningfully challenge the decision, much less preserve the issues for appellate review.

## II.    Objection #2: The Magistrate Judge erred in placing SPLC's burden regarding relevance on Plaintiffs.

The Magistrate Judge's order should be vacated because it erroneously placed the burden on Plaintiffs to show that the requested discovery falls within the scope of Fed. R. Civ. P. 26, instead of requiring the SPLC to show that the requested discovery does not come within the broad scope of relevance. In her Order, the Magistrate Judge concluded: "Plaintiffs have failed to establish how the additional information sought relates to the claims or defenses in this action. Simply put, the court is not persuaded by Plaintiffs' arguments." (Dkt. 88 at 2.) The Magistrate Judge erred. As Judge Adams observed in another case, "[t]he *opposing party* must show 'either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosure." *Smith v. Trustmark Nat'l Bank*, 2024 WL

---

[2] *Cf. Michelo*, 2022 WL 153183, at *3 ("Given that Judge Moses does not explain the basis for her ruling as to these two categories, this Court can, once again, only speculate as to whether she ruled on relevance or privilege grounds, or both."); *Burton*, 200 F.R.D. at 668 ("RJR correctly notes that for the vast majority of RJR's privilege and protection claims with respect to specific documents, Judge O'Hara simply stated in conclusory fashion that the 'objections are overruled' without any elaboration or explanation of his conclusions. Thus, this court has checked Judge O'Hara's findings against the record with particular and painstaking care.").

2401797, at *1 (M.D. Ala. May 22, 2024) (Adams, M.J.) (quoting *Milinazzo v. State Farm Ins., Co.* 247 F.R.D. 691, 695 (S.D. Fla. 2007)) (emphasis added). The law is clear: The burden rests squarely with the *party resisting discovery* to demonstrate why it should not be permitted. *See Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000) ("*The party resisting production of information bears the burden* of establishing lack of relevancy or undue burden in supplying the requested information." (emphasis added)). [3]

Yet here, the Magistrate Judge flipped that burden on its head, requiring that Plaintiffs prove relevance instead of requiring SPLC—the opposing party—to substantiate its objections. Consequently, the Magistrate Judge improperly denied Plaintiffs' Motion to Compel on the vague ground that she was "not persuaded" by their arguments. (Dkt. 88 at 2.) This fundamental error allowed SPLC to sidestep its obligation to prove why the documents and information sought—spanning years of SPLC's tracking of Plaintiffs—falls outside the broad and liberal scope of Rule 26. In short, Judge Adams's decision not to place the burden on SPLC to establish lack of relevancy should be corrected.

---

[3] *See also, e.g.*, *Doe v. Old Dominion Univ.*, 289 F. Supp. 3d 744, 749 (E.D. Va. 2018) ("On a motion to compel, '*the burden of proof is with the party objecting to the discovery* to establish that the challenged production should not be permitted.'" (quoting *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 241 (E.D. Va. 2012)) (emphasis added).

### III.   Objection #3: Plaintiffs are entitled to discovery starting from 2011 because it is relevant as to both SPLC's editorial processes and its knowledge of Plaintiffs' history and activities.

Many of Plaintiffs' discovery requests seek information or documents created or distributed during a period from January 1, 2011, to the present. This period corresponds with the timeframe as to when SPLC began tracking DIS. As Plaintiffs allege in their Complaint, SPLC was at least aware of DIS and its activities as far back as July 2011. (Compl. ¶¶ 16–17, Dkt. 1.) And as Judge Watkins explained: "More than a decade ago, SPLC announced that DIS did not meet its definition of an anti-immigrant hate group." *King*, *supra*, 2023 WL 3061825, at *3; *see id.* (discussing how, in 2011, SPLC representative Heidi Beirich had explained to the Associated Press why SPLC had not labeled DIS a hate group). In fact, even SPLC has plainly *admitted* that it "has monitored Plaintiffs and written about their extremist language and work for *more than 15 years*." (Def.'s Opp'n to Pls.' Mot. Compel, Dkt. 72 at 7 [emphasis added].) As the Eleventh Circuit recently recognized, "[a]ctual malice can be shown where the publisher is in possession of information that seriously undermines the truth of its story." *Project Veritas v. Cable News Network, Inc.*, --- F.4th ---, 2024 WL 4702580, at *11 (11th Cir. Nov. 7, 2024) (cleaned up). Thus, and as Plaintiffs argued in their Motion to Compel (Dkt. 69 at 28–31) and at oral argument (Tr. 24:7–20, 26:4–20), documents and information, including emails, from when SPLC first began tracking DIS will shed light on to

what extent that SPLC actually knew that Plaintiffs were not "anti-immigrant," and thus it acted with actual malice when it subsequently defamed Plaintiffs.

