IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

DONALD A. KING, *et al*.,

     Plaintiffs,

     v.

THE SOUTHERN POVERTY LAW CENTER, INC.,

     Defendant.

Case No. 2:22-cv-207-CLM-JTA

**DEFENDANT'S RESPONSE TO PLAINTIFFS'**
**<u>OBJECTIONS TO MAGISTRATE JUDGE'S ORDER</u>**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ............................1

    A.    The Parties and the Lawsuit ...................................................1

    B.    Plaintiffs' Written Discovery Requests and Defendant's
        Responses ................................................................................2

    C.    Plaintiffs' Motion and Defendant's Opposition....................4

    D.    The Magistrate Judge's Ruling .............................................5

ARGUMENT .....................................................................................................8

I.    THE MAGISTRATE JUDGE DID NOT ERR IN
    DETERMINING THE REQUESTED DOCUMENTS ARE
    NOT RELEVANT ..................................................................................9

    A.    SPLC's Internal Communications Prior to 2017 Are Not
        Relevant to Plaintiffs' Defamation Claim............................11

    B.    Communications and Materials Concerning Other Hate
        Groups Are Not Relevant to this Lawsuit ...........................12

II.    THE FIRST AMENDMENT REPORTER'S PRIVILEGE
    PROTECTS REQUESTED DOCUMENTS.................................................14

CONCLUSION ...............................................................................................15

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. FBI*,
   186 F.R.D. 154 (D.D.C. 1999) ..........................................................................10

*Bose Corp. v. Consumers Union*,
   466 U.S. 485 (1984) ...........................................................................................11

*Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*,
   6 F.4th (11th Cir. 2021) ......................................................................................9

*In re Evenstar Master Fund SPC*,
   2021 WL 3829991 (S.D.N.Y. Aug. 27, 2021) ...................................................10

*Gruenbaum v. Werner Enterprises*,
   270 F.R.D. 298 (S.D. Ohio 2010) ......................................................................10

*Herbert v. Lando*,
   441 U.S. 153 (1979) ........................................................................................9, 10

*Holton v. City of Thomasville School District*,
   425 F.3d 1325 (11th Cir. 2005) ...........................................................................8

*Hunt v. Liberty Lobby*,
   720 F.2d 631 (11th Cir. 1983) ...........................................................................11

*Hunt v. S. Baptist Convention*,
   2024 WL 3636263 (M.D. Tenn. Apr. 4, 2024) ..................................................10

*King v. SPLC*,
   2023 WL 3061825 (M.D. Ala. Apr. 24, 2023) .................................................1, 2

*Klayman v. City Pages*,
   2014 WL 5426515 (M.D. Fla. Oct. 22, 2014) ..............................................12, 13

*Leo v. Alfa Mutual Insurance Co.*,
   2014 WL 12919434 (N.D. Ala. June 6, 2014) .....................................................8

*In re Ms "Madeleine" Schiffahrtsgesellschaft mbH & Co., KB*,
   2009 WL 10669016 (S.D. Fla. May 8, 2009) ....................................................10

*N.Y. Times v. Sullivan*,
   376 U.S. 254 (1964)................................................................................13

*Salcedo v. Milton Southern Hershey Medical Center*,
   2023 WL 2392040 (M.D. Pa. Mar. 7, 2023) .......................................10

*Scanlan v. Sunbeam Products, Inc.*,
   2018 WL 11426637 (W.D. Ky. May 25, 2018) ..................................10

*Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corp.*,
   2022 WL 2528249 (N.D. Ala. June 23, 2022) ...................................14

*Smartmatic USA Corp. v. Lindell*,
   2023 WL 4882865 (D. Minn. Aug. 1, 2023).......................................13

*Southwell v. SPLC*,
   949 F. Supp. 1303 (W.D. Mich. 1996) ...............................................14

*Tavoulareas v. Piro*,
   93 F.R.D. 35 (D.D.C. 1981)................................................................13

*Toston v. Thurmer*,
   689 F.3d 828 (7th Cir. 2012) ................................................................1

*U.S. v. Caporale*,
   806 F.2d 1487 (11th Cir. 1986) ..........................................................15

**Other Authorities**

Fed. R. Civ. P. 72 ...............................................................................8, 9

Defendant Southern Poverty Law Center, Inc. ("SPLC") respectfully submits this response to the objections of Plaintiffs Donald A. King ("King") and Dustin Inman Society ("DIS"), ECF No. 98 (the "Objections") to The Honorable Jerusha T. Adams's order denying Plaintiffs' motion to compel, ECF No. 88 (the "Order").

