UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
Montgomery Division

| | |
|---|---|
| Donald King, et al.,<br><br>    Plaintiffs;<br><br>v.<br><br>Southern Poverty Law Center, Inc.,<br><br>    Defendant. | Case No.: 2:22-cv-00207-CLM-JTA |

**PLAINTIFFS' REPLY IN SUPPORT OF OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... iii

REPLY ARGUMENT ............................................................................................. 1

A. The Court should review the Magistrate Judge's Order *de novo* because it does not sufficiently explain the basis for denying Plaintiffs' Motion to Compel. ........................................................................................................... 2

B. The Magistrate Judge misallocated the burden of proof, improperly requiring Plaintiffs to demonstrate relevance instead of requiring SPLC to substantiate its objections. ........................................................................................................ 3

C. Plaintiffs are entitled to discovery starting from 2011 because it is relevant as to both SPLC's editorial processes and its knowledge of Plaintiffs' history and activities. ........................................................................................................ 5

D. Plaintiffs are entitled to discovery of SPLC's methodologies and editorial processes concerning its hate group designations. ........................................... 8

E. SPLC should not be permitted to withhold responsive documents and information on the inapplicable Reporter's Privilege. ................................... 10

CONCLUSION ..................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Gober v. City of Leesburg*,
  197 F.R.D. 519 (M.D. Fla. 2000) ................................................................................4

*Herbert v. Lando*, 441 U.S. 153 (1979) ................................................................5, 7

*King v. S. Poverty L. Ctr., Inc.*,
  2023 WL 3061825 (M.D. Ala. Apr. 24, 2023) ..........................................................1

*Klayman v. City Pages*,
  2014 WL 5426515 (M.D. Fla. Oct. 22, 2014) ..........................................................7

*Milinazzo v. State Farm Ins., Co.*,
  247 F.R.D. 691 (S.D. Fla. 2007) ...............................................................................4

*Resolute Forest Prod. v. Greenpeace Int'l*,
  2019 WL 2998814 (N.D. Cal. July 10, 2019) ...........................................................6

*Smartmatic USA Corp. v. Lindell*,
  2023 WL 4882865 (D. Minn. Aug. 1, 2023) .............................................................9

*Smith v. Trustmark Nat'l* Bank,
  2024 WL 2401797 (M.D. Ala. May 22, 2024) ..........................................................4

*Tavoulareas v. Piro*,
  93 F.R.D. 35 (D.D.C. 1981) .....................................................................................8

*Univ. of Alabama Bd. of Trustees v. New Life Art, Inc.*,
  2006 WL 84405541 (N.D. Ala. Apr. 10, 2006) .......................................................10

**Rules**

Fed. R. Civ. P. 26 ...........................................................................................................4

Fed. R. Civ. P. 72 ...........................................................................................................3

## REPLY ARGUMENT

Plaintiffs' requested discovery seeks the answer to the critical question that Judge Watkins asked: "Why did SPLC change its position in 2018 about DIS's status as a hate group?" *King v. S. Poverty L. Ctr., Inc.*, 2023 WL 3061825, at *3 (M.D. Ala. Apr. 24, 2023). Plaintiffs sought documents and communications that directly address this question, including SPLC's internal deliberations, editorial processes, and evaluation of Plaintiffs' activities starting in 2011. Despite the clear relevance of this requested discovery, Magistrate Judge Adams denied Plaintiffs' Motion to Compel *in its entirety* without providing any substantive analysis or addressing SPLC's invocation of the inapplicable Reporter's Privilege, all the while improperly placing the burden on Plaintiffs to show why the requested discovery should be produced.

SPLC's opposition (dkt. 101) to Plaintiffs' Objections (dkt. 98) offers no sound basis to affirm the Magistrate Judge's order. Instead, SPLC attempts to deflect by mischaracterizing the requested discovery and invoking inapposite, out-of-circuit unpublished cases. Simply citing those cases cannot obscure the fact that SPLC has withheld responsive documents and communications that will reveal that SPLC knew that its 2018 designation of DIS as a hate group was false or was made in reckless disregard for the truth, and thus such information is discoverable under Rule 26's broad and liberal scope.

