UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**DONALD A. KING, et al.,**
    Plaintiffs,

v.

**THE SOUTHERN POVERTY LAW CENTER, INC.,**
    Defendant.

2:22-cv-207-CLM-JTA

## ORDER

Plaintiffs Donald A. King and the Dustin Inman Society object to the magistrate judge's order denying their motion to compel. (Doc. 98). For the reasons stated within, the court **OVERRULES** Plaintiffs' objections (doc. 98).

## BACKGROUND

From 2018 to 2021, Defendant the Southern Poverty Law Center ("SPLC") designated the Dustin Inman Society as an "anti-immigrant hate group" and labeled King, who is the public face of the organization, as the leader of an anti-immigrant hate group. The Dustin Inman Society and King sue SPLC for defamation, asserting that SPLC made these designations as part of a lobbying strategy and not because it believes the Dustin Inman Society is a hate group.

The parties have two fundamental disagreements over the scope of discovery. First, they disagree over whether Plaintiffs are entitled to SPLC's email communications about Plaintiffs from 2011 to present or if these email communications should be limited to 2017 to the present. Second, they disagree over whether Plaintiffs are entitled to SPLC's communications related to its process for designating other groups as anti-immigrant hate groups.

The magistrate judge agreed with SPLC that email communications from before 2017 and any communications about other groups aren't relevant to Plaintiffs' claims. So the magistrate judge denied Plaintiffs' motion to compel (doc. 88). Plaintiffs object to the magistrate judge's ruling (doc. 98).

## DISCUSSION

Plaintiffs raise five objections to the magistrate judge's order denying their motion to compel. The court will address each objection in turn.

### Objection #1: Failure to follow Rule 72(a)

Plaintiffs first object that the magistrate judge didn't meaningfully explain why she denied their motion. "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." *See* Fed. R. Civ. P. 72(a). "The rule calls for a written order of the magistrate's disposition to preserve the record and facilitate review," but "[a]n oral order read into the record by the magistrate will satisfy this requirement." Fed. R. Civ. P. 72, advisory committee note to 1983 amendment, subdiv. (a).

The magistrate judge issued a three-page order that explained that she was denying the motion to compel because the information Plaintiffs seek isn't relevant or proportional to the needs of this case. (*See* Doc. 88). And the order incorporated the reasons the magistrate judge gave for rejecting Plaintiffs' motion "on the record in open court." (*Id.*, p. 2). During the hearing on the motion to compel, the magistrate judge found that "the relevant time frame for discovery is 2017 to present and that the defendant has already provided sufficient information." (Doc. 98-1, p. 37). She also found that communications from 2011 to 2017 aren't proportional to the needs of this case because SPLC has turned over all its raw data on Plaintiffs regardless of when this information was gathered. (*See id.*). As for information SPLC had on other groups, the magistrate judge found that the scope of discovery should be limited to the SPLC's information on King and the Dustin Inman Society and that SPLC's communications or data on other groups weren't relevant to Plaintiffs' defamation claims. (*Id.*, p. 57).

These statements and the magistrate judge's written order provide the court with enough detail to meaningfully review the magistrate judge's ruling. So the court **OVERRULES** this objection and will not, as Plaintiffs suggest, apply a de novo standard of review to the magistrate judge's order. Instead, the court will review the magistrate judge's order to see if it "is clearly erroneous or is contrary to law." *See* Fed. R. Civ. P. 72(a).

**Objection #2: Burden wrongfully placed on Plaintiffs**

Plaintiffs next say that the magistrate judge erred in requiring Plaintiffs to establish the relevance of their discovery requests rather than placing the burden on SPLC to show why its objections to this discovery were valid. "The burden of establishing relevancy may fall either to the party requesting or resisting discovery, depending on the circumstances." *Oirya v. Mando Am. Corp.*, 2020 WL 12991580, at *2 (M.D. Ala. Dec. 18, 2020). "[W]hen relevancy is not apparent, the burden is on the party seeking discovery to show the relevancy of the discovery request." *Id.* But "[w]hen discovery appears relevant on its face," the party resisting discovery must establish "that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1); or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.*

It is not apparent that communications dating back to 2011 would be relevant to the publication of allegedly defamatory statements in 2018, 2019, 2020, or 2021. Nor is it apparent that information or communications about other groups would be relevant to SPLC's statements about King or the Dustin Inman Society. So the magistrate judge correctly placed the burden of establishing relevance on Plaintiffs. And as the court will explain below, even if this burden were flipped, the court would find that the information Plaintiffs seek isn't relevant. So the court **OVERRULES** Plaintiffs' objections about the allocation of the burden on relevancy.

**Objection #3: Timeframe ruling**

Plaintiffs next object to the magistrate judge's finding that the relevant timeframe for SPLC's email communications about Plaintiffs is from 2017 to present. The magistrate judge did not clearly err in making this finding.

Plaintiffs say email communications from 2011 to 2017 are relevant to whether SPLC acted with actual malice when it designated the Dustin Inman Society as a hate group from 2018 to 2021. "Actual malice is a subjective test, requiring the plaintiff to show that the defendant actually entertained serious doubts as to the veracity of the published account, or was highly aware that the account was probably false." *Veritas v. Cable News Network, Inc.*, 121 F.4th 1267, 1283 (11th Cir. 2024) (quotations omitted). And as Plaintiffs point out, "[a]ctual malice can be shown where the publisher is in possession of information that seriously undermines the truth of its story." *Id.* at 1284.

