IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

| | |
|---|---|
| DONALD A. KING, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 2:22-cv-00207-CLM-JTA |
| THE SOUTHERN POVERTY LAW CENTER, INC., | ) |
| Defendant. | ) |

**DEFENDANT SOUTHERN POVERTY LAW CENTER, INC.'S
RESPONSE TO MOTION TO SUBSTITUTE ESTATE FOR PLAINTIFF**

As directed by the Court on June 12, *see* Dkt. 120, Defendant Southern Poverty Law Center, Inc. ("SPLC"), by and through counsel, hereby submits this Response to the Motion to Substitute Estate for Plaintiff, Dkt. 119 (the "Motion"), filed by Sue Lanier King as the Personal Representative of the Estate of Donald A. King. For the reasons stated below, SPLC does not object to the Motion to the extent that this Court concludes, as SPLC has argued, that Georgia law governs the defamation claim in this case:

1. There is a conflict of law between the laws of Alabama and Georgia as to the survivability of a defamation claim. Under Alabama law, a defamation claim does not survive the death of a plaintiff. *See* Ala. Code. § 6-5-462 ("[A]ll personal claims upon which an action has been filed, *except for injuries to the reputation*,

survive in favor of and against personal representatives." (emphasis added)); *Daugherty v. Mut. Life Ins. Co. of N.Y.*, 649 So. 2d 857, 857 (Ala. 1994) ("Thus, if a plaintiff dies, a pending action for 'injuries to the reputation' is extinguished." (quoting Ala. Code. § 6-5-462)). Under Georgia law, in contrast, a defamation claim survives the death of the plaintiff. *See* Ga. Code Ann. § 9-2-41 ("No action for a tort shall abate by the death of either party, where the wrongdoer received any benefit from the tort complained of . . . ."); *Johnson v. Bradstreet Co.*, 13 S.E. 250, 250, 252 (Ga. 1891) (concluding that a libel claim does not abate with the death of the plaintiff and the deceased plaintiff's representative may proceed with the claim); *Saari v. Gillett Commc'ns of Atlanta, Inc.*, 393 S.E.2d 736, 737 (Ga. Ct. App. 1990) (explaining that *Johnson* "held that where a living person had brought an action for libel and then died while the action was pending, the action did not abate but survived to his representative").

2. In federal actions premised on diversity jurisdiction, as here, the Court applies the choice-of-law rules of the home state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Johnson v. BPS Direct, LLC*, 2020 U.S. Dist. LEXIS 204039, at *3 (N.D. Ala. Nov. 2, 2020) (Maze, J.). "In tort cases like this, Alabama looks to the place of the injury (*lex loci delicti*) to determine substantive rights, and the place of the forum (*lex fori*) to determine procedural rights." *Id.* (citing *Middleton v. Caterpillar Indus., Inc.* 979 So. 2d 53, 57 (Ala. 2007)).

3. The survivability of a claim represents a substantive question of law in Alabama. *State Farm Mut. Auto. Ins. Co. v. Bennett*, 974 So. 2d 959, 963 (Ala. 2007) ("[T]he application of a survival statute affects substantive rights, not mere procedural requirements."). As a federal court in Alabama has therefore explained: "Rule 25(a) is a procedural rule only; therefore, the determination of whether a claim survives death is a function of the substantive law governing the claims and defenses in the action." *Ball v. Brown*, 2019 U.S. Dist. LEXIS 191683, at *7-8 (N.D. Ala. Nov. 5, 2019).

4. Under the relevant *lex loci delicti* analysis for torts, "the place of injury is in the state where the 'fact which created the right to sue' occurs." *Ex parte U.S. Bank Nat'l Ass'n*, 148 So. 3d 1060, 1070 (Ala. 2014); *see also id*. (noting that Alabama follows the Restatement (First) of Conflicts view that the place of harm is "the state where the last event necessary to make an actor liable for an alleged tort takes place").

5. As set forth in SPLC's s summary judgment briefing, under such an analysis Georgia law governs the substantive claims in this case. Dkt. 116 at 17-18. Although Alabama courts have not specifically addressed choice-of-law in claims in the context of internet publications, the primary place of injury in a defamation case is generally considered to be the domicile or primary place of business of the plaintiff – here, as to both Plaintiffs, Georgia. Restatement (Second) of Conflict of Laws

§ 150(2)-(3); *see also, e.g.*, *Donald J. Trump for President, Inc. v. CNN*, 500 F. Supp. 3d 1349, 1354 (N.D. Ga. 2020) (applying Georgia's *lex loci delicti* analysis for tort actions to find that the place of injury in a defamation case is where the plaintiff is domiciled because "the plaintiff suffered injury to his reputation where he was located"); *cf. Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*, 406 F. Supp. 3d 1258, 1269 n.2 (M.D. Ala. 2019) (although SPLC did not challenge application of Alabama law, noting that Alabama's choice of law rules "might actually dictate the application of Florida defamation law to this multi-state defamation action, given that [plaintiff] is a Florida corporation with its principal place of business there"), *aff'd*, 6 F.4th 1247 (11th Cir. 2021). As one court summarized, "[t]he vast majority of [*lex loci delecti* jurisdictions] look to the law of the jurisdiction where the plaintiff suffered the greatest injury" and "that district is usually the one in which the plaintiff was domiciled." *Hatfill v. Foster*, 415 F. Supp. 2d 353, 364 (S.D.N.Y. 2006).

6. To the extent that the Court concludes that Georgia rather than Alabama law applies to the defamation claims in this case, therefore, SPLC does not oppose the substitution of the Estate of Donald A. King as a plaintiff.

4

Dated: June 20, 2025            Respectfully submitted,

/s/ *Chad R. Bowman*
Chad R. Bowman (*pro hac vice*)
Maxwell S. Mishkin (*pro hac vice*)
Lauren P. Russell (*pro hac vice*)
BALLARD SPAHR LLP
1909 K Street NW, 12th Floor
Washington, DC 20006
Telephone: 202-661-2200
Facsimile: 202-661-2299
Email: bowmanchad@ballardspahr.com
Email: mishkinm@ballardspahr.com
Email: russelll@ballardspahr.com

Robert D. Segall [ASB-7354-E68R]
Shannon L. Holliday [ASB-5440-Y77S]
COPELAND, FRANCO, SCREWS
& GILL, P.A.
Post Office Box 347
Montgomery, AL 36101-0347
Telephone: 334-834-1180
Facsimile: 334-834-3172
Email: segall@copelandfranco.com
Email: holliday@copelandfranco.com

**Attorneys for Defendant**
**Southern Poverty Law Center, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2025, I caused a copy of the foregoing to be filed using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Chad R. Bowman*
Chad R. Bowman