During oral argument, the Magistrate Judge accepted that "[c]learly there was a shift in mindset of the analysis as to why [DIS] either fall as a hate group or does not," (Tr. 14:10–11), but she nevertheless agreed with SPLC's argument that discovery should be limited only to the time immediately preceding when SPLC published the defamatory materials, starting in 2017 (Tr. 37:19–38:1). The Magistrate Judge intimated that discovery starting in 2017 would provide a baseline as to why SPLC had not designated Plaintiffs as a hate group at that time, while discovery from 2018 would reflect the reasoning behind the change in designation. Judge Adams thus suggested that documents and information from this timeframe should be "sufficient" for Plaintiffs to compare SPLC's rationale across the two periods. (Tr. 12:1–6.) In essence, Judge Adams stated that "the heart" of the timeline dispute is that if "you have a statement from an individual in 2011 saying not a hate group, you have information from 2017, they were not designated as a hate group, but then in 2018 they were, can't you compare 2017 to 2018 to see where the difference lies?" (Tr. 12:22–13:1.)

The Magistrate Judge's simplistic reasoning overlooks the difficulty of a defamation plaintiff's burden to prove actual malice. *See King*, 2023 WL 3061825, at *16 (noting "how difficult it is for a public figure to establish actual malice"). As

they argued in their Motion to Compel (Dkt. 69 at 15–17), Plaintiffs are entitled to examine SPLC's state of mind, motivations, and decision-making processes in the years leading up to the 2018 designation to understand the full basis—or lack thereof—for the shift in SPLC's treatment of Plaintiffs. The Magistrate Judge acknowledged that SPLC underwent a "shift in mindset" about Plaintiffs (Tr. 14:10–11), but she erred in not recognizing that such a shift likely did not occur overnight, or even in a year. The years preceding 2017 are essential to understanding the evolution of SPLC's views. Internal communications from 2011 to 2017 may reveal SPLC's reasoning for explicitly *declining* to designate Plaintiffs as a hate group during that time, as well as any deliberations that laid the groundwork for the 2018 decision.

The Magistrate Judge further expressed skepticism about the relevance of pre-2017 discovery, pointing out that if emails from 2017 and 2018—the periods directly surrounding the hate group designation—contain little substantive information, it is unlikely that emails from earlier years, when Plaintiffs were not yet designated, would yield meaningful evidence. (Tr. 29:15–20.) But that reasoning downplays the significance of the pre-2017 communications. Even if the emails produced from 2017–2018 appear sparse, the absence of substantive content only heightens the importance of earlier communications, which could illuminate why SPLC changed its position about Plaintiffs.

8

The Magistrate Judge also rejected Plaintiffs' argument that internal communications from 2011 to 2017 are relevant to SPLC's state of mind in 2018 when it designated Plaintiffs as a hate group, opining that such communications are unnecessary because the "raw data" itself—presumably the factual information about DIS that SPLC has produced to Plaintiffs—would suffice to establish what SPLC knew or should have known when making its designation. (Tr. 37:23–38:1.) Again, this conclusion fundamentally misconstrues the actual malice standard, and the discovery Plaintiffs seek. The Supreme Court has made clear that a defamation plaintiff must be able to examine the editorial and decision-making processes of the defendant to prove actual malice. *See Herbert v. Lando*, 441 U.S. 153, 160 (1979) ("Inevitably, unless liability is to be completely foreclosed, the thoughts and editorial processes of the alleged defamer would be open to examination.") Although "raw data" may provide insight into what SPLC's staff had on file about Plaintiffs at the time of the published statements, it is the internal discussions, deliberations, and interpretations of that data—the "thoughts," as the Supreme Court put it—that are crucial for assessing SPLC's state of mind, particularly when SPLC made the decision *not* to designate DIS as a hate group years before.

Ultimately, by discounting the relevance of pre-2017 communications, Judge Adams improperly curtailed Plaintiffs' ability to obtain discovery essential to proving actual malice. "The general rule is that a court should permit discovery even

9

when the relevance of the requested material is in doubt." *Sec. Pest Control, Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 532 F. Supp. 3d 1221, 1233 (M.D. Ala. 2020) (citing *Coker v. Duke & Com.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998). Here, if SPLC admittedly "has monitored Plaintiffs and written about their extremist language and work for more than 15 years," (Dkt. 72 at 7), then this means that SPLC has accumulated responsive communications and other information about DIS and King, which extends well before 2017.[4]

Finally, the Magistrate Judge appeared to accept SPLC's averments at oral argument that searching for responsive documents and information starting in 2011 would impose an undue burden. (Tr. 20:10–21:16.) SPLC's self-serving statements at oral argument should be rejected. "Under well-settled law, the party resisting production bears the responsibility of establishing undue burden." *Coker*, 177 F.R.D. at 686 (citing *G–69 v. Degnan*, 130 F.R.D. 326, 331 (D.N.J. 1990)). "Generally, a party seeking to avoid discovery on a burdensomeness argument must substantiate