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.    The Parties and the Lawsuit

As the Court has summarized, Plaintiff DIS is "a non-profit Georgia corporation with a stated mission and goal of promoting the enforcement of immigration laws in the United States." *King v. SPLC*, 2023 WL 3061825, at *2 (M.D. Ala. Apr. 24, 2023) (cleaned up). Its founder, King, "chartered DIS in 2005 and is the public face of the organization today." *Id.* (cleaned up). Defendant SPLC is "the premier U.S. non-profit organization monitoring the activities of domestic hate groups and other extremists." *Id.*; *see also, e.g.*, *Toston v. Thurmer*, 689 F.3d 828, 831 (7th Cir. 2012) (citing testimony that "[i]n the United States, [the] two main organizations that monitor intolerance and hate groups" are the Anti-Defamation League ("ADL") and SPLC).

SPLC first designated DIS an "anti-immigrant hate group" in 2018, and re-designated it as such in following years. *King*, 2023 WL 3061825, at *3. Plaintiffs claim that specific publications are actionable: SPLC's designation in 2018 and its re-designation from 2019-2021 (the "DIS Hate Group Designation and Re-

1

designations"), and SPLC's January 2019 profile of DIS (the "Extremist Profile") (together, the "Challenged Publications"). *Id.* at \*4; *see also* Compl. ¶ 42 n.10, ECF No. 1 (citing https://www.splcenter.org/fighting-hate/extremist-files/group/dustin-inman-society).

As relevant here, in preliminary dispositive motions practice, Plaintiffs conceded their status as public figures, making constitutional actual malice the fault standard under the First Amendment. *King*, 2023 WL 3061825, at \*13. Judge Watkins denied the preliminary motion in April 2023, *id.* at \*21, and discovery proceeded on the merits of Plaintiffs' claims.

### B. Plaintiffs' Written Discovery Requests and Defendant's Responses

On September 2023, Plaintiffs served written discovery requests on SPLC. Mot. to Compel ("Mot.") Exs. 1-3 (ECF Nos. 69-1 69-3). SPLC timely provided written responses to Plaintiffs' interrogatories and requests for admission. Mot. Ex. 4 (ECF No. 69-4). In response to Plaintiffs' broad requests for production going back to 2011 and for *all* designated hate groups, SPLC objected on grounds that many such requests were overly broad, unduly burdensome, and not proportionate to the issues to be resolved in this litigation. SPLC further objected that some number of the requested records also would contain information shielded by the First Amendment-based reporter's privilege. Mot. Ex. 5 (ECF No. 69-5).

SPLC recognized, however, that Plaintiffs are entitled to discovery relating to the research and preparation of *the Challenged Publications*, and therefore SPLC searched for records with parameters intended to capture all such documents.

In its initial productions in late 2023, SPLC produced all of its online publications mentioning Plaintiffs, regardless of publication date, as well as all evidence about Plaintiffs compiled in its databases utilized to keep records about potential hate groups – a "Dossier" database (which SPLC employees involved in the Challenged Publications used during the relevant time period) and the "Beholder" database (which SPLC archived in 2017).  SPLC did not limit its production of such material to only the relevant timeframe; rather, SPLC included in production all documents, regardless of when the documents were added to the databases, to ensure it produced any unpublished evidence that *may* have been reviewed or considered by those involved in the preparation of the Challenged Publications.  SPLC also produced the hate group lists including DIS for the years 2018-2022, each of which designate roughly 1,000 organizations as hate groups.

To identify relevant ESI to which Plaintiffs were properly entitled pursuant to the Discovery Requests and Federal Rules of Civil Procedure, undersigned counsel interviewed current and former SPLC employees to (1) identify sources of all potentially relevant data to this case, (2) identify all individuals who were or may have been involved in the drafting, editing, or review of the Challenged Publications,

and (3) select search terms likely to identify responsive documents.  To this end, SPLC designated the time period for ESI search and collection from January 1, 2017, more than a year before the first designation at issue in this defamation lawsuit, through March 31, 2021, after the publication date of the final challenged publication, as this encompassed *all* SPLC materials related to the Intelligence Project's investigation and publication of the Challenged Publications.  SPLC collected and searched ESI from 18 custodians who *might* have been involved in the DIS Hate Group Designation and Re-designation or in the research and publication of the Extremist Profile.  Finally, SPLC ran search terms intended to identify all communications mentioning Plaintiffs within the collected ESI.