1

A. **The Court should review the Magistrate Judge's Order *de novo* because it does not sufficiently explain the basis for denying Plaintiffs' Motion to Compel.**

In their Objections, Plaintiffs argued that *de novo* review is warranted because Magistrate Judge Adams's short text order provides no substantive reasoning, and thus Plaintiffs cannot adequately challenge, nor can this Court properly assess, the basis of the ruling. (Objs. at 2, Dkt. 98.) In support, Plaintiffs cited multiple cases where courts applied *de novo* review to magistrate judge orders that contained little to no reasoned explanation. (*See* Objs. at 2–3 [collecting cases].) SPLC's attempt (Opp'n at 8) to dismiss these cases as "wholly inapposite" sidesteps the fundamental principle that when a magistrate judge's order lacks sufficient explanation to facilitate meaningful review, district courts have recognized the need for *de novo* review or remand. (*See id.*) That principle is directly relevant here. The absence of articulated findings or reasoning in Judge Adams's order mirrors the deficiencies in the cases that Plaintiffs cited, where the lack of substantive explanation hindered meaningful appellate review. (*See* Objs. at 2–3 [collecting cases].).

SPLC's characterization of Magistrate Judge Adams's questioning and findings during oral argument as "extensive" overstates the depth of her analysis and misrepresents the deficiencies in her ruling. (Opp'n 8.) Although the Magistrate Judge did ask questions during oral argument, the exchanges primarily consisted of inquiries into Plaintiffs' positions, followed by conclusory statements devoid of

2

analysis. A probing dialogue is not a substitute for the clear and detailed reasoning required in writing under Fed. R. Civ. P. 72(a).

SPLC's argument that Plaintiffs' ability to directly cite Magistrate Judge Adams's statements in their Objections somehow proves that those statements provide "ample detail" for meaningful review misses the mark. (Opp'n 9.) That Plaintiffs provided detailed objections do not demonstrate the sufficiency of Judge Adams's reasoning—they highlight its inadequacy. Plaintiffs were forced to piece together the Magistrate Judge's rationale from disparate comments scattered throughout oral argument, a burden that Rule 72(a) seeks to avoid. Thus, the lack of a comprehensive and reasoned explanation frustrates the very purpose of Rule 72(a) and warrants this Court's intervention through *de novo* review.

**B.     The Magistrate Judge misallocated the burden of proof, improperly requiring Plaintiffs to demonstrate relevance instead of requiring SPLC to substantiate its objections.**

SPLC disputes that it bears the burden of proving the requested discovery falls outside the broad scope of relevance under Rule 26. (Opp'n at 10.) Notably, however, SPLC does not dispute that Magistrate Judge Adams herself previously articulated the correct standard for allocating the burden in discovery disputes. In *Smith v. Trustmark National Bank*, Magistrate Judge Adams correctly stated: "[t]he ***opposing party*** must show 'either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal

3

relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosure.'" 2024 WL 2401797, at *1 (M.D. Ala. May 22, 2024) (Adams, M.J.) (quoting *Milinazzo v. State Farm Ins., Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007) (emphasis added). SPLC has offered no argument to reconcile Judge Adams's correct application of Rule 26 in *Smith* with her misapplication of the rule here.

Citing a string of mostly out-of-circuit cases (Opp'n at 10, note 1), SPLC doubles down on the Magistrate Judge's erroneous conclusion that "Plaintiffs have failed to establish how the additional information sought relates to the claims or defenses in this action" (Dkt. 88 at 2). But SPLC overlooks that the general rule in the Eleventh Circuit is that "[t]he ***party resisting discovery*** has the burden of showing specifically how the objected-to request is unreasonable or otherwise unduly burdensome." *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000) (emphasis added). This rule makes sense, because it affirms the "broad and liberal scope" of discovery under Fed. R. Civ. P. 26, *see Coker v. Duke & Com.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998), and ensures that that the party resisting production must substantiate its objections with specific and detailed explanations. Even if Plaintiffs have the initial burden, they have more than met it: Plaintiffs have shown that the discovery sought is directly relevant to SPLC's state of mind and actual malice. (*See* Pls.' Mot. Compel at 14–18, Dkt. 69.)

4

Finally, SPLC's invocation of Justice Powell's concurrence in *Herbert v. Lando*, 441 U.S. 153 (1979), is off the mark. The Supreme Court in *Herbert* explicitly rejected heightened First Amendment protections that would shield a defamation defendant from relevant discovery. *See id.* at 169–70. Justice Powell's concurrence does not override the majority's holding that discovery rules apply fully to libel cases. SPLC cannot rewrite *Herbert* to shift the burden entirely to Plaintiffs when resisting parties like SPLC bear the burden to justify nondisclosure under Rule 26.