Plaintiffs say that they have a right to examine SPLC's state of mind, motivations, and decision-making process in the years before their designation as a hate group to understand why SPLC changed its position on designating the Dustin Inman Society as a hate group in 2018. But the actual malice "inquiry focuses on the defendant's state of mind at the time of publication." *Hunt v. Liberty Lobby*, 720 F.2d 631, 647 (11th Cir. 1983). So SPLC's state of mind in the years in which it didn't designate the Dustin Inman Society as a hate group aren't relevant to Plaintiffs' defamation claims. And Plaintiffs have in their possession (a) pre-2018 public statements from SPLC saying that it didn't consider the Dustin Inman Society a hate group, and (b) all the raw data SPLC has gathered on the Dustin Inman Society over the years. This raw data, SPLC's decision to not designate the Dustin Inman Society as a hate group until 2018, and SPLC's email communications from 2017 to 2021 is what's relevant to the argument that the hate group designation was part of a legislative lobbying strategy and not because the Dustin Inman Society meets SPLC's definition of a hate group.

Even if the pre-2017 email communications are marginally relevant, the magistrate judge didn't clearly err in finding that production of these emails isn't proportional to the needs of this case. As explained, SPLC has produced all email communications from 2017 onward as well as all the data it has on the Dustin Inman Society in its database regardless of when that data was collected. Since Plaintiffs have the email communications about them from 2017, they can compare those communications to the 2018 to 2021 communications to see if the emails explain why SPLC changed its position on designating the Dustin Inman Society as a hate group. And the raw data

4

in SPLC's database, combined with SPLC's yearly hate group designation decisions, will show whether SPLC was "in possession of information that seriously undermines the truth of its story." *Veritas*, 121 F.4th at 1284. Simply put, Plaintiffs are already in possession of information that will show whether SPLC had a valid reason for changing its position on the Dustin Inman Society, so requiring SPLC to also produce email communications from 2011 to 2017 is unnecessary and not proportional to the needs of this case. Thus, the court **OVERRULES** this objection.

**Objection #4: Communications about other groups**

Plaintiffs next object to the magistrate judge's finding that information about how SPLC applied its editorial processes, including policies and methodologies, to other immigration groups isn't relevant. According to Plaintiffs, this information is directly relevant to determine whether SPLC selectively deviated from its own standards or knowingly applied inconsistent criteria to Plaintiffs.

The magistrate judge did not clearly err in denying Plaintiffs' motion to compel the production of SPLC's communications about other groups. Again, "the actual malice inquiry focuses on Defendants subjective doubts about the truth of the . . . publications at issue." *Klayman v. City Pages*, 2014 WL 5426515, at *3 (M.D. Fla. Oct. 22, 2014). So SPLC's decisions to make or not make statements about other immigration groups is not relevant to the actual malice inquiry. *See Smartmatic USA Corp. v. Lindell*, 2023 WL 4882865, at *8–9 (D. Minn. Aug. 1, 2023) (denying motion to compel defendant's communications about plaintiff's allegedly defamed competitor); *Klayman*, 2014 WL 5426515, at *3 (denying motion to compel evidence about editorial process for "unrelated publications or statements upon which Plaintiff is ***not*** suing").

Plus, as the magistrate judge noted, Plaintiffs' belief that SPLC applied a different methodology to its hate group designation than it applied to other groups' designations is speculative. And Plaintiffs have means other than document production of communications about other groups to determine whether SPLC deviated from its standards to designate them a hate group. For example, Plaintiffs could ask SPLC's witnesses during their depositions if

5

they applied a different standard to Plaintiffs than to other groups. And SPLC has already responded to interrogatories asking SPLC to detail its hate group designation methodology by explaining how its researchers decide and review hate group designations. (*See* Doc. 69-4, pp. 22–23). SPLC has also produced the methodology listed on its website for identifying hate groups and agreed to produce all responsive, non-privileged documents on the hate group designation and redesignations for the Dustin Inman Society. It is not proportional to the needs of this case to allow Plaintiffs to go on a fishing expedition to see if SPLC was secretly applying a different methodology to other immigration groups. So the court **OVERRULES** this objection.

**Objection #5: First Amendment Privilege**

Plaintiffs' final objection is to the magistrate judge's failure to address SPLC's First Amendment privilege assertion to several of their discovery requests. But after the magistrate judge said that she found pre-2017 email communications and communications about other groups irrelevant, the parties informed her that there were no other discovery disputes left to decide. (Doc. 98-1, pp. 58–60). And having determined that the information Plaintiffs sought weren't discoverable under Rule 26(b)(1), the magistrate judge didn't need to decide whether the First Amendment also barred the disclosure of these records. The court thus **OVERRULES** this objection.

## CONCLUSION

For these reasons, the court **OVERRULES** Plaintiffs' objections to the magistrate judge's order denying the motion to compel (doc. 98).

**Done** and **Ordered** on January 31, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

6