---

[4] Directly on point is *Resolute Forest Products v. Greenpeace International*, 2019 WL 2998814 (N.D. Cal. July 10, 2019). There, the court rejected the defendants' argument that discovery should be confined to the materials directly considered in making the allegedly defamatory statements. 2019 WL 2998814, at *4. Instead, the court held that earlier statements and actions—spanning years before the challenged publications—could reveal the defendant's motivations and state of mind. *See id.* The court observed that the alleged defamatory statements were "part of a campaign" going back to December 2012, years before the allegedly defamatory statements in 2016 and 2017. *See id.* Thus, the court found, "information about the Montagnes Blanches preceding the 2016 and 2017 statements, even as far back as 2013, may be relevant to actual malice, as it goes to Defendants' motivation and *knowledge base* when making the challenged statements." *Id.* (emphasis added). So to here, SPLC's "knowledge base" from 2011 to 2017 is directly relevant.

that position with detailed affidavits or other evidence establishing an undue burden." *Coker*, 177 F.R.D. at 686. "Conclusory statements about the difficulty of complying with a discovery request or the expected expense are not enough." *Carter v. City of Montgomery*, 2019 WL 2110519, at *2 (M.D. Ala. May 14, 2019). SPLC, however, provided no affidavits or detailed evidence to substantiate its claim of undue burden. The Court should not countenance SPLC's failure to present any concrete evidence, and thus the Magistrate Judge's reliance on SPLC's speculative claims should be vacated.

## IV.    Objection #4: The Magistrate Judge improperly limited the scope of discovery to preclude relevant discovery into SPLC's editorial processes.

It is well settled that "[c]ourts are required to accord discovery a broad and liberal scope in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement." *Coker*, 177 F.R.D. at 685. As argued in their Motion to Compel (Dkt. 69 at 1, 26–27), Plaintiffs seek to discover SPLC's internal policies and guidelines for tracking, categorizing, and classifying "hate groups" because discovery of these policies, along with related communications, is relevant to learn about the thoroughness and integrity of SPLC's investigative process, whether SPLC's characterization of DIS as a hate group aligns with its own definitions and standards, and whether SPLC prioritizes sensationalism and profit rather than truthfulness and accuracy.

The Magistrate Judge limited the scope of discovery to information solely about Plaintiffs King and DIS, concluding that "information pertaining to other groups falls outside the scope of discovery" because it is "simply not relevant." (Tr. 57:16–20.) This finding fundamentally misconstrues Plaintiffs' requests and the legal standards governing discovery. Plaintiffs did not seek information about other groups in a vacuum; instead, they sought discovery into SPLC's editorial processes, policies, and methodologies, including how those processes were applied to similarly situated groups, so as to establish SPLC's reckless disregard for the truth in designating Plaintiffs as a "hate group." (Dkt. 69 at 27–28.) By excluding this discovery, the Magistrate Judge improperly curtailed Plaintiffs' ability to gather evidence essential to proving actual malice, leaving Plaintiffs with an incomplete record and depriving them of critical comparators.

The Magistrate Judge also erred in suggesting that Plaintiffs could obtain critical information about SPLC's methodologies through depositions, rather than through the production of documents. (Tr. 43:9–10.) "Numerous courts have held that a party may not incorporate deposition testimony or *otherwise rely on future deposition testimony* in lieu of offering a complete and separate response to each interrogatory." *Pouliot v. Paul Arpin Van Lines, Inc.*, 2004 WL 1368869, at *2 (D. Conn. June 14, 2004) (emphasis added). Without access to SPLC's internal records, Plaintiffs would be forced to take the statements of SPLC's witnesses at face value,

unable to verify or challenge them against the backdrop of SPLC's internal communications. (Tr. 43:23–25.)

Moreover, in rejecting Plaintiffs' request for discovery into SPLC's editorial processes, the Magistrate Judge overlooked a critical fact: Plaintiffs had already offered to significantly narrow the scope of their requested discovery. Before and during oral argument, Plaintiffs' counsel explicitly confirmed that Plaintiffs were no longer seeking discovery related to SPLC's editorial processes for "thousands of other groups" but had instead limited the request *to only the purported 17 immigration-focused groups designated as "hate groups."* (Tr. 52:14–17.)