SPLC completed review and production of the bulk of the responsive, non-privileged documents within these parameters in December 2023, and made the final production on February 16, 2024.  SPLC also provided responsive material regarding its hate group designation protocol to Plaintiffs.  In total, the SPLC productions came to nearly 10,000 pages.

### C.    Plaintiffs' Motion and Defendant's Opposition

Plaintiffs' Motion to Compel (ECF No. 69), filed May 31, 2024, sought to compel SPLC to produce all documents withheld because of the reporter's privilege or because of the bounds that SPLC set for the relevant time period.  In support of the Motion, Plaintiffs argued that they are "entitled to the requested discovery to

prove the 'actual malice' element of their defamation cause of action." Mot. at 14. SPLC filed an opposition ("Opp.," ECF No. 72) arguing that, first and foremost, Plaintiffs are not entitled to the requested records under the parameters set forth in Rule 26 of the Federal Rules of Civil Procedure, including relevancy, undue burden, and lack of proportionality. SPLC also asserted that requested records are protected by the qualified First Amendment reporter's privilege. *Id.*

On August 23, 2024, Judge Adams entered an order directing the parties to meet and confer about each request for which Plaintiffs sought additional documents, and if the parties still could not come to an agreement after conferring, Plaintiffs were to file a jointly prepared chart outlining the disputed discovery requests. ECF No. 76. On September 27, 2024, following several meet-and-confer sessions, Plaintiffs filed a 67-page chart outlining alleged discovery deficiencies. Joint Notice (ECF No. 81).

### D. The Magistrate Judge's Ruling

Judge Adams heard argument on the Motion on November 11, 2024. Objections Ex. A (Nov. 11, 2024 Hr'g Tr., or "Hr'g Tr.") (ECF No. 98-1). Argument lasted one hour and forty-four minutes, during which Judge Adams asked Plaintiffs' counsel pointed questions regarding whether he had reviewed Defendant's productions to date, and why the additional documents in dispute would be relevant to the specific claims brought against Defendants.

5

Plaintiffs' counsel first insisted that the appropriate timeframe for the case is 2011 to present, and therefore argued that Defendants should produce additional email communications from 2011 to 2017. Plaintiffs' counsel asserted that these records went to the actual malice element of their defamation claim, which considers Defendant's state of mind regarding the truth of the Challenged Publications at the time of publication. *Id.* at 12:1-13:1. Judge Adams repeatedly asked why email communications from 2017, prior to the initial designation of DIS as an anti-immigrant hate group in 2018, were not sufficient when Plaintiffs were provided all raw data, including evidence SPLC had compiled well before 2017, and all previous publications about the Plaintiffs. *Id*. at 12:1-13:1; 14:18-17, 25:2-26:3, 32:6-24. Following extensive discussion, Judge Adams found "that the relevant time frame for discovery is 2017 to present and that the defendant has already provided sufficient information," adding, "I don't see how communications from 2011 to 2017 are relevant. And I certainly don't think that it's proportional to the needs of the case to obtain that information when the plaintiff can look at the publications and compare that to the raw data." *Id*. at 37:20-38:1.

Next, Plaintiffs' counsel argued that they were entitled to communications related to all hate group designations—*i.e.*, material regarding SPLC's publications about other groups, not at issue in the litigation—"so that they can look at patterns of behavior or systematic flaws in that process." *Id*. at 38:13-18. Judge Adams

6

noted that "persuasive authority" shows "district courts have denied motions to compel information pertaining to other people or groups in defamation cases," and Plaintiffs' counsel was unable to identify *any* authority to the contrary – *i.e.*, decisions "where district courts have granted a motion to compel information pertaining to *other* people or groups in defamation cases." *Id.* at 45:24-46:19.