**C.   Plaintiffs are entitled to discovery starting from 2011 because it is relevant as to both SPLC's editorial processes and its knowledge of Plaintiffs' history and activities.**

SPLC does not dispute that it has responsive communications concerning Plaintiffs prior to 2017, yet it refuses to disclose them on the grounds that they are not relevant to the defamatory statements published between 2018 and 2021. (Opp'n 12.) That argument is unavailing. The law is clear that evidence of a publisher's prior knowledge, deliberations, and editorial processes is relevant to determining actual malice. *See Herbert*, 441 U.S. at 171. SPLC's internal communications from 2011 to 2017 are directly relevant because they reflect SPLC's baseline understanding of Plaintiffs before the hate group designation in 2018. For example, and as Judge Watkins found important, SPLC publicly stated in 2011 that Plaintiffs did not meet its criteria for a hate group because their tactics focused on lawful advocacy. *King*,

2023 WL 3061825, at *3. Evidence of SPLC's internal deliberations during this period will likely illuminate whether SPLC knowingly disregarded its prior conclusions or relied on materially false assumptions when it changed course in 2018.[1]

SPLC's opposition conspicuously avoids addressing Plaintiffs' reliance on *Resolute Forest Products v. Greenpeace International*, 2019 WL 2998814 (N.D. Cal. July 10, 2019), which is directly on point. (*See* Objs. at 10, note 4.) Like the defendants in *Resolute*, SPLC engaged in a multi-year campaign targeting Plaintiffs, and its internal communications and deliberations from 2011 to 2017—preceding its 2018 hate group designation—are central to understanding its "motivation and knowledge base" when making the defamatory statements. *Id*. Its silence on *Resolute* shows that Plaintiffs have the better of the argument: SPLC's earlier knowledge base and deliberations are directly probative of whether it knowingly or recklessly disregarded the truth when labeling Plaintiffs a hate group in 2018. As in *Resolute*, Plaintiffs are entitled to explore SPLC's motivations and state of mind over that timeframe.

---

[1] SPLC's speculation as to whether these materials "even exist" is equally unavailing. Rule 26 does not permit a party to evade discovery obligations based on speculation about the existence of relevant documents. (Opp'n 12.) Instead, SPLC must either conduct a reasonable search for such materials or provide specific evidence that no responsive records exist. *See* Coker, 177 F.R.D. at 686. SPLC has done neither. Without such a showing, Plaintiffs are entitled to discovery into the pre-2018 period to fully investigate SPLC's motivations and knowledge base leading up to the defamatory statements.

SPLC's reliance on *Klayman v. City Pages*, 2014 WL 5426515 (M.D. Fla. Oct. 22, 2014), is misplaced. Unlike here, the plaintiff in *Klayman* sought discovery into unrelated publications, individuals, and lawsuits, including information about public figures like Sheriff Joe Arpaio and Michelle Bachmann, none of which had any direct connection to the defamatory statements at issue. *See id.*, at *2. The court found those requests overbroad and irrelevant to the defendant's state of mind when publishing the statements about the plaintiff. *See id.*, at *3. By contrast, Plaintiffs are not seeking materials about unrelated organizations or third parties. Instead, Plaintiffs seek SPLC's internal policies, deliberations, and methodologies directly tied to its decision to designate immigration groups, including Plaintiffs, as hate groups. These requests go to the heart of the actual malice inquiry by targeting evidence that would show SPLC's subjective knowledge of the falsity of its designation or its reckless disregard for the truth. *See Herbert*, 441 U.S. at 160 ("[T]he thoughts and editorial processes of the alleged defamer would be open to examination.").[2]

---

[2] Moreover, in *Klayman*, the defendants represented that they had already produced all materials upon which they relied when drafting the challenged statements. *See* 2014 WL 5426515, at *3. That representation was pivotal to the court's decision to deny additional discovery. Here, SPLC has made no such comprehensive production. Instead, SPLC has withheld critical internal documents and communications under sweeping objections of privilege and relevance, leaving Plaintiffs with no means to fully evaluate SPLC's adherence to its own standards or its decision-making processes leading to the hate group designation.

**D.     Plaintiffs are entitled to discovery of SPLC's methodologies and editorial processes concerning its hate group designations.**

SPLC contends (Opp'n 12–13) that communications and materials about other "hate groups" are irrelevant to Plaintiffs' claims. That is a gross oversimplification of Plaintiffs' requested discovery. Plaintiffs are not seeking information about other hate groups for its own sake; instead, Plaintiffs seek discovery into SPLC's policies, methodologies, and decision-making processes to understand whether SPLC applied its standards consistently—or recklessly disregarded those standards—when designating Plaintiffs as a hate group. SPLC's treatment of other groups, especially those focused on immigration issues, is directly relevant to whether SPLC acted with reckless disregard for the truth when it targeted Plaintiffs. Similarly, SPLC's editorial standards, policies, and procedures for categorizing hate groups provide a critical baseline for assessing whether SPLC adhered to its own guidelines or deviated from them to defame Plaintiffs, thereby demonstrating actual malice.