The Magistrate Judge's confusion between falsity and actual malice further undermines her ruling. During oral argument, Judge Adams questioned how SPLC's policies, guidance, or methodologies for other immigration groups could "prove falsity." (Tr. 53:10–12.) This question reflects a fundamental misunderstanding of the elements Plaintiffs must establish in a defamation claim. The discovery Plaintiffs seek is not directed only at falsity; it is central to proving that SPLC acted with actual malice—specifically, that it published the challenged statements about Plaintiffs with knowledge of their falsity or with reckless disregard for the truth. *See King*, 2023 WL 3061825, at *15. As Plaintiffs argued at oral argument (Tr. 53:1–5, 14–19), SPLC's editorial processes, including policies and methodologies applied to other immigration groups, are directly relevant to determine demonstrate whether SPLC

selectively deviated from its own standards or knowingly applied inconsistent criteria to Plaintiffs, thereby revealing a reckless disregard for the truth.

Finally, the Magistrate Judge appeared (Tr. 44:1–3) to accept SPLC's implausible assertion that it "already searched for and produced any records" related to SPLC's policies and guidelines for tracking, categorizing and classifying "hate groups." (Dkt. 72 at 18 [emphasis omitted].) To begin with, SPLC limited its search to 2017, not to 2011 as Plaintiffs requested; thus, SPLC's response is incomplete and evasive. Beyond that, the only document that SPLC claims is "responsive" is a webpage that is "publicly available" on its website. (Dkt. 72 at 13–14.)[5] Plaintiffs are at a loss as to how SPLC, nationally known for its comprehensive monitoring and categorizing of hate groups, relies *solely* on a publicly available webpage as its exclusive manual for tracking and classifying hate groups. Indeed, the very webpage produced by SPLC contradicts this notion, stating: "SPLC uses *a variety of methodologies* to determine the activities of groups and individuals. These include reviewing hate group publications and reports by citizens, law enforcement, field sources and the news media, and *conducting our own investigations*." *Supra* note 4 (emphasis added). Clearly, SPLC employs a multifaceted approach involving

---

[5] *See Methodology: How Hate Groups Are Identified and Categorized*, Southern Poverty Law Center (Mar. 18, 2020), https://www.splcenter.org/news/2020/03/18/methodology-how-hate-groups-are-identified-and-categorized.

internal documents, reports, guidelines, and investigative procedures—none of which was produced to Plaintiffs.

## V.    Objection #5: The Magistrate Judge erroneously declined to determine whether SPLC is entitled to invoke the First Amendment journalist's privilege.

The Magistrate Judge's decision not to address SPLC's invocation of the Reporter's Privilege is a glaring error that warrants this Court's reconsideration. As the Supreme Court has made clear, "[e]videntiary privileges in litigation are not favored." *Herbert v. Lando*, *supra*, 441 U.S. at 175. Courts must exercise caution in recognizing privileges, applying them only when they "promote[] sufficiently important interests to outweigh the need for probative evidence." *Univ. of Pa. v. E.E.O.C.*, 493 U.S. 182, 189 (1990) (internal quotation marks omitted). Yet the Magistrate Judge's cursory denial of Plaintiffs' Motion failed to even consider SPLC's reliance on the privilege, much less evaluate whether it meets this exacting standard.

## CONCLUSION

For the foregoing reasons, Plaintiffs' objections should be sustained, and the Order should be modified so as to grant Plaintiffs' Motion to Compel in full, and order SPLC to produce all outstanding discovery requested by Plaintiffs, as summarized in the Discovery Chart prepared jointly by the parties for the Magistrate Judge (dkt. 81).

Dated: December 16, 2024

Respectfully submitted,

/s/ Horatio G. Mihet
Mathew D. Staver, Esq.
Horatio G. Mihet, Esq.
Daniel J. Schmid, Esq.
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
dschmid@lc.org

/s/ James R. McKoon, Jr.
James R. McKoon, Jr., Esq.
 (ASB-3005-078J)
MCKOON & GAMBLE
P.O. Box 3220
Phoenix City, AL 36868
(334) 297-2300
jrmckoon@aol.com

/s/ Todd v. McMurtry
Todd V. McMurtry, Esq. (PHV)
Scott R. Thomas (PHV)
J. Will Huber (PHV)
HEMMER WESSELS
 MCMURTRY PLLC
250 Grandview Dr., Ste. 500
Fort Mitchell, KY 41017
(859) 344-1188
tmcmurtry@hemmerlaw.com
sthomas@hemmerlaw.com
whuber@hemmerlaw.com

*Attorneys for Plaintiffs*

16

## CERTIFICATE OF SERVICE

I certify that on December 16, 2024, I electronically filed the foregoing documents and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I further certify that on December 13, 2024, I provided a draft of the foregoing document to counsel for Defendant via electronic mail, along with an indication that the document could not be filed at that time with the Court because the CM/ECF system was offline.

Respectfully submitted,

/s/ Horatio G. Mihet
Horatio G. Mihet

*Attorney for Plaintiffs*