Judge Adams further questioned Plaintiffs' counsel regarding what state-of-mind evidence would be relevant to the actual malice inquiry, and the court questioned why the limited authority cited by Plaintiffs would support the vast discovery request into communications about publications not at issue in this lawsuit. *Id.* at 50:5-57:10.   After a brief recess, Judge Adams stated, "based upon the parties' arguments, that the scope of discovery is limited to the information as to Mr. King and DIS alone.  Information pertaining to other groups falls outside the scope of discovery for the claims alleged by the plaintiff in the complaint because it's simply not relevant." *Id.* at 57:16-20.

The following day, the Court entered a three-page order stating that "[u]pon consideration of the motion, the briefs, the parties' representations made at oral argument, and for the reasons stated on the record in open court, the court finds the information sought in Plaintiffs' motion to compel is neither relevant to the claims or defenses in this case nor proportional to the needs of the case." Order at 2.

## ARGUMENT

When reviewing decisions by magistrate judges on nondispositive motions, a district judge must "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). "Relief is appropriate under the 'clearly erroneous' prong of the test only if the district court finds that the Magistrate Judge abused his discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made." *Leo v. Alfa Mut. Ins. Co.*, 2014 WL 12919434 (N.D. Ala. June 6, 2014) (cleaned up).

Plaintiffs' claim that a different standard of review should apply because Judge Adams incorporated her reasoning stated on the record into her written order – rather than issuing a "substantive written opinion," *see* Objections at 7-8 – is misplaced. Rule 72(a) "calls for a written order of the magistrate's disposition to preserve the record and facilitate review," but "[a]n oral order read into the record by the magistrate will satisfy this requirement." *See* Fed. R. Civ. P. 72, 1983 advisory committee notes, subd. (a). The out-of-circuit cases that Plaintiffs cite, in which a district judge engaged in *de novo* review because the magistrate judge's terse orders made it "difficult to analyze for clear error or contradiction to law," *see* Objections at 2, are wholly inapposite here. As detailed above, *see supra* Part D,

Judge Adams extensively engaged with Plaintiffs' counsel – on the record – to probe why Plaintiffs believed the additional records sought were relevant to the defamation claims.  Judge Adams then stated specific findings – also on the record.  Moreover, Plaintiffs' Objections, which directly cite and challenge Judge Adams's reasoning, demonstrate that Judge Adams's record statements and the written order provide ample detail for any reviewing court to conduct a meaningful review in line with Rule 72(a).  The clear error standard of review therefore applies in assessing Plaintiffs' Objections.

## I.   THE MAGISTRATE JUDGE DID NOT ERR IN DETERMINING THE REQUESTED DOCUMENTS ARE NOT RELEVANT.

To prevail on their defamation claim, Plaintiffs must prove that SPLC "made the alleged defamatory statement with 'actual malice'" – that is, "'with knowledge that it was false or with reckless disregard of whether it was false or not.'"  *Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*, 6 F.4th at 1252 (11th Cir. 2021) (quoting *N.Y. Times v. Sullivan*, 376 U.S. 254, 279-80 (1964)); *see also* Mot. at 14 (citing same).  As set forth in the Supreme Court case relied upon by Plaintiffs, "it is only common sense to believe that inquiry from the author, with an opportunity to explain, will contribute to accuracy" regarding the actual malice determination. *Herbert v. Lando*, 441 U.S. 153, 173 (1979) (emphasis added).  SPLC thus acknowledges that Plaintiffs are entitled to discovery regarding SPLC's state of mind as to the truth or falsity (to the extent that a hate group designation may be

deemed provably "true" or "false") of the Challenged Publications. Also in *Herbert*, however, the Supreme Court cautioned that "the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. at 177 (quoting Fed. R. Civ. P. 26(c)).

When considering a motion to compel discovery, district courts regularly determine "the discovering party 'has the burden of demonstrating that the information sought is relevant to the subject matter of the pending action.'" *E.g.*, *In re Evenstar Master Fund SPC*, 2021 WL 3829991, at *7 (S.D.N.Y. Aug. 27, 2021 (citation omitted)); *In re Ms "Madeleine" Schiffahrtsgesellschaft mbH & Co., KB*, 2009 WL 10669016, at *2 (S.D. Fla. May 8, 2009) (citing same); *Gruenbaum v. Werner Enters.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) ("The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant.") (citing cases).[1] This makes particular sense in a defamation case "when a discovery demand arguably impinges on First Amendment rights." *See Herbert*, 441 U.S. at 179-80 (Powell, J., concurring).