SPLC's reliance on *Tavoulareas v. Piro*, 93 F.R.D. 35 (D.D.C. 1981), is unpersuasive. In that case, the court denied discovery into unrelated prior acts, including letters of complaint, libel actions, and retractions, because the requested information was inadmissible under Federal Rule of Evidence 404(b) and unrelated to the defamatory statements at issue. *Id.* at 44. The court found that the requested evidence had no probative value for proving actual malice and was unlikely to lead to admissible evidence, particularly given the significant burden production would

8

entail. *See id*. By contrast, Plaintiffs here seek discovery that is directly relevant to SPLC's editorial processes, policies, and internal deliberations—materials that go to the heart of SPLC's state of mind and the actual malice inquiry. Unlike the broad and tangential requests in *Tavoulareas*, Plaintiffs' discovery requests are narrowly tailored to uncover evidence of SPLC's knowledge or reckless disregard for the truth in its designation of Plaintiffs as a hate group. And SPLC has provided no evidence to support its contention that producing such information would be burdensome.

SPLC's citation to *Smartmatic USA Corp. v. Lindell*, 2023 WL 4882865 (D. Minn. Aug. 1, 2023), also fails to support its position. There, the court denied discovery of materials related to Dominion, a competitor of Smartmatic, because such materials bore no direct connection to the claims in the case. *See id.*, at *9. Unlike the Dominion documents in *Smartmatic*, which were only tangentially related to the claims, Plaintiffs' requests for SPLC's internal communications, policies, and deliberations directly concern SPLC's designation of Plaintiffs as a hate group and its broader methodology for determining such classifications. Moreover, unlike in *Smartmatic*, where the discovery sought related exclusively to a third party (Dominion), Plaintiffs here are seeking discovery related to SPLC's decision-making process for groups similarly classified as "hate groups." This information is not only relevant to SPLC's knowledge and intent but also to its consistency—or lack thereof—in applying its own criteria. SPLC's immigration-related designations,

9

which its counsel conceded at oral argument **involve only 17 groups** (Tr. 16:14–17), are hardly the speculative or burdensome fishing expedition SPLC suggests.

**E.    SPLC should not be permitted to withhold responsive documents and information on the inapplicable Reporter's Privilege.**

SPLC's attempt to invoke the Reporter's Privilege fails because it is not a newsgathering entity. The privilege applies to traditional journalistic organizations engaged in investigative reporting and the dissemination of news to the public—not to legal advocacy groups like SPLC. *See Univ. of Alabama Bd. of Trustees v. New Life Art, Inc.*, 2006 WL 8440554, at *1 (N.D. Ala. Apr. 10, 2006) (Proctor, J.). SPLC's primary function is advocacy and lobbying, not newsgathering. Therefore, SPLC cannot invoke the Reporter's Privilege.

## CONCLUSION

The Court should review the Magistrate Judge's Order *de novo*, sustain Plaintiffs' Objections, modify the Order so as to grant Plaintiffs' Motion to Compel in full, and order SPLC to produce all outstanding discovery requested by Plaintiffs, as summarized in the Discovery Chart prepared jointly by the parties for the Magistrate Judge (dkt. 81). For the full argument concerning SPLC's improper invocation of the Reporter's Privilege, Plaintiffs respectfully refer the Court to the corresponding sections in their Motion to Compel (dkt. 69 at 18–28) and supporting Reply brief (dkt. 75 9–14).

Dated: January 10, 2025

/s/ Horatio G. Mihet
Mathew D. Staver, Esq.
Horatio G. Mihet, Esq.
Daniel J. Schmid, Esq.
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
dschmid@lc.org

Respectfully submitted,

/s/ James R. McKoon, Jr.
James R. McKoon, Jr., Esq.
 (ASB-3005-078J)
MCKOON & GAMBLE
P.O. Box 3220
Phoenix City, AL 36868
(334) 297-2300
jrmckoon@aol.com


/s/ Todd v. McMurty
Todd V. McMurtry, Esq. (PHV)
Scott R. Thomas (PHV)
HEMMER WESSELS
 MCMURTRY PLLC
250 Grandview Dr., Ste. 500
Fort Mitchell, KY 41017
(859) 344-1188
tmcmurtry@hemmerlaw.com
sthomas@hemmerlaw.com

 *Attorneys for Plaintiffs*

12

## CERTIFICATE OF SERVICE

I certify that on January 10, 2025, I electronically filed the foregoing documents and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Respectfully submitted,

/s/ Horatio G. Mihet
Horatio G. Mihet

*Attorney for Plaintiffs*