---

[1] *See also Hunt v. S. Baptist Convention*, 2024 WL 3636263, at *2 (M.D. Tenn. Apr. 4, 2024); *Salcedo v. Milton S. Hershey Med. Ctr.*, 2023 WL 2392040, at *2 (M.D. Pa. Mar. 7, 2023); *Scanlan v. Sunbeam Prods., Inc*., 2018 WL 11426637, at *2 (W.D. Ky. May 25, 2018); *Alexander v. FBI*, 186 F.R.D. 154, 159 (D.D.C. 1999).

Regardless of how the Court views the placement of the initial burden, though, the record demonstrates the Magistrate Judge carefully considered party arguments of relevance in light of both Rule 26 and the actual malice standard and determined, within her discretion, that the requested information was not relevant to Plaintiffs' pending defamation claim or specifically, the actual malice element.

### A.    SPLC's Internal Communications Prior to 2017 Are Not Relevant to Plaintiffs' Defamation Claim.

Courts have made clear that "[t]he test of actual malice . . . focuses on the defendant's state of mind *at the time of publication*." *Hunt v. Liberty Lobby*, 720 F.2d 631, 647 (11th Cir. 1983) (emphasis added); *see also Bose Corp. v. Consumers Union*, 466 U.S. 485, 513 (1984) (evidence must establish that defendant "realized the inaccuracy at the time of publication"). The four-year time period that SPLC has applied to its ESI search and productions is well within the Rule 26(b)(1) bounds of relevancy and proportionality, as the period from January 1, 2017 to March 31, 2021 encompasses all communications potentially exchanged among those responsible for the DIS Hate Group Designation, from the time that consideration of this designation began through publication, and all communications related to subsequent Re-designations, as well as all communications related to the Extremist Profile. Moreover, SPLC has not simply refused to produce *any* documents dated prior to January 1, 2017 – to the contrary, SPLC provided Plaintiffs *all* website publications about Plaintiffs, as well as *all* evidence about Plaintiffs compiled in its

11

databases utilized to keep records about potential extremist groups, including documents created or collected prior to January 1, 2017. SPLC has simply objected to collecting and searching email communications prior to January 1, 2017.

Plaintiffs seek communications going back *six years* prior to the first publication that they contend would reveal "SPLC's reasoning for explicitly declining to designate Plaintiffs as a hate group," *see* Objections at 8. But any materials (if they even exist) from years prior, related to any decision *not* to publish a statement designating DIS as anti-immigrant, are not relevant to SPLC's state of mind *with regard to the Challenged Publications*, published between 2018 and 2021. *See, e.g.*, *Klayman v. City Pages*, 2014 WL 5426515, at *3 (M.D. Fla. Oct. 22, 2014) (documents reflecting information about plaintiffs but unrelated to the challenged articles were not "relevant to whether Defendants published the statements at issue here about Plaintiff with [actual malice]").

As the Magistrate Judge correctly found, communications from 2011 to 2016, which would not include discussion related to the publication of the Challenged Publications, are not relevant to any claim or defense at issue here.

## B. Communications and Materials Concerning Other Hate Groups Are Not Relevant to this Lawsuit.

SPLC agrees that Plaintiffs are entitled to discovery regarding SPLC's state of mind regarding the truth or falsity (to the extent that a hate group designation may be deemed provably "true" or "false") of the Challenged Publications. However,

this inquiry does not encompass *everyone* at SPLC, or publications *other* than the Challenged Publications.   In establishing the constitutional standard, the U.S. Supreme Court explained that "the state of mind required for actual malice would have to be brought home to the persons in the [defendant's] organization *having responsibility for the publication* of the [challenged publication]."   *Sullivan*, 376 U.S. at 287.   Documents about *other* publications and non-parties are irrelevant to the actual malice inquiry.   *E.g.*, *Tavoulareas v. Piro*, 93 F.R.D. 35 (D.D.C. 1981) (denying discovery into demand and complaint letters received by the defendant about unrelated allegedly defamatory articles); *see also Smartmatic USA Corp. v. Lindell*, 2023 WL 4882865, at **8-9 (D. Minn. Aug. 1, 2023) (denying motion to compel discovery of documents related to competitor allegedly also defamed by defendant on grounds that discovery into statements relating to a nonparty was "irrelevant"); *Klayman*, 2014 WL 5426515, at *3 (denying motion to compel materials about publications not at issue in the lawsuit, for the plaintiff "failed to cite any authority to suggest that evidence relating to other unrelated publications or statements upon which Plaintiff is *not* suing would be relevant in this action").

Judge Adams thus correctly rejected Plaintiffs' request to search materials related to Intelligence Project's investigations into other organizations or designated hate groups – including their proffered "compromise" of all documents related to every other SPLC-designated anti-immigrant hate group.   Plaintiffs "may only

obtain discovery regarding issues properly presented and pending in the lawsuit," and SPLC's preparation of publications about *other* groups is not at issue. *Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corp.*, 2022 WL 2528249, at *2 (N.D. Ala. June 23, 2022).

Finally, even though SPLC told Plaintiffs it has already searched for *and produced* any records responsive to the corresponding Discovery Requests regarding policies and guidelines for hate group designations during the relevant time period, Plaintiffs continue to speculate that more records must exist. *See* Hr'g Tr. at 41:15-45:18; Objections at 18-19. As Judge Adams aptly suggested, Plaintiffs' counsel can inquire about SPLC's designation processes during depositions.

## II.  THE FIRST AMENDMENT REPORTER'S PRIVILEGE PROTECTS REQUESTED DOCUMENTS.

The Magistrate Judge did not need to reach the alternate question of whether the First Amendment reporter's privilege barred compelled disclosure of unpublished records, having determined the records were not relevant to this lawsuit and thus not even discoverable in the first instance. If this Court were to reach the question, however, the First Amendment reporter's privilege undoubtedly applies to SPLC's reporting about extremists and extremist groups that they are monitoring, and which sometimes rely on confidential sources who fear repercussions if their identities were to be disclosed. *See Southwell v. SPLC*, 949 F. Supp. 1303, 1315 (W.D. Mich. 1996) (in defamation case, determining SPLC "has made a compelling

14

argument that forced disclosure [of a confidential source] might also have a dire impact on its future ability to gather news, especially to monitor underground organizations," and First Amendment reporter's privilege applied).

Because the privilege attaches to SPLC's unpublished newsgathering materials unrelated to the Challenged Publications that are swept up in Plaintiffs' broad discovery requests, Plaintiffs must show the information sought is "highly relevant, necessary to the proper presentation of the case, and unavailable from other sources." *U.S. v. Caporale*, 806 F.2d 1487, 1504 (11th Cir. 1986). As explained above, Plaintiffs cannot possibly demonstrate the additional materials are relevant, much less highly relevant, nor that they are necessary to the proper presentation of their limited defamation claim pertaining to the Challenged Publications.

## CONCLUSION

For the foregoing reasons, Plaintiffs' objections to the Order should be overruled. The Magistrate Judge's Order denying Plaintiffs' motion to compel Defendant to produce additional discovery was not clearly erroneous. Indeed, it was correct. Thus, even if the Court applied *de novo* review, the record establishes that the materials at issue are not relevant, are not proportionate to the needs of the case, and alternately are protected in part by the First Amendment reporter's privilege.

Dated: January 3, 2025                    Respectfully submitted,

                                          /s/ Chad R. Bowman
                                          Chad R. Bowman (*pro hac vice*)
                                          Maxwell S. Mishkin (*pro hac vice*)
                                          Lauren P. Russell (*pro hac vice*)
                                          BALLARD SPAHR LLP
                                          1909 K Street NW, 12th Floor
                                          Washington, DC 20006
                                          Telephone:  202-661-2200
                                          Facsimile:  202-661-2299
                                          Email:  bowmanchad@ballardspahr.com
                                          Email:  mishkinm@ballardspahr.com
                                          Email: russelll@ballardspahr.com

                                          Shannon L. Holliday [ASB-5440-Y77S]
                                          Robert D. Segall [ASB-7354-E68R]
                                          COPELAND, FRANCO, SCREWS
                                          & GILL, P.A.
                                          Post Office Box 347
                                          Montgomery, AL  36101-0347
                                          Telephone:  334-834-1180
                                          Facsimile:  334-834-3172
                                          Email:  holliday@copelandfranco.com
                                          Email:  segall@copelandfranco.com

                                          **Attorneys for Defendant**
                                          **The Southern Poverty Law Center, Inc.**

16

## CERTIFICATE OF SERVICE

I certify that on January 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Chad R. Bowman
Chad R. Bowman